1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2    Including Professional Corporations
   JOHN A. YACOVELLE, Cal. Bar No. 131781
3       jyacovelle@sheppardmullin.com
   MARISA B. MILLER, Cal. Bar No. 270860
4       mmiller@sheppardmullin.com
   KRISTIN P. HOUSH, Cal. Bar No. 286651
5       khoush@sheppardmullin.com
   12275 El Camino Real, Suite 200
6  San Diego, California 92130-4092
   Telephone:   858.720.8900
7  Facsimile:   858.509.3691

8  Attorneys for Defendants
   CALIFORNIA EXTRACTION
9  VENTURES, INC.; STEPHEN COREY

10              UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12

13  JAVO BEVERAGE CO., INC.,              | Case No. 3:19-CV-01859-CAB-WVG

14            Plaintiff,                  | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY'S *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY AND CONTINUANCE OF HEARING AND ATTENDANT BRIEFING DEADLINES FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

15       v.

16  CALIFORNIA EXTRACTION
   VENTURES, INC. AND STEPHEN
17  COREY,

18            Defendants.

19

20                                        *[Ex Parte Application and Declaration of Marisa Miller filed concurrently herewith]*

21

22                                        Complaint Filed:   September 26, 2019
23                                        Trial Date:            TBD

24

25

26

27

28

## I.  **INTRODUCTION**

This *ex parte* application for expedited discovery (the "Application") is necessary because Plaintiff Javo Beverage Co., Inc. ("Javo") is seeking sweeping injunctive relief – relief that would effectively shut down the business operations of Defendants Stephen Corey and California Extraction Ventures ("CEV") (together, "Defendants") – based on unsupported statements in three witness declarations, filled with hearsay and other references to inadmissible evidence.  (Doc. No. 20.) Compounding the problem, Javo has reserved the right to raise "new evidence" and "expand the scope of requested injunctive relief" in its reply and during oral argument.  (Doc. No. 21 at 2:8-12; Doc. No. 20-1 at 25:24-25.)  Defendants have met and conferred with Javo regarding Defendants' limited discovery requests and sent Javo draft requests for production and a draft deposition notice for Javo's consideration.  (Miller Decl. ¶¶ 4-7.)[1]  Javo has indicated that it will oppose any request Defendants make to this Court to take discovery in connection with their opposition to Javo's Motion for Preliminary Injunction (the "Motion").  (*Id.* at ¶ 7.)

Defendants make this request on an *ex parte* basis because of the accelerated schedule created by Javo's Motion.  (Miller Decl. ¶ 8.)  Defendants' opposition is due on December 9, 2019, in two short weeks.  (Doc. No. 23, 11/15/2019 Order.) Defendants filed this Application as soon as possible, after reviewing and analyzing Javo's Motion, preparing the discovery they seek, and meeting and conferring with Javo.  (Miller Decl. ¶ 8.)  Defendants will suffer irreparable harm but for *ex parte* relief, which will force Defendants to oppose Javo's Motion on a far-from-complete evidentiary record.  (*Id.*)

The limited discovery that Defendants are requesting in this Application is reasonable and narrowly-tailored, crafted to specifically address the scope of Javo's

---

[1] All references to "Miller Decl." are to the Declaration of Marisa Miller, filed concurrently herewith.

1   Motion rather than reach the level of full-blown merits discovery.[2]  The proposed

2   requests and deposition will enable Defendants to test Javo's claims that its

3   extraction process is a trade secret, that Javo had measures in place to maintain its

4   secrecy, and that Defendants misappropriated it.  Even if Javo's alleged extraction

5   process constitutes a trade secret, which has not yet been determined by this Court,

6   the processes that are the subject of CEV's patents (and pending patent applications)

7   were invented by Mr. Corey **<u>after</u>** his relationship with Plaintiff was terminated over

8   eight years ago.

9           In addition, Defendants should be permitted to take discovery related to

10   Javo's response to Defendants' statute of limitations defense.  Defendants have a

11   Motion to Dismiss pending based on the statute of limitations.  In a thinly-veiled

12   effort to add to its opposition to Defendants' Motion to Dismiss, Javo claims in the

13   instant Motion that it suddenly "discovered" Defendants' publicly available patent

14   applications and patents during an alleged sales process and lost potential buyers

15   because of these applications.  Javo claims that it was not aware of the patent

16   applications at issue, published on September 22, 2016, until May, 2019, when the

17   sales process was well underway, and accordingly, the statute of limitations was not

18   triggered until this discovery.  Javo alleges that knowledge of the publication date of

19   the patent applications should not be imputed to it because it did not monitor patent

20   filings relating to coffee extraction, and so did not know that Mr. Corey had

21   obtained patents and assigned them to CEV.  At the same time, Javo claims that its

22   allegedly "proprietary" coffee extraction process is the core of its business and what

23   sets it apart from competitors.  Defendants should be permitted to take discovery

24   related to these allegations, only supported by conclusory statements in declarations,

25   because it is Javo's main retort to Defendants' statute of limitations defense and thus

26

27

28   [2] Notably, Defendants are not seeking the individual depositions of all three
declarants in order to reduce any alleged "burden" on Javo.

SMRH:4832-1305-1566.1

1  bears directly on its ability to prove a likelihood of success, a critical component of
2  its Motion.

3  The results of Defendants' requested early discovery will assist Defendants in
4  proving that Plaintiff's pending Motion should be denied and that this lawsuit is
5  nothing more than an attempt to confiscate Plaintiff's budding competitor's
6  intellectual property and drive it out of business via expensive, abusive litigation.
7  The dire implications for Defendants' business if the Motion is granted demand that
8  Defendants marshal all arguments at their disposal.  Accordingly, Defendants must
9  be permitted to take immediate discovery and present evidence in opposition to the
10 Motion to demonstrate that the alleged factual bases for Plaintiff's claims do not
11 hold water.  If the requested relief is denied, Defendants will be precluded from
12 developing and presenting evidence to counter a required element of Plaintiff's
13 request for preliminary injunctive relief – that Plaintiff is likely to succeed on the
14 merits.  Accordingly, Defendants should be granted immediate leave to pursue
15 targeted discovery (*see* Miller Decl., Ex. 3).

16 The hearing date is currently scheduled for January 3, 2020, with Defendants'
17 opposition due on December 9, 2019 and Javo's reply due on December 16, 2019.
18 In order to allow Defendants to take expedited discovery and incorporate it into their
19 opposition, Defendants respectfully request that the hearing be continued at least 30
20 days, with the remaining briefing to be completed per the Federal Rules of Civil
21 Procedure.  This brief continuance will not prejudice Javo, the self-proclaimed
22 purported leader in coffee extraction, who has already waited nearly six months
23 since it initially allegedly discovered the patent applications at issue to file its
24 Motion.

25 As stated above, Defendants have met and conferred with Javo but could not
26 come to an agreement on these issues.  Accordingly, Defendants were forced to file
27 the instant Application.

28

-4-                    Case No. 3:19-CV-01859-CAB-WVG

SMRH:4832-1305-1566.1

## II.    SUMMARY OF THE PARTIES' OPPOSING CONTENTIONS AND DEFENDANTS' REQUESTED DISCOVERY

Javo alleges that it developed a proprietary coffee extraction process that "includes, among other things, introducing purified, deionized water within particular temperature and pressure ranges into a proprietary columnar extraction vessel containing an extractable material (e.g., roasted coffee) that has been ground into multiple particle sizes and specially packed into the vessel into which deionized water is introduced, eventually resulting in a pure, concentrated extract flowing from the top of the vessel." (Motion, 3:21-27 citing Complaint, ¶ 14.) Javo further contends that its co-founder and former employee, defendant Corey, "began to apply for U.S. patents broadly disclosing and claiming rights in the core aspects of [Plaintiff's] highly valuable trade secrets and confidential information" in 2015 and that Mr. Corey subsequently obtained seven issued patents disclosing Plaintiff's confidential proprietary extraction process. (*Id*. at 6:7-25.) Mr. Corey then assigned these patents to defendant CEV. (*Id*.) These allegations are central to each of Plaintiff's claims in this lawsuit.

As detailed in Mr. Corey and CEV's Motion to Dismiss (Doc. No. 7, which is presently under submission to the Court), Javo's claims are, among other things, time-barred. But apart from the fact that Plaintiff's claims are barred as a matter of law, they are also based on the false premise that Javo's supposedly proprietary extraction process is, in fact, a trade secret. The success of Javo's pending Motion for Preliminary Injunction requires Plaintiff to show that its claims are "likely to succeed on the merits," which in turn depends on Plaintiff's ability to prove that its supposedly proprietary extraction process is, in fact, a trade secret and that Defendants' patent applications and patents constitute a misappropriation of that trade secret. (*See* Motion, 13:7-11 and 13-19:21-21.) Accordingly, Defendants seek to pursue the following targeted discovery to gather evidence to present in opposition to Plaintiff's Motion for Preliminary Injunction:

SMRH:4832-1305-1566.1

(1) seven Requests for Production seeking documents concerning the identification of Javo's alleged proprietary extraction method as a trade secret, Javo's efforts to maintain the secrecy of these alleged trade secrets, Mr. Corey's research and development while employed by Javo, and Javo's alleged discovery of the patent filings in May, 2019 (Miller Decl., Ex. 3); and

(2) a deposition of Javo pursuant to Federal Rule of Civil Procedure 30(b)(6) on the following three topics: Javo's trade secrets, including but not limited to identifying those trade secrets with particularity, how Defendants misappropriated the trade secrets and Mr. Corey's alleged research and development at Javo relating to those trade secrets, Javo's efforts to maintain the secrecy of those trade secrets, and Javo's alleged discovery of patent filings in May, 2019 (Miller Decl., Ex. 3).[3]

## III.   <u>LEGAL STANDARD</u>

Generally, a party may not initiate discovery before the parties have satisfied the meet and confer requirement of Federal Rule of Civil Procedure 26(f ).  A court may, however, authorize earlier discovery where the requesting party demonstrates good cause.  *See Semitool, Inc. v. Tokyo Electon Am., Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002); *United States v. Distribuidora Batiz CGH, S.A. De C.V.*, No. 07-cv-370-WQH-JMA, 2009 WL 2487971, at *10 (S.D. Cal. Aug. 10, 2009). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Satmodo, LLC v. Whenever Commc'ns, LLC*, No. 3:17-cv-192-AJB-NLS, 2017 WL 4557214, at *3 (S.D. Cal. Oct. 12, 2017) (internal quotation marks omitted).

One of the factors that courts in the Ninth Circuit consider when analyzing requests for expedited discovery at this early stage in the litigation is whether a preliminary injunction motion is pending.  *See American Legalnet, Inc. v. Davis*,

---

[3] Defendants seek this deposition without prejudice to its right to take an additional 30(b)(6) deposition of Plaintiff on different topics during the course of regular discovery.

673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009). Courts also consider the additional following non-exclusive factors to determine whether good cause exists for granting such a request: (1) the breadth of the requests; (2) the purposes for requesting the expedited discovery; (3) the burden on the responding party to comply with the requests; and (4) how far in advance of the typical discovery process the request was made. *Id.* When the balance of these factors tilts in favor of expedited discovery, courts grant such requests. *See, e.g., Rovio Entertainment Ltd v. Royal Plush Toys, Inc.*, No: C 12-5543 SBA, 2012 WL 5936214 at *15 (N.D. Cal. Nov. 27, 2012) (ordering expedited discovery and responses in 14 days).

Under the foregoing standard, Defendants' narrow request for expedited discovery is reasonable and supported by good cause.

## IV. ARGUMENT

### A. Defendants' Application for Expedited Discovery Should Be Granted.

"Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996). Moreover, expedited discovery may "better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Philadelphia Newspapers, Inc. v. Gannett Satellite Information*, No. CIV.A.98–CV–2782, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998). To be sure, expedited discovery is not automatically granted merely because a party seeks a preliminary injunction. *Am. Legalnet*, 673 F. Supp. 2d at 1066. Instead, in deciding whether to grant a request for expedited discovery to prepare for a preliminary injunction hearing, the court examines the reasonableness of the application in light of all the surrounding circumstances. *Id.* at 1067.

In this case, Defendants' request for expedited discovery is reasonable given the far-reaching relief that Javo seeks, particularly at this early stage of litigation,

and the dire consequences that will result if Javo's pending Motion for Preliminary Injunction is granted. The patents at issue in this case are the very foundation of Defendants' business. Javo's prayed-for injunctive relief would prevent Defendants from utilizing their patented (or patent pending) processes in **any** respect. (*See* Motion, 2:12-23.) Accordingly, Javo is effectively seeking to put Defendant out of business at the preliminary stage of these proceedings. Moreover, in opposing expedited discovery, Javo seeks to hinder Defendants' ability to present evidence (and the Court's ability to consider an adequate evidentiary record) concerning the "likelihood of success on the merits" prong of the preliminary injunction analysis. Notably, Javo has attempted to support its motion with three declarations of witnesses, based in large part on inadmissible evidence. What little purported "evidence" Plaintiff has submitted comes from its own files, to which Defendants have no access. Moreover, Javo reserved the right to "expand the scope of requested injunctive relief" in its reply and during oral argument. (Doc. No. 21 at 2:8-12; Doc. No. 20-1 at 25:24-25.)

Given the sweeping injunctive relief sought, Defendants' limited discovery requests – consisting of a mere seven Requests for Production and three 30(b)(6) deposition topics focused narrowly on Plaintiff's allegations that its coffee extraction process is proprietary, has been maintained as a trade secret, and its alleged discovery of the patent applications – are eminently reasonable. Defendants are only seeking discovery Javo should have readily available, given the claims made in its Motion. The plaintiff in a trade secret misappropriation case "must identify the trade secrets and carry the burden of showing that they exist." *MAI Sys. Corp. v. Peak Computer*, 991 F.2d 511, 522 (9th Cir. 1993). Thus, to the extent Plaintiff has made its allegations in good faith, the requested documents should not be difficult to compile and produce, nor should it be difficult for Javo to produce 30(b)(6) witnesses to testify comprehensively concerning the specified, limited topics. But to the extent Plaintiff is pursuing this lawsuit without a legitimate claim

to trade secret protection, Defendants should be allowed limited, expedited discovery so that it can present adequate evidence to expose that illegitimacy in opposition to Plaintiff's Motion for Preliminary Injunction.

**B.   Defendants' Application For A Brief, Reasonable Continuance Of The Motion for Preliminary Injunction's Hearing (And Attendant Briefing Dates) Should Be Granted.**

"Rule 65(a) … implies a [preliminary injunction] hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 US 423, 432, n.7 (1974).

In this case, the expedited discovery sought via this Application would be pointless if Defendants were not afforded sufficient time to receive and analyze the requested documents, take Javo's 30(b)(6) deposition, and incorporate the results of the discovery into their opposition to Plaintiff's Motion for Preliminary Injunction. Accordingly, the Motion hearing should be continued at least 30 days, with briefing set pursuant to the Federal Rules of Civil Procedure (14 days prior to the hearing for the opposition and 7 days for Javo's reply).  Notably, the Motion was filed 11 days ago, on November 14, 2019 – seven weeks after Plaintiff filed this lawsuit and **at least five months** after Javo alleges that it became aware of its claims.  Javo's delay in seeking preliminary injunctive relief belies any claim it might make that it would be prejudiced by this brief continuance of the hearing.

**V.   CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their *ex parte* application and (a) grant them leave to pursue the specified early discovery and (b) at least a thirty-day continuance of the hearing for Plaintiff's pending motion for preliminary injunction (or as soon thereafter as the Court's schedule permits) and corresponding continuances of the attendant briefing deadlines (14 days prior to the hearing for the opposition and 7 days for the reply).

SMRH:4832-1305-1566.1

1 | Dated:  November 25, 2019

2

3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4

5  By   _____
                    */s/ John A. Yacovelle*
6                   JOHN A. YACOVELLE
                    MARISA B. MILLER
7                   KRISTIN P. HOUSH

8  Attorneys for Defendants
   CALIFORNIA EXTRACTION
9  VENTURES, INC. AND STEPHEN COREY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4832-1305-1566.1