SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
     jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
     mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
     khoush@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691

Attorneys for Defendants
CALIFORNIA EXTRACTION
VENTURES, INC.; STEPHEN COREY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY,<br><br>       Defendants. | Case No. 3:19-CV-01859-CAB-WVG<br><br>**DECLARATION OF MARISA MILLER IN SUPPORT OF DEFENDANTS CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY'S *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY AND CONTINUANCE OF HEARING AND ATTENDANT BRIEFING DEADLINES FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>*[Ex Parte Application and Memorandum of Points & Authorities filed concurrently herewith]*<br><br>Complaint Filed:  September 26, 2019<br>Trial Date:       TBD |

Case No. 3:19-CV-01859-CAB-WVG

SMRH:4838-5687-7998.1

<u>DECLARATION OF MARISA B. MILLER</u>

I, Marisa B. Miller, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendants CALIFORNIA EXTRACTION VENTURES, INC. and STEPHEN COREY (together "Defendants").

2.      If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3.      This declaration is submitted in support of Defendants *Ex Parte* Application for Expedited Discovery and Continuance of Hearing and Attendant Briefing Deadlines for Plaintiff's Motion for Preliminary Injunction (the "Application").

4.      On November 21, 2019, I sent a letter to counsel for plaintiff Javo Beverage Co., Inc. ("Javo"), Steven Strauss and Erin Trenda, stating, among other things, that Defendants intended to file the Application and seeking to meet and confer with Javo's counsel concerning the scope of early discovery on the issues raised in Javo's pending Motion for Preliminary Injunction and a continuance of the Motion hearing to allow for that discovery to be taken.  A true and correct copy of my letter is attached hereto as Exhibit 1.

5.      On November 22, 2019, Javo's counsel, Erin Trenda, sent me a letter stating that Javo would not consent to early discovery or a continuance of the Motion hearing.  A true and correct copy of Ms. Trenda's letter is attached hereto as Exhibit 2.

6.      On November 25, 2019, John Yacovelle and I spoke to Ms. Trenda and Alex Miller via telephone to meet and confer regarding the Application, the scope of Defendants' proposed early discovery, and Defendants' proposed continuance of the Motion hearing.  Shortly thereafter, I sent Ms. Trenda an e-mail

1 | attaching Defendants' proposed Requests for Production and proposed 30(b)(6)
2 | Deposition Notice to Javo. A true and correct copy of my e-mail with the attached
3 | Requests for Production and Deposition Notice is attached hereto as Exhibit 3.

4 |       7.    Approximately one hour and twenty-five minutes later, I
5 | received an e-mail from Ms. Trenda stating that Javo would oppose the Application.
6 | A true and correct copy of Ms. Trenda's e-mail is attached hereto as Exhibit 4.

7 |       8.    Defendants are making their request for expedited discovery on
8 | an *ex parte* basis because of the accelerated schedule created by Javo's Motion for
9 | Preliminary Injunction. Defendants filed this Application as soon as possible, after
10 | reviewing and analyzing Javo's Motion, preparing the discovery they seek, and
11 | meeting and conferring with Javo. Defendants will suffer irreparable harm but for
12 | *ex parte* relief, which will force Defendants to oppose Javo's Motion on an
13 | inadequate evidentiary record.

14 |       I declare under penalty of perjury under the laws of the United States of
15 | America that the foregoing is true and correct.

16 |       Executed on this 25th day of November, 2019, at San Diego,
17 | California.

18 |
19 |
20 |       Marisa B. Miller
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

# INDEX OF EXHBITS

| EXHIBIT | DESCRIPTION | PAGE(S) |
|---|---|---|
| 1 | November 21, 2019 correspondence to counsel for plaintiff Javo Beverage Co., Inc. Steven Strauss and Erin Trenda. | 5-18 |
| 2 | November 22, 2019 correspondence from Javo's counsel, Erin Trenda. | 19-21 |
| 3 | November 25, 2019 email from Ms. Miller to Ms. Trenda attaching Defendants' proposed Requests for Production and proposed 30(b)(6) Deposition Notice to Javo. | 22-35 |
| 4 | November 25, 2019 email from Ms. Trenda to Ms. Miller stating that Javo would oppose the Application. | 36-40 |

SMRH:4838-5687-7998.1

# EXHIBIT 1

# EXHIBIT 1

# SheppardMullin

Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego  CA 92130-2006
858.720.8900 main
858.509 3691 main fax
www.sheppardmullin.com

858.720.7482 direct
mmiller@sheppardmullin.com

File Number:  48ZN-301430

November 21, 2019

**VIA ELECTRONIC MAIL - SMS@COOLEY.COM; ETRENDA@COOLEY.COM**

Steven M. Strauss, Esq.
Erin C. Trenda, Esq.
COOLEY LLP
4402 Eastgate Mall
San Diego, CA  92121

Re:   *Javo Beverage Co., Inc. v. California Extraction Ventures, Inc., et al.*
      U.S.D.C., Southern District Case No. 3:19-CV-01859-CAB-WVG

Dear Steve and Erin:

I write to address a number of related issues in the district court litigation.  First, there is an obvious need for a protective order in this case.  We have taken the liberty of putting one together and have enclosed a draft for your review and comment.  We look forward to working with you to arrive at mutually agreeable terms.  We expect that this protective order will alleviate the need for the overly restrictive, burdensome, and unnecessary limitations that Javo has requested that this Court impose on information that Javo has deemed "highly confidential."  To address Javo's concerns regarding the dissemination of confidential information, we have included in the draft protective order the added measure of a certificate that must be signed by anyone reviewing confidential materials in this case.  However, we have omitted the attorneys' eyes only designation, which we do not believe is a reasonable measure, particularly given the allegations at issue here.  For example, Javo has alleged that Mr. Corey and CEV are already aware of Javo's purported trade secrets and are liable for publishing them in patent applications. It defies logic for Javo to then insist that Mr. Corey and CEV must be prohibited from reviewing the very information Javo alleges that they misappropriated.  The absurd result of Javo's position is that Mr. Corey cannot review communications and documents that he authored, which Javo submitted in support of its preliminary injunction motion.  Certainly, any concern that Javo has regarding the confidential nature of its information can be addressed by a protective order, and there is no need to prevent Mr. Corey and CEV from reviewing material that Javo alleges they already have in their possession or that Mr. Corey himself authored.

Second, Jesse Salen is a key member of Mr. Corey's and Javo's litigation team.  While Javo speculated that Mr. Salen had prosecuted the patents and patent applications at issue in this case, we can confirm that he had no involvement in the prosecution of the patent suite. Accordingly, Mr. Salen should be allowed to review any information that Javo filed under seal. Please confirm your agreement in writing as soon as possible, but no later than close of business on November 22, 2019.

# SheppardMullin

Steven M. Strauss, Esq.
Erin C. Trenda, Esq.
November 21, 2019
Page 2

Third, we intend to file a motion for expedited discovery in connection with preparing our opposition to Javo's motion for preliminary injunction. In advance of that filing, we would like to meet and confer with you to explore areas of potential agreement, if any. As you might imagine, we have a long list of requests for production (e.g., documents and communications regarding the potential sale of Javo, Javo's alleged confidentiality agreements, communications with potential acquirors regarding the CEV patent family, letters of interest from potential acquirors, Mr. Corey's research logs, etc.), notices of depositions (e.g., Brad Petersmeyer, Gerry Anderson, Dennis Riley, Javo 30(b)(6) regarding discovery of patent applications, sales process, efforts to maintain secrecy, and independent economic value of the alleged trade secrets, etc.), and third party subpoenas (e.g., alleged potential acquirors), that we plan to serve. Even with an expedited schedule, we anticipate that obtaining this discovery and preparing our opposition will take, at a minimum, three months. As a result, along with our discovery motion, we will be asking the Court for a continuance of the hearing to April 3, 2020, subject to the Court's availability.

Given the compressed schedule that Javo has created with its motion, we ask that you give these matters your immediate attention. Please get back to us by no later than November 22, 2019.

Very truly yours,

Marisa B. Miller
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4832-0339-9597.2

1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | Case No. 3:19-CV-01859-CAB-WVG |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, | The Hon. William V. Gallo |
| Defendants. | Complaint Filed:   September 26, 2019<br>Trial Date:          TBD |

The Court recognizes that at least some of the documents and information ("Materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such Materials as much as practical during the litigation.

THEREFORE:

Case 3:19-cv-01859-CAB-WVG   Document 26-2   Filed 11/25/19   PageID.1079   Page 9 of 40

## DEFINITIONS

1.     The term "Confidential Information" will mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.     The term "Materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.     The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and support staff employed in their respective law firms, as well as in-house counsel for the parties, including but not limited to:

| Counsel for Plaintiff: Javo Beverage Co., Inc. | Counsel for Defendants: California Extraction Venture, Inc. and Stephen Corey |
|---|---|
| Steven M. Strauss, Esq.<br>Erin C. Trenda, Esq.<br>Alexander R. Miller, Esq.<br>COOLEY LLP<br>4401 Eastgate Mall<br>San Diego, CA  92121<br><br>Jeffrey Karr, Esq.<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | John A. Yacovelle, Esq.<br>Marisa B. Miller, Esq.<br>Kristin P. Housh, Esq.<br>Sean Mann-O'Halloran, Esq.<br>SHEPPARD, MULLIN, RICHTER<br>& HAMPTON LLP<br>12275 El Camino Real, Suite 200<br>San Diego, CA  92130-4092 |

## GENERAL RULES

4.     Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."  Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

5.     The producing party must mark the Materials it is producing which contain Confidential Information with the appropriate confidentiality marking. In the event the producing party elects to produce Materials for an in-person inspection (as opposed to transmitting the documents to the receiving party), no marking need be made by the producing party in advance of the in-person inspection. For purposes of the in-person inspection, all Materials produced will be considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

6.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.     the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after

1   receipt of the deposition transcript to inform the other party or parties to the action

2   of the portions of the transcript to be designated "CONFIDENTIAL."

3       b.      the disclosing party will have the right to exclude from attendance at

4   the deposition, during such time as the Confidential Information is to be disclosed,

5   any person other than the deponent, Counsel (including their staff and associates),

6   the court reporter, the videographer, a named party or representatives of a named

7   party to this litigation (provided that they have signed Exhibit A as described in

8   paragraph 8 below), and independent experts (provided that they have signed

9   Exhibit A as described in paragraph 8 below); and

10      c.      the originals of the deposition transcripts and all copies of the

11  deposition must bear the legend "CONFIDENTIAL," and the original or any copy

12  ultimately presented to a court for filing may not be filed unless it can be

13  accomplished under seal, identified as being subject to this Order, and protected

14  from being opened except by order of this Court.

15      7.      All Confidential Information designated as "CONFIDENTIAL" may

16  not be disclosed by the receiving party to anyone other than those persons

17  designated within this Order and must be handled in the manner set forth below and,

18  in any event, may not be used for any purpose other than in connection with this

19  litigation, unless and until such designation is removed either by agreement of the

20  parties, or by order of the Court.

21      8.      Information designated "CONFIDENTIAL" may be viewed only by

22  Counsel (as defined in paragraph 3) of the receiving party, by the judge and/or trier

23  of fact before whom this litigation is pending and, if necessary an appellate court,

24  and the court personnel, by court reporters, and by the additional individuals listed

25  below, provided each such individual has read this Order in advance of disclosure

26  and has agreed in writing to be bound by its terms by executing a copy of the form

27  attached hereto as Exhibit A:

28

SMRH:4848-9595-2557.3                                    Case No. 3:19-cv-01859-CAB-WVG

a)  The named parties to this litigation, including officers, directors, and employees of a party who are assisting its Counsel, as reasonably necessary for the conduct of this litigation;

b)  Independent experts (either consulting or testifying) retained by Counsel for a party;

c)  Non-technical jury or trial consulting services retained by Counsel for a party;

d)  Neutral evaluators, mediators, arbitrators, referees, or other neutrals assigned to the case by the Court or retained by mutual agreement of the parties; and

e)  Professional vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

9.   With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document (or within its accompanying metadata) to be its originator, author or a recipient of a copy of the document independent of this litigation, may be shown the same.

10.   All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

11.   Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any

SMRH:4848-9595-2557.3

purpose, the party seeking to file such material must seek permission of the Court to file the material under seal pursuant to Judge Bencivengo's Chambers Rule V.

12.   No document shall be filed under seal unless Counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

13.   At any stage of these proceedings, any party may object to a designation of the Materials as "CONFIDENTIAL." The party objecting to confidentiality must notify, in writing, Counsel for the designating party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue must be treated as "CONFIDENTIAL," as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.   All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights

SMRH:4848-9595-2557.3

1    and remedies of the other parties, make every effort to prevent further disclosure by

2    the party and by the person(s) receiving the unauthorized disclosure.

3         15.    No party will be responsible to another party for disclosure of

4    Confidential Information under this Order if the information in question is not

5    labeled or otherwise identified as such in accordance with this Order.

6         16.    If a party, through inadvertence, produces any Confidential Information

7    without labeling or marking or otherwise designating it as such in accordance with

8    this Order, the designating party may give written notice to the receiving party that

9    the document or thing produced is deemed Confidential Information, and that the

10   document or thing produced should be treated as such in accordance with that

11   designation under this Order.  The receiving party must treat the Materials as

12   confidential, once the designating party so notifies the receiving party.  If the

13   receiving party has disclosed the Materials before receiving the designation, the

14   receiving party must notify the designating party in writing of each such disclosure.

15   Counsel for the parties will agree on a mutually acceptable manner of labeling or

16   marking the inadvertently produced Materials as "CONFIDENTIAL" - SUBJECT

17   TO PROTECTIVE ORDER.

18        17.    Nothing within this Order will prejudice the right of any party to object

19   to the production of any discovery material on the grounds that the material is

20   protected as privileged or as attorney work product.

21        18.    Nothing in this Order will bar Counsel from rendering advice to their

22   clients with respect to this litigation and, in the course thereof, relying upon any

23   information designated as Confidential Information, provided that the contents of

24   the information may not be disclosed.

25        19.    This Order will be without prejudice to the right of any party to oppose

26   production of any information for lack of relevance or any other ground other than

27   the mere presence of Confidential Information. The existence of this Order may not

28

be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court. Prior to any such disclosure pursuant to a court order (other than an order from the Court in this action), the receiving party required by the court order to disclose the information shall provide ten (10) days' notice to the producing party who provided the Confidential Information and shall identify and provide copies of the Confidential Information required to be produced by the court order to the producing party who provided such information. If the court order is such that ten (10) days' notice is not possible, then the receiving party required to make the disclosure shall provide the earliest practicable notice to the producing party.

21. Within forty-five (45) days of the final termination of this action, including any and all appeals, Counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public

knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

24.     Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work product-protected document in discovery in this action, without more, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  Nothing in this Order will prejudice the right of any party to challenge or dispute any claim of privilege with respect to such documents.

25.     Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

26.     This Order may be modified by agreement of the parties, subject to approval by the Court.

27.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this _____ day of _____, _____.

_____
JUDGE, UNITED STATES DISTRICT COURT

1 | Submitted by:

2

3 | Steven M. Strauss, Esq.     John A. Yacovelle, Esq.
    Erin C. Trenda, Esq.        Marisa B. Miller, Esq.
4 | Alexander R. Miller, Esq.   Kristin P. Housh, Esq.
    COOLEY LLP                  SHEPPARD, MULLIN, RICHTER
5 | 4401 Eastgate Mall            & HAMPTON LLP
    San Diego, CA  92121        12275 El Camino Real, Suite 200
6 |                             San Diego, CA  92130-4092
    Jeffrey Karr, Esq.
7 | COOLEY LLP                  *Attorneys for Defendants,*
    3175 Hanover Street         *California Extraction Ventures, Inc.*
8 | Palo Alto, CA  94304        *and Stephen Corey*

9 | *Attorneys for Plaintiff,*
    *Javo Beverage Co., Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4848-9595-2557.3                    Case No. 3:19-cv-01859-CAB-WVG

## EXHIBIT A

## AGREEMENT RE:  PROTECTIVE ORDER

1.    I am aware that a Protective Order dated _____, 2019, has been entered by the United States District Court for the Southern District of California, in the court action captioned *Javo Beverage Co., Inc. v. California Extraction Ventures, Inc., et al.*, Case No. 3:19-cv-01859 CAB WVG. I have been provided with a copy of that Order, and I have read and understand the prohibitions of the Order.

2.    I agree and covenant that I will use any confidential documents and/or information given to me only in connection with my work in the above-referenced court action and that I will not under any circumstances disclose or discuss such confidential documents and information to anyone other than in accordance with the terms of the Order.

Dated: _____    Signed: _____

_____
[Print Name]

_____

_____
Address

# EXHIBIT 2

# EXHIBIT 2



Erin C. Trenda                                          Via Email to: mmiller@sheppardmullin.com
+1 858 550 6147
etrenda@cooley.com


November 22, 2019

Marisa Miller, Esq.
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
858-720-7482
mmiller@sheppardmullin.com

**Re: Javo Beverage Co., Inc. v. California Extraction Ventures, Inc. et al., U.S.D.C. Southern
District of California, Case No 3:19-cv-01859-CAB-WVG**

Dear Marisa:

I write in response to your letter dated November 21, 2019.

First, we agree that the parties should work together on an agreed protective order for this case and will
review and comment on the draft you prepared.  However, as an initial matter, we strongly disagree with
your proposed removal of the Outside Attorneys' Eyes Only ("OAEO") designation.  An OAEO designation
is both a common and appropriate level of designation in any case involving trade secrets.  As Judge
Bencivengo has already determined, such a designation is warranted to protect the details of Javo's
proprietary process from further disclosure, and to ensure that information exchanged in litigation is not
misused by Defendants in their ongoing patent prosecution efforts.  In addition, an OAEO designation will
be necessary to protect highly confidential and sensitive business and financial information relating to
damages.  You cite the example of Mr. Corey being unable to review materials he authored while at Javo,
but as is typical in protective orders the "OAEO" designation can accommodate exceptions for witnesses.
To the extent your letter indicates that Mr. Corey (or CEV) has any Javo documents or data still in his
possession, Mr. Corey was required to return all confidential information upon his termination and must
immediately do so now.  (CIAA § 10.1.)

Second, pursuant to the Court's order (Dkt. 16), your colleague Jesse Salen is not permitted to review
sealed information designated OAEO.  We are firm in our position on this point, and your request highlights
the problem with Defendants selecting litigation counsel from the same firm, and indeed the same office,
as its patent prosecution counsel.  Mr. Salen is one of six attorneys from your firm listed as an attorney
agent for CEV under customer number 155292 on the USPTO's Public Patent Application Information
Retrieval (PAIR) system.[1]  This select group of patent prosecution attorneys for CEV was identified from
approximately 45 attorneys in the firm (and 20 attorneys in the Del Mar office) that specialize in Patent
Prosecution and Counseling.  Your assertion that Mr. Salen "had no involvement in the prosecution of the
patent suite" appears carefully worded, and is inconsistent with Mr. Salen being listed under CEV's
customer number on PAIR.  Simply put, whether Mr. Salen has "prosecuted" the patent suite by signing

---

[1] The other Sheppard Mullin attorneys listed as attorney agents for CEV under customer number 155292
are David Heisey (Partner, Del Mar), Hector Agdeppa (Partner, Del Mar and Silicon Valley), Daniel
Yannuzzi (Partner, Del Mar and Silicon Valley), Eric Gill (Associate, Del Mar), and Jonathan Marina
(Associate, Del Mar).  Michael Klicpera (SBN # 164005) is also listed, and appears to be a solo practitioner
or CEV's in-house attorney.



Marisa Miller, Esq.
November 22, 2019
Page Two

any documents filed with the USPTO is not the proper inquiry.  Tellingly, you have not given adequate assurances that Mr. Salen has had no role whatsoever in advising CEV, Mr. Corey, Mr. Klicpera, and/or other practitioners at Sheppard Mullin on issues and strategy relating to prosecution of the patent suite, or that Mr. Salen will have no such role in the future.  We trust that Defendants will continue to comply with the Court's order on Javo's motion to seal.  (Dkt. 16.)

Finally, it is imperative that Javo's motion for preliminary injunction be promptly heard, and we will not agree to a three-month continuance.  We object to the scope of expedited discovery that you outline in your letter, which goes well beyond discovery relating to Javo's motion for preliminary injunction.  There is no need for the expansive discovery you propose at this stage of the litigation, and no basis to continue the January 3, 2020 hearing date.  Javo intends to oppose any attempt by Defendants to seek unbounded expedited discovery and/or to delay the hearing on Javo's motion for preliminary injunction.

Sincerely,

Erin C. Trenda

215834050

# EXHIBIT 3

# EXHIBIT 3

**Marisa Miller**

| | |
|---|---|
| **From:** | Marisa Miller |
| **Sent:** | Monday, November 25, 2019 3:20 PM |
| **To:** | Trenda, Erin; John Yacovelle |
| **Cc:** | Strauss, Steve; Karr, Jeffrey; Miller, Alexander |
| **Subject:** | RE: Javo v. CEV, et al. |
| **Attachments:** | Javo Beverage Co. Notice of Deposition 30(b)(6).pdf; CEV Requests for Production to Javo, Set One.pdf |

Erin – As we discussed this afternoon, attached is the discovery we intend to seek in our ex parte application.  Please let us know if you will oppose our application.

Thanks,
Marisa

**Marisa B. Miller**
+1 858-720-7482 | direct
MMiller@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Trenda, Erin <etrenda@cooley.com>
**Sent:** Friday, November 22, 2019 6:44 PM
**To:** Marisa Miller <MMiller@sheppardmullin.com>; John Yacovelle <JYacovelle@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Cc:** Strauss, Steve <sms@cooley.com>; Karr, Jeffrey <jkarr@cooley.com>; Miller, Alexander <AMiller@cooley.com>
**Subject:** RE: Javo v. CEV, et al.

Let's plan on Monday at 2 pm.  We can use the following bridge.  Dial-in: 877 853 5257 / Meeting ID: 915 352 132

Thanks,
Erin

**Erin C. Trenda**
Cooley LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: (858) 550 6147 • Fax: (858) 550 6420
Email: etrenda@cooley.com • www.cooley.com

**From:** Marisa Miller <MMiller@sheppardmullin.com>
**Sent:** Friday, November 22, 2019 4:40 PM
**To:** Trenda, Erin <etrenda@cooley.com>; John Yacovelle <JYacovelle@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>

1

Cc: Strauss, Steve <sms@cooley.com>; Karr, Jeffrey <jkarr@cooley.com>; Miller, Alexander <AMiller@cooley.com>
Subject: RE: Javo v. CEV, et al.

[External]

---

Erin,

Thank you for your response.  We would like to meet and confer with you on Monday, November 25, regarding these issues.  We are available between 10:30 am and 4:00 pm.

Best,
Marisa

**Marisa B. Miller**
+1 858-720-7482 | direct
MMiller@sheppardmullin.com | Bio

**SheppardMullin**
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Trenda, Erin <etrenda@cooley.com>
**Sent:** Friday, November 22, 2019 4:31 PM
**To:** Marisa Miller <MMiller@sheppardmullin.com>; John Yacovelle <JYacovelle@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Cc:** Strauss, Steve <sms@cooley.com>; Karr, Jeffrey <jkarr@cooley.com>; Miller, Alexander <AMiller@cooley.com>
**Subject:** RE: Javo v. CEV, et al.

Marisa:  Please see attached.  Thanks.

**Erin C. Trenda**
Cooley LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: (858) 550 6147 • Fax: (858) 550 6420
Email: etrenda@cooley.com • www.cooley.com

**From:** Marisa Miller <MMiller@sheppardmullin.com>
**Sent:** Thursday, November 21, 2019 2:52 PM
**To:** Strauss, Steve <sms@cooley.com>; Trenda, Erin <etrenda@cooley.com>
**Cc:** John Yacovelle <JYacovelle@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Subject:** RE: Javo v. CEV, et al.

[External]

---

Re-sending with the enclosure.

**Marisa B. Miller**
+1 858-720-7482 | direct
MMiller@sheppardmullin.com | Bio

**SheppardMullin**
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Marisa Miller
**Sent:** Thursday, November 21, 2019 2:33 PM
**To:** 'Strauss, Steve' <sms@cooley.com>; 'etrenda@cooley.com' <etrenda@cooley.com>
**Cc:** John Yacovelle <JYacovelle@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Subject:** Javo v. CEV, et al.

Steve and Erin – Please see the attached correspondence.

**Marisa B. Miller**
+1 858-720-7482 | direct
MMiller@sheppardmullin.com | Bio

**SheppardMullin**
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
      jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
      mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
      khoush@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:  858.509.3691

Attorneys for Defendants
CALIFORNIA EXTRACTION
VENTURES, INC.; STEPHEN COREY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY,<br><br>Defendants. | Case No. 3:19-CV-01859-CAB-WVG<br><br>**DEFENDANT CALIFORNIA EXTRACTION VENTURES, INC.'S NOTICE OF DEPOSITION OF PLAINTIFF JAVO BEVERAGE COMPANY PURSUANT TO FED. R. CIV. P. 30(b)(6)**<br><br>Date:      December XX, 2019<br>Time:      9:00 a.m.<br>Place:    Sheppard Mullin Richter & Hampton LLP<br>              12275 El Camino Real, Suite 200<br>              San Diego, California 92130-4092<br><br>Complaint Filed:  September 26, 2019<br>Trial Date:            TBD |

-1-

Case No. 3:19-CV-01859-CAB-WVG
CEV'S 30(b)(6) NOTICE OF DEPOSITION OF JAVO

1  |  PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure

2  |  30(b)(6), Defendant California Extraction Ventures, Inc. ("Defendant"), by and

3  |  through its attorneys of record, will take the deposition of Javo Beverage Company,

4  |  Inc. ("Javo") at the following date, time and place:

|  Date:       December XX, 2019

|  Time:       9:00 a.m.

|  Place:      Sheppard, Mullin, Richter & Hampton, LLP
|              12275 El Camino Real, Suite 200
|              San Diego, California 92130-4092
|              Telephone:  (858) 720-8900

11  |  Pursuant to Rule 30(b)(6), Javo must designate one or more of its officers,

12  |  directors, managing agents, or other persons who consent to testify on its behalf as

13  |  to all matters known or reasonably available to Javo concerning the matters for

14  |  examination set forth in the attached Exhibit A.  The deposition will be conducted

15  |  upon oral examination before a certified court reporter, notary public, or other

16  |  person authorized by law to administer oaths.  Some or all of the deposition

17  |  testimony may be recorded by stenograph, audio, audiovisual, video and/or real-

18  |  time computer methods.

19  |  This deposition is without prejudice to Defendant's right to take an additional

20  |  Rule 30(b)(6) deposition of Javo during the regular course of discovery.  This

21  |  deposition is being noticed in connection with Defendant's opposition to Javo's

22  |  Motion for Preliminary Injunction.

1   Dated:  November 25, 2019

2            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4            By     _____

5                         JOHN A. YACOVELLE

6                         MARISA B. MILLER

7                         KRISTIN P. HOUSH

8                   Attorneys for Defendants

9                 CALIFORNIA EXTRACTION
             VENTURES, INC. AND STEPHEN COREY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**EXHIBIT A**</u>

**DEFINITIONS AND INSTRUCTIONS**

1.  The terms "YOU," "YOUR," and "JAVO" shall mean Plaintiff Javo Beverage Company, Inc. and any and all of its predecessors-in-interest, employees, agents, representatives, servants, accountants, and consultants acting or purporting to act on its behalf.

2.  The terms "RELATED TO" or "RELATING TO" shall mean concerning, consisting of, referring to, associated with, describing, evidencing, constituting or in any way connected with, regarding, discussing, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, reflecting, or mentioning.

3.  The term "TRADE SECRETS" shall mean any and all trade secrets YOU allege were misappropriated by DEFENDANTS in this ACTION, as defined below.

4.  The term "PI MOTION" shall mean the Memorandum of Points and Authorities in support of the Motion for Preliminary Injunction filed by YOU in this ACTION on November 14, 2019.

5.  The term "POTENTIAL ACQUIROR" shall mean any person or entity expressing interest in acquiring and/or purchasing YOU, including but not limited to the entities or persons referenced in paragraphs 15, 16, and 20 of the Declaration of Gerry Anderson in Support of YOUR PI MOTION.

<u>**MATTERS FOR EXAMINATION**</u>

1.  JAVO'S TRADE SECRETS, including but not limited to identifying those TRADE SECRETS with particularity, how Stephen Corey and California Extraction Ventures, Inc. misappropriated the TRADE SECRETS, and Stephen Corey's alleged research and development at JAVO RELATING TO the TRADE SECRETS.

1        2.  YOUR alleged efforts to maintain the secrecy of YOUR TRADE

2  SECRETS.

3        3.  YOUR alleged discovery of "patent filings" in May, 2019, as alleged at

4  6:26-7:6 of YOUR PI MOTION, including but not limited to YOUR

5  COMMUNICATIONS with any POTENTIAL ACQUIROR RELATING TO that

6  discovery.

SMRH:4845-6970-4109.2

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
      jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
      mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
      khoush@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:  858.509.3691

Attorneys for Defendants
CALIFORNIA EXTRACTION
VENTURES, INC.; STEPHEN COREY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | Case No. 3:19-CV-01859-CAB-WVG |
| Plaintiff, | **DEFENDANT CALIFORNIA EXTRACTION VENTURES, INC'S REQUEST FOR PRODUCTION** |
| v. | |
| CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, | |
| Defendants. | Ctrm.:   4C (4th Floor) The Hon. Cathy Ann Bencivengo |
| | Complaint Filed:   September 26, 2019 Trial Date:           TBD |

PROPOUNDING PARTY:   DEFENDANT CALIFORNIA EXTRACTION

                                          VENTURES, INC.

RESPONDING PARTY:   PLAINTIFF JAVO BEVERAGE CO., INC.

SET NO.:                        ONE

-1-

SMRH:4827-7035-5630.1

1    **PLEASE TAKE NOTICE** that, having shown good cause to conduct

2  expedited discovery, defendant California Extraction Ventures, Inc. ("CEV") hereby

3  requests that Plaintiff Javo Beverage Company, Inc. ("Javo") respond to the

4  following Requests for Production of Documents (the "Requests" or a "Request")

5  under oath and in writing, and produce documents responsive to the Requests within

6  XX days from the date of service hereof.

7                    **DEFINITIONS AND INSTRUCTIONS**

8        The following definitions shall apply to the Requests.

9        1.     The terms "YOU," "YOUR," and "JAVO" shall mean Plaintiff Javo

10  Beverage Company, Inc. and any and all of its predecessors-in-interest, employees,

11  agents, representatives, servants, accountants, and consultants acting or purporting

12  to act on its behalf.

13        2.     The term "DOCUMENT(S)" shall be used in the broadest sense

14  possible and shall include each and every type of document or electronically stored

15  information mentioned in Federal Rule of Civil Procedure 34(a)(1)(A), as well as

16  papers, correspondence, notes, letters, telegrams, mailgrams, cables, telex messages,

17  facsimiles, transmittals, bulletins, instructions, rulings, decisions, policies, binders,

18  books, file folders, printed matter, notebooks, minutes, agenda, memoranda, intra-

19  or inter-office communications of any type or nature, workbooks, worksheets,

20  stenographers' notebooks, reports, records, diaries, calendars, calendar entries, files,

21  studies, forecasts, projects, surveys, appraisals, analyses, financial statements of

22  every type, budgets, projects, quotations, calculations, logs, job logs, timesheets,

23  bills, invoices, statements, purchase orders, checks, check registers, journals,

24  schedules, ledger books, log books, book of account, accounts, work papers,

25  summaries, contracts or any other types of agreement, proposals, working papers,

26  payrolls, charts, notes of meetings or interviews or telephone conversations, requests

27  for authorization, requests for quotation, press releases, schedules, maps, drawings,

28  designs, diagrams, blueprints, plans, schematics, manuals, accountants' statements

SMRH:4827-7035-5630.1

1    or summaries, graphs, charts, photographs, motion pictures, slides, microfilm,

2    microfiche, recordings of meetings or conversations or interviews either in writing

3    or made upon any mechanical, electronic or electrical recording device, data

4    compilations from which information can be obtained or can be translated through

5    detection devices into a reasonably usable form, computer inputs or outputs, or any

6    other written, graphic or recorded representations or communications whatsoever,

7    whether in lithograph, or in any other tangible form or intangible form which can be

8    reduced to tangible form, and any other form of communication or representation

9    including letters, records, pictures, film, videotape, sounds, symbols or

10   communications thereof.

11        3.    The term "COMMUNICATION(S)" shall mean and include the

12   preparation, sending, or receipt of any DOCUMENT or any face-to-face

13   conversation, meeting, conference, telephone conversation, telephone conference,

14   and any communication by the use of any means other than through DOCUMENTS,

15   and shall include but not be limited to emails, text messages, and mailed documents.

16        4.    The terms "RELATED TO" or "RELATING TO" shall mean

17   concerning, consisting of, referring to, associated with, describing, evidencing,

18   constituting or in any way connected with, regarding, discussing, comprising,

19   containing, setting forth, showing, disclosing, explaining, summarizing, reflecting,

20   or mentioning.

21        5.    The term "COMPLAINT" shall mean the Complaint filed by YOU in

22   this ACTION on September 26, 2019.

23        6.    The term "ACTION" shall mean the instant lawsuit captioned, *Javo*

24   *Beverage Company, Inc. v. California Extraction Ventures, Inc. and Stephen Corey*,

25   Case No. 3:19-CV-01859-CAB-WVG.

26        7.    The term "PI MOTION" shall mean the Memorandum of Points and

27   Authorities in Support of Javo's Motion for Preliminary Injunction filed in this

28   ACTION on November 14, 2019.

-3-                    Case No. 3:19-CV-01859-CAB-WVG

8.     The term "POTENTIAL ACQUIROR" shall mean any person or entity expressing interest in acquiring and/or purchasing YOU, including but not limited to the entities or persons referenced in paragraphs 15, 16, and 20 of the Declaration of Gerry Anderson in Support of YOUR PI MOTION.

9.     The term "CONFIDENTIALITY AGREEMENT" and "CONFIDENTIALITY AGREEMENTS" shall mean any agreement between YOU and any other person or entity as a condition to viewing, using, disclosing, or otherwise being exposed to the trade secrets YOU allege were misappropriated in this ACTION.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO YOUR alleged efforts to maintain the secrecy of the trade secrets YOU allege were misappropriated in this ACTION, including but not limited to any confidentiality agreements that YOU executed with employees, officers, and/or third parties, protocols for visitors to and/or tours of your facilities, electronic and physical security intended to protect the trade secrets, monitoring of patent applications, and any other efforts.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO YOUR alleged decision not to monitor patent applications filed with the United States Patent and Trademark Office.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS with any POTENTIAL ACQUIROR, from January 1, 2016 to the present, RELATING TO the patents, patent applications, and provisional application described in paragraph 65 of YOUR COMPLAINT and at 6:7-25 of YOUR PI MOTION.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO YOUR alleged discovery of "patent filings" in May of 2019 as alleged at 6:26-7:6 of YOUR PI MOTION.

-4-                                   Case No. 3:19-CV-01859-CAB-WVG

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO Stephen Corey's research and development while employed by JAVO.

**REQUEST FOR PRODUCTION NO. 6:**

All research logs created by Stephen Corey while employed by JAVO.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS identifying YOUR "proprietary extraction method," as described at 1:6-7 of YOUR PI MOTION, as a trade secret.

Dated:  November 25, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

JOHN A. YACOVELLE
MARISA B. MILLER
KRISTIN P. HOUSH

Attorneys for Defendants
CALIFORNIA EXTRACTION
VENTURES, INC. AND STEPHEN COREY

-5-

Case No. 3:19-CV-01859-CAB-WVG

SMRH:4827-7035-5630.1

# EXHIBIT 4

# EXHIBIT 4

**Marisa Miller**

| | |
|---|---|
| **From:** | Trenda, Erin <etrenda@cooley.com> |
| **Sent:** | Monday, November 25, 2019 4:45 PM |
| **To:** | Marisa Miller; John Yacovelle |
| **Cc:** | Strauss, Steve; Karr, Jeffrey; Miller, Alexander |
| **Subject:** | RE: Javo v. CEV, et al. |

Marisa,

Thank you for sending in follow-up to today's meet and confer call.  Javo intends to oppose Defendants' application for expedited discovery, and any related request to continue the January 3, 2020 hearing date on Javo's motion for preliminary injunction.

Regards,
Erin

**Erin C. Trenda**
Cooley LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: (858) 550 6147 • Fax: (858) 550 6420
Email: etrenda@cooley.com • www.cooley.com

**From:** Marisa Miller <MMiller@sheppardmullin.com>
**Sent:** Monday, November 25, 2019 3:20 PM
**To:** Trenda, Erin <etrenda@cooley.com>; John Yacovelle <JYacovelle@sheppardmullin.com>
**Cc:** Strauss, Steve <sms@cooley.com>; Karr, Jeffrey <jkarr@cooley.com>; Miller, Alexander <AMiller@cooley.com>
**Subject:** RE: Javo v. CEV, et al.

**[External]**

Erin – As we discussed this afternoon, attached is the discovery we intend to seek in our ex parte application.  Please let us know if you will oppose our application.

Thanks,
Marisa

**Marisa B. Miller**
+1 858-720-7482 | direct
MMiller@sheppardmullin.com | Bio

**SheppardMullin**
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Trenda, Erin <etrenda@cooley.com>
**Sent:** Friday, November 22, 2019 6:44 PM
**To:** Marisa Miller <MMiller@sheppardmullin.com>; John Yacovelle <JYacovelle@sheppardmullin.com>; Kristin Housh

1

<KHoush@sheppardmullin.com>
**Cc:** Strauss, Steve <sms@cooley.com>; Karr, Jeffrey <jkarr@cooley.com>; Miller, Alexander <AMiller@cooley.com>
**Subject:** RE: Javo v. CEV, et al.

Let's plan on Monday at 2 pm.  We can use the following bridge.  Dial-in: 877 853 5257 / Meeting ID: 915 352 132

Thanks,
Erin

**Erin C. Trenda**
Cooley LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: (858) 550 6147 • Fax: (858) 550 6420
Email: etrenda@cooley.com • www.cooley.com

**From:** Marisa Miller <MMiller@sheppardmullin.com>
**Sent:** Friday, November 22, 2019 4:40 PM
**To:** Trenda, Erin <etrenda@cooley.com>; John Yacovelle <JYacovelle@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Cc:** Strauss, Steve <sms@cooley.com>; Karr, Jeffrey <jkarr@cooley.com>; Miller, Alexander <AMiller@cooley.com>
**Subject:** RE: Javo v. CEV, et al.

**[External]**

_____
Erin,

Thank you for your response.  We would like to meet and confer with you on Monday, November 25, regarding these issues.  We are available between 10:30 am and 4:00 pm.

Best,
Marisa

**Marisa B. Miller**
+1 858-720-7482 | direct
MMiller@sheppardmullin.com | Bio

**SheppardMullin**
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Trenda, Erin <etrenda@cooley.com>
**Sent:** Friday, November 22, 2019 4:31 PM
**To:** Marisa Miller <MMiller@sheppardmullin.com>; John Yacovelle <JYacovelle@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Cc:** Strauss, Steve <sms@cooley.com>; Karr, Jeffrey <jkarr@cooley.com>; Miller, Alexander <AMiller@cooley.com>
**Subject:** RE: Javo v. CEV, et al.

Marisa:  Please see attached.  Thanks.

**Erin C. Trenda**
Cooley LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Direct: (858) 550 6147 • Fax: (858) 550 6420
Email: etrenda@cooley.com • www.cooley.com

**From:** Marisa Miller <MMiller@sheppardmullin.com>
**Sent:** Thursday, November 21, 2019 2:52 PM
**To:** Strauss, Steve <sms@cooley.com>; Trenda, Erin <etrenda@cooley.com>
**Cc:** John Yacovelle <JYacovelle@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Subject:** RE: Javo v. CEV, et al.

**[External]**

Re-sending with the enclosure.

**Marisa B. Miller**
+1 858-720-7482 | direct
MMiller@sheppardmullin.com | Bio

## SheppardMullin
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Marisa Miller
**Sent:** Thursday, November 21, 2019 2:33 PM
**To:** 'Strauss, Steve' <sms@cooley.com>; 'etrenda@cooley.com' <etrenda@cooley.com>
**Cc:** John Yacovelle <JYacovelle@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Subject:** Javo v. CEV, et al.

Steve and Erin – Please see the attached correspondence.

**Marisa B. Miller**
+1 858-720-7482 | direct
MMiller@sheppardmullin.com | Bio

## SheppardMullin
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.