SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
       jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
       mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
       khoush@sheppardmullin.com
JESSE SALEN, Cal. Bar No. 292043
       jsalen@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:   858.720.8900
Facsimile:   858.509.3691

Attorneys for Defendants
CALIFORNIA EXTRACTION
VENTURES, INC.; STEPHEN COREY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JAVO BEVERAGE CO., INC.,<br><br>                Plaintiff,<br><br>         v.<br><br>CALIFORNIA EXTRACTION<br>VENTURES, INC. AND STEPHEN<br>COREY,<br><br>                Defendants. | Case No. 3:19-CV-01859-CAB-WVG<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF JAVO BEVERAGE CO., INC.'S COMPLAINT**<br><br>Ctrm.:   4C (4th Floor)<br>The Hon. Cathy Ann Bencivengo<br><br>Complaint Filed:   September 26, 2019<br>Trial Date:          TBD |

SMRH:4850-0954-0526.3

-1-

1    Defendants California Extraction Ventures, Inc. ("CEV") and Stephen Corey
2  ("Corey") (together, "Defendants") hereby submit their Answer to the Complaint
3  (the "Complaint") filed by Plaintiff Javo Beverage Co., Inc. ("Plaintiff" or "Javo")
4  as follows:

5            **ANSWER TO ALLEGATIONS REGARDING INTRODUCTION**

6        1.    Defendants are without sufficient knowledge or information to form a
7  belief as to the truth of the allegations in paragraph 1 of the Complaint, and
8  therefore deny the same.

9        2.    Defendants admit only that Corey was an employee and co-founder of
10  Javo from 2001 to 2011 and an owner and/or co-founder of Javo's predecessor
11  entities.  Except so admitted, Defendants deny each and every allegation contained
12  in paragraph 2 of the Complaint.

13        3.    Defendants admit only that Corey executed an Employment
14  Agreement ("EA") and Employee Confidentiality and Invention Assignment
15  Agreement ("CIAA") with La Jolla Fresh Squeezed Coffee Company, Inc. on or
16  about December 5, 2001.  Except so admitted, Defendants deny each and every
17  allegation contained in paragraph 3 of the Complaint.

18        4.    Defendants admit only that Corey applied for certain patents and then
19  assigned those patent applications to CEV.  Defendants expressly deny that those
20  patent applications used or otherwise disclosed Javo's alleged trade secrets and
21  confidential information.  Except so admitted, Defendants deny each and every
22  allegation contained in paragraph 4 of the Complaint.

23            **ANSWER TO ALLEGATIONS REGARDING PARTIES**

24        5.    Defendants are without sufficient knowledge or information to form a
25  belief as to the truth of the allegations in paragraph 5 of the Complaint, and
26  therefore deny the same.

27        6.    Admitted.

28        7.    Admitted.

-2-

8.      Defendants state that the allegations of paragraph 8 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 8 of the Complaint.

9.      Defendants admit only that Corey was a party to the EA and CIAA. Except so admitted, Defendants deny each and every allegation contained in paragraph 9 of the Complaint.

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

10.      Defendants state that the allegations of paragraph 10 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 10 of the Complaint.

11.      Defendants admit only that the Court has personal jurisdiction over Defendants.  Defendants state that the remaining allegations of paragraph 11 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every remaining allegation contained in paragraph 11 of the Complaint.

12.      Defendants state that the allegations of paragraph 12 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 12 of the Complaint.

## ANSWER REGARDING FACTUAL ALLEGATIONS

13.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore deny the same.

14.      Defendants deny the allegations of paragraph 14 of the Complaint.

15.      Defendants deny the allegations of paragraph 15 of the Complaint.

16.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore deny the same.

17.   Defendants deny that Corey signed agreements with Javo.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, and therefore deny the same.

18.   Defendants deny the allegations of paragraph 18 of the Complaint.

19.   Defendants admit only that Corey formed Stephen's Coffee Company, Inc. in 1993.  Except so admitted, Defendants deny each and every allegation contained in paragraph 19 of the Complaint.

20.   Admitted.

21.   Admitted

22.   Admitted.

23.   Admitted.

24.   Admitted.

25.   Admitted.

26.   Admitted.

27.   Admitted.

28.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore deny the same.

29.   Admitted.

30.   Defendants admit only that Corey ceased to be a director of Javo in 2004.  Except so admitted, Defendants deny each and every allegation contained in paragraph 30 of the Complaint.

31.   Admitted.

32.     Defendants admit only that the EA at section 7.3 states, in part, "acknowledges that Confidential Information and Trade Secrets are the sole property of the Company and agrees to not use such Confidential Information or Trade Secrets other than during the Employment Period and for the benefit of the Company," and that Corey executed the CIAA.  Except so admitted, Defendants deny each and every allegation contained in paragraph 32 of the Complaint.

33.     Defendants admit only that the CIAA is accurately quoted.  Except so admitted, Defendants deny each and every allegation contained in paragraph 33 of the Complaint.

34.     Defendants admit only that the CIAA is accurately quoted.  Except so admitted, Defendants deny each and every allegation contained in paragraph 34 of the Complaint.

35.     Defendants admit only that the CIAA is accurately quoted.  Except so admitted, Defendants deny each and every allegation contained in paragraph 35 of the Complaint.

36.     Defendants admit only that the CIAA is accurately quoted.  Except so admitted, Defendants deny each and every allegation contained in paragraph 36 of the Complaint.

37.     Defendants admit only that the CIAA is accurately quoted. Except so admitted, Defendants deny each and every allegation contained in paragraph 37 of the Complaint.

38.     Defendants admit only that the CIAA is accurately quoted.  Except so admitted, Defendants deny each and every allegation contained in paragraph 38 of the Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Complaint.

40.     Defendants admit only that the CIAA is accurately quoted.  Except so admitted, Defendants deny each and every allegation contained in paragraph 40 of the Complaint.

41.   Defendants admit only that the CIAA is accurately quoted.  Except so admitted, Defendants deny each and every allegation contained in paragraph 41 of the Complaint.

42.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and therefore deny the same.

43.   Defendants admit only that Corey was served with a Notice of Deadline to file a Proof of Claim.  Except so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint, and therefore deny the same.

44.   Admitted.

45.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and therefore deny the same.

46.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and therefore deny the same.

47.   Defendants admit only that Corey's employment with Javo ended in August, 2011.  Except so admitted, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 47 of the Complaint, and therefore deny the same.

48.   Defendants admit only that Corey executed Exhibit B to the EA. Except so admitted, Defendants deny each and every allegation contained in paragraph 48 of the Complaint.

49.   Admitted.

50.   Defendants admit only that Corey filed provisional patent application, U.S. Pat. App. No. 62/134,497 on March 17, 2015 (the "'497 Provisional Application").  Except so admitted, Defendants are without sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 50 of the Complaint, and therefore deny the same.

51.     Defendants admit only that the '497 Provisional Application is titled "Coffee Extraction Method and Apparatus" and lists Corey as the inventor.  Except so admitted, Defendants deny each and every allegation contained in paragraph 51 of the Complaint.

52.     Defendants admit only that the '497 Application is accurately quoted. Except so admitted, Defendants deny each and every allegation contained in paragraph 52 of the Complaint.

53.     Defendants admit only that the '497 Provisional Application is accurately quoted.  Except so admitted, Defendants deny each and every allegation contained in paragraph 53 of the Complaint.

54.     Defendants admit only that the '497 Provisional Application is accurately quoted and that the term "grind matrix" appears in the '124 and '275 patents.  Except so admitted, Defendants deny each and every allegation contained in paragraph 54 of the Complaint.

55.     Defendants admit only that the '497 Provisional Application is accurately quoted.  Except so admitted, Defendants deny each and every allegation contained in paragraph 55 of the Complaint.

56.     Defendants admit only that Figure 7 of the '497 Provisional Application is titled "Coffee Sequencing Sets & Subsets Flow-Chart" and contains the terms "hungry water" and "Javo."  Except so admitted, Defendants deny each and every allegation contained in paragraph 56 of the Complaint.

57.     Defendants admit only that the '497 Patent Application and the other patents and patent applications referenced in the Complaint contain the term "pressure wave" and that CEV claims "pressure wave" as its novel, patented technology.  Except so admitted, Defendants are without sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 57 of the Complaint, and therefore deny the same.

58. Admitted.

59. Admitted.

60. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 of the Complaint, and therefore deny the same.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 of the Complaint, and therefore deny the same.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Admitted.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Admitted.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION (against all defendants)

### Misappropriation of Trade Secrets Under the Defend Trade Secrets Act

### (18 U.S.C. § 1836, *et seq.*)

71. Defendants incorporate all preceding paragraphs herein by reference.

72. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72 of the Complaint, and therefore deny the same.

73.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 of the Complaint, and therefore deny the same.

74.     Defendants deny the allegations of paragraph 74 of the Complaint.

75.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, and therefore deny the same.

76.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 of the Complaint, and therefore deny the same.

77.     Defendants deny the allegations of paragraph 77 of the Complaint.

78.     Defendants deny the allegations of paragraph 78 of the Complaint.

79.     Defendants admit only that Corey and CEV have applied for and obtained patents in the field of extraction processes for coffee, tea, and botanicals. Except so admitted, Defendants deny each and every allegation contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations of paragraph 80 of the Complaint.

81.     Defendants deny the allegations of paragraph 81 of the Complaint.

82.     Defendants deny that Javo has been, and continues to be, irreparably harmed by Corey's and CEV's alleged misappropriation of Javo's alleged trade secret information.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 82 of the Complaint, and therefore deny the same.

83.     Defendants deny the allegations of paragraph 83 of the Complaint.

84.     Defendants deny the allegations of paragraph 84 of the Complaint.

85.     Defendants deny the allegations of paragraph 85 of the Complaint.

86.     Defendants admit only that Javo is seeking injunctive relief via a motion for preliminary injunction filed on or about November 14, 2019.  Except so

admitted, Defendants deny each and every allegation contained in paragraph 86 of the Complaint.

87.  Defendants deny the allegations of paragraph 87 of the Complaint.

88.  Defendants deny the allegations of paragraph 88 of the Complaint.

89.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89 of the Complaint, and therefore deny the same.

**ANSWER TO SECOND CAUSE OF ACTION (against all defendants)**

**Misappropriation of Trade Secrets Under the California Uniform Trade Secrets Act (Cal. Civ. Code §§ 3426-3426.11)**

90.  Defendants incorporate all preceding paragraphs herein by reference.

91.  Defendants deny the allegations of paragraph 91 of the Complaint.

92.  Defendants deny the allegations of paragraph 92 of the Complaint.

93.  Defendants deny the allegations of paragraph 93 of the Complaint.

94.  Defendants deny the allegations of paragraph 94 of the Complaint.

95.  Defendants deny the allegations of paragraph 95 of the Complaint.

**ANSWER TO THIRD CAUSE OF ACTION (against CEV)**

**Declaratory Judgment of Ownership of the '516, '124, '898, '200, '275, '172, and '006 Patents**

96.  Defendants incorporate all preceding paragraphs herein by reference.

97.  Defendants admit only that Javo alleges ownership of the listed patents. Except so admitted, Defendants deny each and every allegation contained in paragraph 97 of the Complaint.

98.  Defendants deny the allegations of paragraph 98 of the Complaint.

99.  Defendants deny the allegations of paragraph 99 of the Complaint.

100.  Defendants deny the allegations of paragraph 100 of the Complaint.

101. Defendants deny the allegations of paragraph 101 of the Complaint.

102. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 102 of the Complaint relating to certain, unidentified "relevant patents," and therefore deny the same.

103. Defendants deny the allegations of paragraph 103 of the Complaint.

104. Defendants admit only that Javo seeks declaratory relief concerning ownership of the listed patents.  Except so admitted, Defendants deny each and every allegation contained in paragraph 104 of the Complaint.

105. Defendants deny that "Javo is either the full owner or joint owner of all pending patent applications claiming priority to the '497 Provisional Application." Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 105 of the Complaint, and therefore deny the same.

## ANSWER TO FOURTH CAUSE OF ACTION (against CEV)

### Intentional Interference with Contractual Relations

106. Defendants incorporate all preceding paragraphs herein by reference.

107. Defendants deny the allegations of paragraph 107 of the Complaint.

108. Defendants admit only that CEV is presently aware of the EA and CIAA.  Except so admitted, Defendants deny each and every allegation contained in paragraph 108 of the Complaint.

109. Defendants admit only that Kurt Toneys is the current CEO and a Director of CEV, and was the CEO and a Director of North West Farms, which eventually became La Jolla Fresh Squeezed Coffee Company, Inc.  Except so admitted, Defendants deny each and every allegation contained in paragraph 109 of the Complaint.

110. Defendants deny the allegations of paragraph 110 of the Complaint.

111. Defendants deny the allegations of paragraph 111 of the Complaint.

112.   Defendants deny the allegations of paragraph 112 of the Complaint.

113.   Defendants deny the allegations of paragraph 113 of the Complaint.

## ANSWER TO PRAYER

Defendants deny that Plaintiff is entitled to any relief, and specifically denies all of the allegations and prayers requested in paragraphs 1 through 9 of Javo's Prayer For Relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without undertaking or shifting any applicable burden of proof.  Defendants reserve the right to assert additional defenses as warranted by facts revealed through investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint, and each purported claim alleged therein, fails to state facts sufficient to constitute any cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Information Readily Ascertainable)

The Complaint and each cause of action contained therein are barred, in whole or in part, on the ground that the alleged trade secrets were readily ascertainable by proper means at the time of the alleged misappropriation.

## THIRD AFFIRMATIVE DEFENSE

### (No Trade Secret)

The Complaint and each cause of action contained therein are barred, in whole or in part, on the grounds that the information at issue is not considered a trade secret and/or that not all necessary steps were taken to ensure the secrecy of the alleged trade secrets.

## FOURTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff is barred from relief against Defendants because Plaintiff has sustained no damages as a result of the conduct alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (No Availability of Requested Relief)

Plaintiff cannot seek assignment of the patents identified in the Complaint from CEV to Javo on the ground that the requested relief is not available under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.2, and the Defend Trade Secrets Act. 18 U.S.C. § 1836(b)(3)(A)(i)-(iii).

## SIXTH AFFIRMATIVE DEFENSE

### (Preemption)

The Fourth Cause of Action (intentional interference with contractual relations) set forth in the Complaint is barred in whole or in part, on the ground that it is preempted under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426-3426.11.

1

## SEVENTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate)

3      The Complaint and each cause of action contained therein are barred, in

4  whole or in part, because Plaintiff failed to use ordinary care and diligence to take

5  all necessary steps to mitigate and minimize any damages Plaintiff claims to have

6  sustained in this action.

7

8

## EIGHTH AFFIRMATIVE DEFENSE

9

### (Speculative Damages)

10      The Complaint and each cause of action contained therein are barred, in

11  whole or in part, because any alleged damages are speculative, uncertain, and were

12  not foreseeable to Defendants.

13

14

## NINTH AFFIRMATIVE DEFENSE

15

### (Laches)

16      The Complaint and each cause of action contained therein are barred, in

17  whole or in part, by the equitable doctrine of laches by virtue of Plaintiff's delay and

18  lack of diligence in enforcing the alleged rights asserted therein.

19

20

## TENTH AFFIRMATIVE DEFENSE

21

### (Equitable Estoppel)

22      The Complaint and each cause of action contained therein are barred, in

23  whole or in part, by the doctrine of equitable estoppel due to Plaintiff's acts,

24  omissions, representations, and courses of conduct upon which Defendants were led

25  to rely to their detriment.

26

27

28

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

By virtue of its conduct, Plaintiff has waived any right it may have had to bring the causes of action pled in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff)

The Complaint and each cause of action contained therein, is subject, in whole or in part, to setoff in an amount to be proven at trial.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

The Complaint and each cause of action contained therein are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each cause of action contained therein are barred, in whole or in part, by the doctrine of unclean hands due to Plaintiff's unlawful, fraudulent, unethical, and/or wrongful conduct with relation to the subject of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

The Complaint and each cause of action contained therein are barred, in whole or in part, by Plaintiff's affirmative conduct, which amounted to an assurance to Defendants that it would not pursue the claims alleged.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

The Complaint and each cause of action contained therein are barred, in whole or in part, by virtue of the fact that Plaintiff consented to or otherwise ratified the alleged conduct complained of therein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Retroactive Application of Defend Trade Secrets Act)

Plaintiff is barred from asserting any claim against Defendants under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*, with respect to any alleged misconduct that took place prior to May 11, 2016, the date on which the Defend Trade Secrets Act was enacted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff would be unjustly enriched if it recovered from Defendants any of the damages or other forms of relief alleged in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

The Complaint and each cause of action contained therein are barred, in whole or in part, because, to the extent any contract exists, Plaintiff failed to perform its obligations under the alleged contracts.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

The Complaint and each cause of action contained therein are barred, in whole or in part, because any obligations owed by Defendants to Plaintiff (to the

extent they exist) are subject to express and/or implied conditions precedent which have not occurred.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Consideration)

The Complaint and each cause of action contained therein are barred, in whole or in part, due to a failure of consideration by Plaintiff to support any alleged contracts between the parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Invalidity/Unenforceability)

The Complaint and each cause of action contained therein are barred, in whole or in part, because any alleged agreement is invalid and unenforceable.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Punitive Damages Not Recoverable)

Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of willful or malicious conduct, and/or any award of punitive or exemplary damages would violate the United States Constitution and federal and/or state law and policy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief, because any injury to it is not immediate and irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(First Amendment/Protected Activity)**

The Complaint and each cause of action contained therein are barred, in whole or in part, on the ground that the alleged misconduct asserted therein constitutes protected activity under the First Amendment to the United States Constitution and/or California Code of Civil Procedure section 425.16.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Improper Venue)**

Venue is not proper in this District due to an arbitration that is currently pending before the American Arbitration Association, captioned *Javo Beverage Co., Inc. v. Stephen Corey*, Case No. 01-19-0003-2445, which arises from the same alleged transactions and occurrences and seeks the same declaratory relief as set forth in the Complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Jurisdiction)**

This Court lacks jurisdiction to hear the Complaint due to an arbitration that is currently pending before the American Arbitration Association, captioned *Javo Beverage Co., Inc. v. Stephen Corey*, Case No. 01-19-0003-2445, which arises from the same alleged transactions and occurrences and seeks the same declaratory relief as set forth in the Complaint.

**RESERVATION OF RIGHT TO AMEND ANSWER**

Defendants hereby give notice that they intend to rely on such other and further defenses as may become available during discovery in this action and

explicitly reserve the right to amend their answer to assert such additional affirmative defenses.

## **DEMAND FOR JURY TRIAL**

Defendants respectfully request a trial by jury on all issues so triable.

## **PRAYER**

WHEREFORE, Defendants pray for judgment on Plaintiff's Complaint as follows:

1. That the Complaint be dismissed with prejudice and in its entirety;

2. That Plaintiff takes nothing by virtue of its Complaint;

3. That judgment be entered in favor of Defendants;

4. For attorneys' fees and costs of suit incurred herein in favor of Defendants, to the extent they are available by law; and,

5. For such other and further relief as the Court may deem proper and just.

Dated:  December 16, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
    */s/ John A. Yacovelle*
    JOHN A. YACOVELLE
    MARISA B. MILLER
    KRISTIN P. HOUSH
    JESSE SALEN

Attorneys for Defendants
CALIFORNIA EXTRACTION
VENTURES, INC. AND STEPHEN COREY