SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
    jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
    mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
    khoush@sheppardmullin.com
JESSE SALEN, Cal. Bar No. 292043
    jsalen@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:   858.509.3691

Attorneys for Defendants
CALIFORNIA EXTRACTION
VENTURES, INC.; STEPHEN COREY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, <br><br> Defendants. | Case No. 3:19-cv-01859-CAB-WVG <br><br> **DEFENDANT/COUNTER-CLAIMANT CALIFORNIA EXTRACTION VENTURES' COUNTERCLAIMS AGAINST PLAINTIFF/COUNTERCLAIM-DEFENDANT JAVO BEVERAGE CO., INC.** <br><br> Ctrm.: 4C (4th Floor) <br> The Hon. Cathy Ann Bencivengo <br><br> Complaint Filed:  September 26, 2019 <br> Trial Date:           TBD |

# COUNTERCLAIMS

Defendant/Counter-Claimant California Extraction Ventures ("CEV") brings the following Counterclaims against Plaintiff/Counterclaim-Defendant Javo Beverage Co., Inc. ("Javo") and states as follows:

1. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 100, *et seq*.

## PARTIES

2. Counter-Claimant CEV is a corporation organized and existing under the laws of Delaware and having a principal place of business at 1024 Bayside Drive, Suite 526, Newport Beach, California.

3. Upon information and belief, Counterclaim-Defendant Javo is a corporation organized and existing under the laws of Delaware, with a place of business at 1311 Specialty Drive, Vista, California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367, and 1338(a).

5. This Court has personal jurisdiction over Javo because, *inter alia*, Javo is incorporated in Delaware, subjected itself to the jurisdiction of this Court by virtue of filing the instant action, and has continuous and systematic business contacts with the State of California. Javo, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), conducts its business extensively throughout California, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in the State of California and the this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b), and because, *inter alia*, Javo consented to venue in this Court by filing the instant action in this jurisdiction and Javo resides, has committed acts of infringement, and has a regular and established place of business within this District.

# BACKGROUND

## I. Mr. Corey Conceives of Novel Extraction Processes and Forms CEV

7. Stephen Corey, along with others in the industry, founded the predecessor entity of CEV on January 7, 2015 to develop intellectual property, inclusive of patents and trademarks, relating to novel technologies for extracting coffees, teas, and botanical extracts from raw materials.

8. CEV subsequently established a manufacturing facility to fabricate coffee, tea and botanical extracts according to CEV's related intellectual property.

9. CEV invested substantial resources in developing its valuable intellectual property, inclusive of a portfolio of patents and patent applications directed towards innovative coffee, tea, and botanical extraction processes that were initially conceived of and developed by Mr. Corey. For example, in 2014, long after Javo terminated Mr. Corey's employment, Mr. Corey conceived of novel and superior extraction processes for coffee, tea, and botanicals. Mr. Corey has since dedicated countless hours to developing and improving those extraction processes.

## II. The CEV Provisional Patent Application

10. On March 17, 2015, Mr. Corey filed U.S. Provisional Patent Application No. 62/134,497 (the "'497 Application") with the U.S. Patent and Trademark Office ("USPTO").

11. The '497 Application describes Mr. Corey's novel extraction processes for coffee, tea and botanicals as compared with the state of the art extraction processes available at that time *inter alia* as described in U.S. Patent No. 3,830,940 to Michael Sivetz entitled "Preparation of Aqueous Beverage Concentrate of Coffee," which was filed on June 7, 1972 and issued on August 20, 1974 (the "Sivetz Patent"). The Sivetz Patent generally describes the technology and processes used by Javo to extract its coffee during the time that Mr. Corey was employed by Javo.

12. Mr. Corey assigned all right, title, and interest in and to the '497 Application, and any patents or patent applications relating thereto, to CEV.

13. The '497 Application describes novel extraction technology that was not known to Javo or the public as of March 17, 2015.

### III. Javo's Complaint and Purported Trade Secrets

14. Javo filed its Complaint in the instant action seeking, among other things, a judgment that CEV and Mr. Corey misappropriated Javo's purported trade secrets by virtue of filing the '497 Application. However, the purported trade secrets Javo alleges are found in the '497 Application were publicly known long before Javo terminated Mr. Corey's employment. For example, Javo's purported trade secrets that allegedly appear in the '497 Application are generally described in and publicly disclosed by the Sivetz Patent, the filing of which predates Mr. Corey's employment with Javo by more than 20 years.

15. In contrast, the '497 Application also discloses novel features of CEV's extraction processes for coffee, tea, and botanicals, which differ significantly from the processes described by the Sivetz Patent and Javo's purported trade secrets. Several of these novel features of CEV's extraction processes were subsequently claimed by CEV patents that claim priority to the '497 Application.

### IV. The CEV Patents

16. On March 1, 2016, CEV and Mr. Corey converted the '497 Application to a non-provisional patent application—U.S. Application No. 15/057,440 (the "'440 Application"). After a substantive examination by the USPTO, including consideration of the Sivetz Patent, the '440 Application issued as U.S. Patent No. 10,399,006 on September 3, 2019 (the "'006 Patent").

17. On March 16, 2016, CEV and Corey filed U.S. Patent Application Nos. 15/072,334 (the "'334 Application"), 15/027,337 (the "'337 Application"), and 15/072,343 (the "'343 Application") with the USPTO, each of which claims priority to and incorporates by reference the '497 Application.

18. After a substantive examination by the USPTO, including consideration of the Sivetz Patent, the '334 Application issued as U.S. Patent No. 10,112,124 (the "'124 Patent") on October 10, 2018, the '337 Application issued as U.S. Patent No. 9,855,516 (the "'516 Patent") on December 13, 2017, and the '343 Application issued as U.S. Patent No. 10,335,712 (the "'712 Patent") on June 12, 2019.

19. Mr. Corey assigned all right, title, and interest in and to the '334 Application, the '337 Application, and the '343 Application, and the patents and patent applications relating thereto, to CEV.

20. On March 17, 2016, CEV and Mr. Corey filed U.S. Patent Application Nos. 15/027,933 (the "'933 Application") and 15/073,545 (the "'545 Application") with the USPTO, both of which claim priority to and incorporate by reference the '497 Application.

21. After a substantive examination by the USPTO, including consideration of the Sivetz Patent, the '933 Application issued as U.S. Patent No. 10,130,898 (the "'898 Patent") on October 31, 2018 and the '545 Application issued as U.S. Patent No. 10,207,200 (the "'200 Patent") on January 30, 2019. A true and correct copy of the '200 Patent is attached hereto as **Exhibit 1**.

22. Mr. Corey assigned all right, title, and interest in and to the '933 Application and the '545 Application to CEV, and the patents and patent applications relating thereto, to CEV.

23. On October 5, 2017 CEV filed U.S. Patent Application No. 15/725,599 (the "'599 Application") with the USPTO as a divisional application of the '337 Application.

24. On December 15, 2017 CEV filed U.S. Patent Application No. 15/844,413 (the "'413 Application") with the USPTO as a divisional application of the '440 Application.

25. On March 21, 2019, CEV filed U.S. Patent Application No. 15/927,955 (the "'955 Application") with the USPTO as a divisional application of the '334

Application.

26. On April 20, 2019 CEV filed U.S. Patent Application Nos. 15/959,099 (the "'099 Application") and 15/959,092 (the "'092 Application") with the USPTO as divisional applications of the '545 Application.

27. After a substantive examination by the USPTO, including consideration of the Sivetz Patent, the '955 Application issued as U.S. Patent No. 10,293,275 (the "'275 Patent") on May 1, 2019. A true and correct copy of the '275 Patent is attached hereto as **Exhibit 2**.

28. Mr. Corey assigned all right, title, and interest in and to the '599 Application, the '413 Application, the '955 Application, the '099 Application, and the '092 Application, and the patents and patent applications relating thereto, to CEV.

29. As confirmed by the USPTO, novel aspects of CEV's proprietary extraction processes are claimed *inter alia* by the '006 Patent, the '275 Patent, the '200 Patent, the '516 Patent, the '124 Patent, the '898 Patent, and the '712 Patent (collectively, the CEV Patents).

30. The CEV Patents are presumed to be valid.

31. The CEV Patents each claim a priority date of March 17, 2015.

**V.   Javo's Infringing Extraction Process**

32. Javo manufactures coffee and tea extracts at its facilities in the United States using a process that practices one or more claims of the CEV Patents.

33. During the time Mr. Corey was employed by Javo, Javo's extraction processes were based in large part on publicly known legacy extraction technology, including *inter alia* the extraction technology disclosed in the Sivetz Patent and other patents and publications that were publicly available at the time.

34. CEV is informed and believes that Javo continued to use the same legacy extraction processes at least until March 17, 2015.

35. The CEV Patents published on September 22, 2016.

36. CEV is informed and believes that, sometime after March 17, 2015, and likely following the publication of the CEV Patents on September 22, 2016, Javo adopted and started using extraction processes for its commercially available coffee, tea, and/or botanical extract products that embody one or more of the claims of the CEV Patents. Consistent with the allegations made by Javo in its Complaint, briefing, and related documents filed with the Court, Javo offers to sell, sells, or uses within the United States coffee, tea, and/or botanical extract products (the "Accused Products"), which are made by the processes claimed, at least, by the '200 Patent and the '275 Patent (the "Patents-in-Suit").

37. CEV is informed and believes that Javo used the CEV Patents, inclusive of the Patents-in-Suit, as a road map to develop and improve Javo's own extraction processes.

38. Javo manufactures the Accused Products in its facilities in the United States, and in this District using processes embodied by one or more claims of the Patents-in-Suit.

39. Javo offers to sell and/or sells the Accused Products in the United States, and in this District.

40. CEV owns each of the Patents-in-Suit and is entitled to sue for past and future infringement.

41. Each of the Patents-in-Suit is, and has been since the date such patents issued, in good standing, valid, and enforceable.

42. CEV has never licensed to Javo any of the CEV Patents, inclusive of the Patents-in-Suit.

43. CEV has never licensed to Javo, or in any way, authorized Javo to offer to sell, sell, or use any of the Accused Products.

/ / /

/ / /

/ / /

## FIRST COUNTERCLAIM

### (Infringement of '200 Patent)

44. CEV realleges and incorporates by reference the foregoing Paragraphs 1-43 of the Counterclaims as if fully stated herein.

45. Without license or authorization and in violation of 35 U.S.C. § 271(a), Javo directly infringes, and has infringed, one or more claims of the '200 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing the Accused Products in the United States, and/or by using processes claimed by the '200 Patent to manufacture the Accused Products. For example, Javo's extraction process practices each and every limitation of, at least, claim 5 of the '200 Patent.

46. Javo indirectly infringes the '200 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by inducing and/or contributing to the infringement by others, such as resellers and end-user customers, in this District and elsewhere in the United States, to make, use, sell, offer for sale, or import coffee, tea, and/or botanical extract products which are made using processes claimed by the '200 Patent. Through its affirmative acts of manufacturing and selling the Accused Products, Javo specifically intended its resellers, distributors, and/or customers to infringe the '200 Patent. Javo performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '200 Patent and with knowledge or willful blindness that the induced acts would constitute infringement.

47. CEV has been and will continue to be harmed by Javo's infringement of the '200 Patent in an amount to be determined at trial. Accordingly, CEV is entitled to recover at least a reasonable royalty for Javo's use of CEV's patented process pursuant to 35 U.S.C. § 284.

48. CEV will be irreparably harmed by Javo's conduct unless Javo is enjoined from further infringing the '200 Patent.

49. CEV is informed and believes that Javo performed the infringing acts

described herein with actual knowledge of the '200 Patent.

50. CEV is informed and believes that Javo willfully infringed the '200 Patent with malice, making this an exceptional case pursuant to 35 U.S.C. § 285. Accordingly, CEV is entitled to recover its reasonable attorneys' fees and costs.

## SECOND COUNTERCLAIM

### (Infringement of '275 Patent)

51. CEV realleges and incorporates by reference the foregoing Paragraphs 1-50 of the Counterclaims as if fully stated herein.

52. Without license or authorization and in violation of 35 U.S.C. § 271(a), Javo directly infringes, and has infringed, one or more claims of the '275 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing the Accused Products in the United States, and/or by using processes claimed by the '275 Patent to manufacture the Accused Products. For example, Javo's extraction process practices each and every limitation of, at least, claims 8, 9, and 10 of the '275 Patent.

53. Javo indirectly infringes the '275 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by inducing and/or contributing to the infringement by others, such as resellers and end-user customers, in this District and elsewhere in the United States, to make, use, sell, offer for sale, or import coffee, tea, and/or botanical extract products which are made using processes claimed by the '275 Patent. Through its affirmative acts of manufacturing and selling the Accused Products, Javo specifically intended its resellers, distributors, and/or customers to infringe the '275 Patent. Javo performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '275 Patent and with knowledge or willful blindness that the induced acts would constitute infringement.

54. CEV has been and will continue to be harmed by Javo's infringement of the '275 Patent in an amount to be determined at trial. Accordingly, CEV is

entitled to recover at least a reasonable royalty for Javo's use of CEV's patented process pursuant to 35 U.S.C. § 284.

55. CEV will be irreparably harmed by Javo's conduct unless Javo is enjoined from further infringing the '275 Patent.

56. CEV is informed and believes that Javo performed the infringing acts described herein with actual knowledge of the '275 Patent.

57. CEV is informed and believes that Javo willfully infringed the '275 Patent with malice, making this an exceptional case pursuant to 35 U.S.C. § 285. Accordingly, CEV is entitled to recover its reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, CEV respectfully requests that this Court enter a Judgement and Order:

A. dismissing the Complaint, and the claims for relief contained therein, with prejudice;

B. finding that Javo directly infringed one or more claims of the '200 Patent under 35 U.S.C. § 271(a);

C. finding that Javo indirectly infringed one or more claims of the '200 Patent under 35 U.S.C. § 271(b) or (c);

D. finding that Javo directly infringed one or more claims of the '275 Patent under 35 U.S.C. § 271(a);

E. finding that Javo indirectly infringed one or more claims of the '275 Patent under 35 U.S.C. § 271(b) or (c);

F. permanently enjoining Javo, its assigns, successors, officers, employees, agents, representatives, attorneys, and others acting on its behalf, from further infringing the Patents-in-Suit;

G. awarding CEV a reasonable royalty adequate to compensate CEV for Javo's infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 284, including any infringement from the date of filing of this Counterclaim

      through the date of judgment, together with interest and costs;

H.    awarding CEV treble damages in view of Javo's willful infringement of the Patents-in-Suit;

I.    declaring this an exceptional case under 35 U.S.C. § 285 and awarding CEV its attorneys' fees, costs, and expenses; and

J.    granting CEV such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

CEV demands a trial by jury on all claims and issues so triable.

Dated:  December 16, 2019

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ John A. Yacovelle*
JOHN A. YACOVELLE
MARISA B. MILLER
KRISTIN P. HOUSH
JESSE SALEN

Attorneys for California Extraction Ventures, Inc. and Stephen Corey