SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
  jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
  mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
  khoush@sheppardmullin.com
JESSE SALEN, Cal. Bar No. 292043
  jsalen@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:   858.509.3691

Attorneys for Defendants/Counter-Claimant
CALIFORNIA EXTRACTION
VENTURES, INC.; STEPHEN COREY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY,<br><br>　　　　Defendants.<br><br>CALIFORNIA EXTRACTION VENTURES, INC.,<br><br>　　　　Counter-Claimant,<br><br>　　v.<br><br>JAVO BEVERAGE CO., INC.,<br><br>　　　　Counterclaim-Defendant. | Case No. 3:19-CV-01859-CAB-WVG<br><br>**DEFENDANTS CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>The Hon. Cathy Ann Bencivengo<br><br>Complaint Filed:　September 26, 2019<br>Trial Date:　TBD |

## I.  INTRODUCTION

Pursuant to the Court's Chambers Rule V, Defendants California Extraction Ventures, Inc. ("CEV") and Stephen Corey ("Corey") (together, "Defendants") request leave to file under seal portions of the Declaration of Wen Eng, which will be filed in support of Defendants' Opposition (the "Opposition") to Plaintiff Javo Beverage Co., Inc.'s ("Javo") Motion for a Preliminary Injunction (the "Motion"). Defendants request that this information be treated as "Outside Attorneys' Eyes Only," such that only Javo's outside litigation counsel may review it.  No protective order has been entered in this action.[1]

As set forth below and in the accompanying declaration of Wen Eng, compelling reasons exist to seal the requested documents that contain Defendants' confidential and proprietary business information.  Defendants' Opposition will distinguish this information from Javo's alleged trade secrets in order to show that Javo's causes of action, including but not limited to its misappropriation of trade secrets claims, are likely to fail on the merits, and so a preliminary injunction is not warranted.

Defendants would suffer irreparable harm from the public disclosure of this information.  CEV is a small start-up company who has not yet begun production of its products, and if competitors, including Javo, were to have access to confidential information regarding CEV's extraction process and its financial information, Javo could make use of this information immediately, before CEV has any products on the market or the ability to generate revenue.  Defendants' request to seal is narrowly tailored, as Defendants seek only to redact specific portions of one declaration and related financial information that they plan to file in support of their Opposition.  In accordance with Chambers Rule V, a courtesy copy of this Motion

---

[1] Defendants prepared a draft protective order and sent it to Javo for its review on November 21, 2019.  Javo has stated that it is reviewing the draft but has not yet provided Defendants with its comments.

along with unredacted versions of the declaration and financial information that Defendants seek to file under seal will be provided to the Court within 24 hours of the filing of this motion.

## II.  LEGAL STANDARD

"[A] party need show only good cause to keep attached documents under seal" when the underlying motion is "non-dispositive." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  Where the motion is "dispositive," a party must show "compelling reasons."  *Id.*  The Ninth Circuit has rejected a "mechanical" distinction between dispositive and non-dispositive motions, *id.* at 1098, and has declined to categorize all motions for preliminary injunction as "dispositive." *Id.* at 1099, fn. 6.

"[S]ources of business information that might harm a litigant's competitive standing" satisfy the "compelling reason" standard to seal court records.  *Ctr. for Auto Safety*, 809 F.3d at 1097; *accord Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F. 2d 1289, 1293 (9th Cir. 1986) ("[D]istrict courts may refuse to permit their files to serve as [] sources of business information that might harm a litigant's competitive standing.").  As a result, "confidential business information" is properly sealed.  *Compal Elecs., Inc. v. Apple Inc.*, No. 317CV00108GPCMDD, 2017 WL 11423604, at *2 (S.D. Cal. Sept. 5, 2017); *accord Sun Distrib. Co. v. Corbett*, No. 18-CV-2231-BAS-BGS, 2018 WL 4700490, at *2 (S.D. Cal. Oct. 1, 2018) (granting motion to seal "confidential and proprietary information [] not generally available to the public" filed in support of a motion for preliminary injunction).

## III.  ARGUMENT

### A.  Defendants Seek To Seal Proprietary and Highly Confidential Business Information

The information contained in Mr. Eng's declaration that Defendants seek to be sealed (i.e., the parameters of Defendants' extraction process and financial

information regarding the impact of the Court's granting of Javo's preliminary injunction motion) contains Defendants' proprietary and highly confidential business information.  (Declaration of Wen Eng (hereinafter "Eng Decl."), ¶ 7.)  Defendants take reasonable measures to maintain the secrecy of its extraction process parameters, including limiting, controlling, and monitoring access to the parameters to only those individuals who need to know, securing the parameters on a protected enterprise cloud system, restricting physical access to CEV's equipment, and maintaining surveillance of CEV's facility.  (*Id.* at ¶¶ 3-6.)  CEV's extraction process parameters are valuable to Defendants and disclosure of these parameters in an unsealed, publicly-filed document could allow CEV's competitors, including Javo, to gain access to CEV's highly confidential and commercially sensitive business information and unfairly compete with CEV to the detriment of CEV and Corey.  (*Id.* at ¶¶ 7-8.)  This is particularly true given Javo's ability to make use of this information in its production facilities immediately.  CEV, in contrast, is a small start-up and has not begun production of its products.  CEV would be irreparably harmed by Javo or any other competitor beating CEV to the market with a product using CEV's process parameters.  (*Id.*)

Defendants seek to file highlighted portions of another declaration of Mr. Eng under seal.  These portions describe certain aspects of CEV's extraction process parameters, which Defendants are submitting to the Court to distinguish its process from Javo's.  Defendants have no choice but to present this information in order to oppose Javo's Motion, which asserts that Defendants are utilizing Javo's trade secrets in CEV's operations.  (*See* Motion at 1:9-12 (alleging that Defendants have "falsely claimed [Javo's proprietary process] as their own[.]").)  Defendants' Opposition will make clear that, among other things, CEV's operations do not invade any of Javo's alleged trade secrets, such that a preliminary injunction is inappropriate.

1    In addition, Mr. Eng's declaration will describe and attach confidential financial information regarding the devastating impact the granting of a preliminary injunction will have on CEV. (Eng. Decl. at ¶¶ 2, 6-8.) This information is not in the public domain and is kept strictly confidential. (*Id.* at ¶ 6.) Defendants must present this information in order to support their position regarding the bond that Javo should post as a result of its motion, in the unlikely event that it prevails in the motion.

CEV's extraction process parameters and its confidential financial information must be treated as "Outside Attorneys' Eyes Only," because disclosure of this confidential and proprietary business information would give Javo or any other competitor an improper competitive advantage over CEV if Javo gained access to it. (*Id.* at ¶¶ 7-8.)

### B. Compelling Reasons Exist To Seal This Information

The Supreme Court has recognized that "business information that might harm a litigant's competitive standing" is properly sealed. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). It follows from this sensible principle that the presence of confidential and proprietary business information within court records provides a compelling reason to seal those records. *See Compal Elecs., Inc.*, 2017 WL 11423604, at *2; *accord Sun Distrib. Co.,* 2018 WL 4700490, at *2; *In re BofI Holding, Inc. S'holder Litig.*, No. 315CV02722GPCKSC, 2017 WL 784118, at *21 (S.D. Cal. Mar. 1, 2017) (sealing documents where "disclosure of such information runs the risk of harming [a party's] competitive standing[.]); *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10CV0541 GPC-WVG, 2014 WL 129072, at *1 (S.D. Cal. Jan. 14, 2014) (sealing "potentially prejudicial business or confidential proprietary information[.]"); *XIFIN, Inc. v. Firefly Diagnostics, Inc.*, No. 317CV00742BENKSC, 2018 WL 1244781, at *2 (S.D. Cal. Mar. 9, 2018) (sealing "commercially sensitive business information[.]"); *Lucas v. Breg, Inc.*, No. 15-CV-00258-BAS-NLS, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016)

(sealing records where public disclosure "could result in improper use by [the party's] competitors seeking to undercut [the party's] market position."); *In re Qualcomm Litig.*, No. 317CV00108GPCMDD, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019) (sealing documents where "public disclosure of the information [] would harm [a party's] competitive standing by concurrently releasing such information to market competitors").

As shown above, access to CEV's process parameters would allow Javo and other competitors to gain access to CEV's highly confidential and commercially sensitive business information and unfairly compete with CEV to the detriment of CEV and Corey. This is particularly true given that Javo can make use of this information immediately with its large manufacturing facilities, while CEV is a start-up whose products have not gone to market yet.

## IV.  CONCLUSION

Because compelling reasons exist to file the above-referenced documents under seal, Defendants request leave of this Court to do so.

Dated:  January 2, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ John A. Yacovelle*
JOHN A. YACOVELLE
MARISA B. MILLER
KRISTIN P. HOUSH
JESSE SALEN

Attorneys for Defendants/Counter-Claimant
CALIFORNIA EXTRACTION
VENTURES, INC. AND STEPHEN COREY