1  COOLEY LLP
   Steven M. Strauss (99153) (sms@cooley.com)
2  Erin C. Trenda (277155) (etrenda@cooley.com)
   Alexander R. Miller (294474) (amiller@cooley.com)
3  4401 Eastgate Mall
   San Diego, CA 92121
4  Telephone: (858) 550-6000
   Facsimile:  (858) 550-6420
5
   Jeffrey Karr (186372) (jkarr@cooley.com)
6  3175 Hanover Street
   Palo Alto, CA 94304
7  Telephone: (650) 843-5000
   Facsimile: (650) 849-7400
8
   Attorneys for Plaintiff and Counterclaim-Defendant
9  Javo Beverage Co., Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | Case No. 19-cv-01859 CAB WVG |
| Plaintiff, | **ANSWER TO COUNTERCLAIMS** |
| v. | |
| CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, | Ctrm.:   4C (4th Floor)<br>The Hon. Cathy Ann Bencivengo |
| Defendants. | Complaint Filed:   September 26, 2019<br>Trial Date:   TBD |
| CALIFORNIA EXTRACTION VENTURES, INC., | |
| Counter-Claimant, | |
| v. | |
| JAVO BEVERAGE CO., INC., | |
| Counterclaim-Defendant. | |

Plaintiff and Counterclaim-Defendant Javo Beverage Co., Inc. ("Javo"), by and through its under signed counsel, answers the allegations in Defendant California Extraction Ventures, Inc.'s ("CEV") Counterclaims (Doc. No. 38). Javo denies every allegation in CEV's Counterclaims, except as specifically admitted, qualified, or otherwise answered herein.

## COUNTERCLAIMS[1]

1. Paragraph 1 sets forth a legal conclusion to which Javo need not respond.

## PARTIES

2. Based on information maintained by the Delaware Secretary of State, Javo admits that CEV is a corporation organized and existing under the laws of Delaware. Javo lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 2, particularly given Javo's recent discovery of CEV's new facility located at 10130 Sorrento Valley Road, Suites CD, San Diego, CA 92121-1643, and therefore denies them.

3. Admitted.

## JURISDICTION AND VENUE

4. Paragraph 4 sets forth a legal conclusion to which Javo need not respond. Javo does not dispute federal subject matter jurisdiction over this action.

5. Paragraph 5 sets forth legal conclusions to which Javo need not respond. Javo admits it is incorporated in Delaware, filed a Complaint against CEV and Stephen Corey ("Corey") in the above-referenced court, and conducts business in California. Javo does not dispute personal jurisdiction in this action.

6. Paragraph 6 sets forth legal conclusions to which Javo need not respond. Javo admits that it filed a Complaint against CEV and Corey in the above-referenced court, and maintains a place of business within this District. Javo denies that any acts

---

[1] Main headings from CEV's Counterclaims are included for organizational purposes only and are not admissions by Javo. To the extent any headings in CEV's Counterclaims include allegations directed to Javo, Javo denies such allegations.

by Javo give rise to any actionable claim by CEV.  Javo does not dispute venue is proper in this District.

# BACKGROUND

## I. Mr. Corey Conceives of Novel Extraction Processes and Forms CEV

7. Javo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.  Paragraph 7 also sets forth legal conclusions to which Javo need not respond.

8. Aside from recently discovering the existence of CEV's new facility located at 10130 Sorrento Valley Road, Suites CD, San Diego, CA 92121-1643, Javo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.  Paragraph 8 also sets forth legal conclusions to which Javo need not respond.

9. Javo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.  Paragraph 9 also sets forth legal conclusions to which Javo need not respond.

## II. The CEV Provisional Patent Application

10. Admitted based on information in USPTO records that Javo learned of on or after May 2019.

11. Denied. Paragraph 11 also sets forth legal conclusions to which Javo need not respond.

12. Denied. Paragraph 12 also sets forth legal conclusions to which Javo need not respond.

13. Javo admits the '497 Application describes Javo's trade secrets and/or proprietary and confidential information relating to Javo's extraction process, which was not known to the public as of March 17, 2015.  Javo denies the remaining allegations in paragraph 13.  Paragraph 13 also sets forth legal conclusions to which Javo need not respond.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

ANSWER TO COUNTERCLAIMS
CASE NO. 19-CV-1859 CAB WVG

### III. Javo's Complaint and Purported Trade Secrets

14. Javo admits that it filed a Complaint in the instant action seeking, among other things, a judgment that CEV and Stephen Corey ("Corey") misappropriated Javo's trade secrets, including by filing the '497 Application. Javo denies the remaining allegations in paragraph 14.

15. Javo admits CEV filed patents and patent applications that claim priority to the '497 Application. Javo denies the remaining allegations in paragraph 15, including because the '497 Application discloses Javo's trade secrets and/or proprietary confidential information. Paragraph 15 also sets forth a legal conclusion regarding "novel features" to which Javo need not respond.

### IV. The CEV Patents

16. Based on information in USPTO records that Javo learned of on or after May 2019, Javo admits that on March 1, 2016, the '497 Application was converted to U.S. Application No. 15/057,440, and that the '440 Application issued as U.S. Patent No. 10,399,006 on September 3, 2019. The remaining allegations in paragraph 16 refer to the contents of documents, which speak for themselves.

17. Admitted based on information in USPTO records that Javo learned of on or after May 2019.

18. Based on information in USPTO records that Javo learned of on or after May 2019, Javo admits that the '334 Application issued as U.S. Patent No. 10,112,124 on October 10, 2018, the '337 Application issued as U.S. Patent No. 9,855,516 on December 13, 2017, and the '343 Application issued as U.S. Patent No. 10,335,712 on June 12, 2019. The remaining allegations in paragraph 18 refer to the contents of documents, which speak for themselves.

19. Paragraph 19 sets forth legal conclusions to which Javo need not respond. Javo denies the remaining allegations in paragraph 19.

20. Admitted based on information in USPTO records that Javo learned of on or after May 2019.

21. Based on information in USPTO records that Javo learned of on or after May 2019, Javo admits that the '933 Application issued as U.S. Patent No. 10,130,898 on October 31, 2018, and the '545 Application issued as U.S. Patent No. 10,207,200 on January 30, 2019. Paragraph 21 also refers to the contents of documents, which speak for themselves. Javo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22. Paragraph 22 sets forth legal conclusions to which Javo need not respond. Javo denies the remaining allegations in paragraph 22.

23. Admitted based on information in USPTO records that Javo learned of on or after May 2019.

24. Admitted based on information in USPTO records that Javo learned of on or after May 2019.

25. Admitted based on information in USPTO records that Javo learned of on or after May 2019.

26. Admitted based on information in USPTO records that Javo learned of on or after May 2019.

27. Based on information in USPTO records that Javo learned of on or after May 2019, Javo admits that the '955 Application issued as U.S. Patent No. 10,293,275 on May 1, 2019. The remaining allegations in paragraph 27 refer to the contents of documents, which speak for themselves. Javo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

28. Paragraph 28 sets forth legal conclusions to which Javo need not respond. Javo denies the remaining allegations in paragraph 28.

29. Paragraph 29 sets forth a legal conclusion regarding "novel aspects" to which Javo need not respond. Javo lacks knowledge or information sufficient to form a belief as to whether novel aspects of CEV's extraction process are claimed by the CEV Patents. Javo denies the remaining allegations in paragraph 29.

30. Paragraph 30 sets forth a legal conclusion to which Javo need not respond.

31. Admitted based on information in USPTO records that Javo learned of on or after May 2019.

## V. Javo's Infringing Extraction Process

32. Javo admits it manufactures coffee and tea extracts as its facilities in the United States. Paragraph 32 otherwise sets forth legal conclusions to which Javo need not respond, or for which Javo lacks knowledge or information sufficient to form a belief as to the truth of such allegations. Javo denies any remaining allegations in paragraph 32.

33. Denied. Among other things, this allegation directly contradicts statements by Corey and Kurt Toneys to investors regarding Javo's proprietary extraction process.

34. Denied.

35. Admitted based on information in USPTO records that Javo learned of on or after May 2019.

36. Javo admits it offers to sell, sells, or uses within the United States coffee, tea, and/or botanical extract products. Paragraph 36 otherwise sets forth legal conclusions to which Javo need not respond. Javo denies any remaining allegations in paragraph 36.

37. Denied.

38. Javo admits it manufactures its products in its facilities in the United States, and that some of its products are manufactured in this district. Paragraph 38 otherwise sets forth legal conclusions to which Javo need not respond. Javo denies any remaining allegations in paragraph 38.

39. Javo admits it offers to sell and/or sells some of its products in the United States, and in this District. Javo denies any remaining allegations in paragraph 39.

40. Paragraph 40 sets forth legal conclusions to which Javo need not respond. Javo denies any remaining allegations in paragraph 40.

41. Paragraph 41 sets forth legal conclusions to which Javo need not respond, or for which Javo lacks knowledge or information sufficient to form a belief as to the truth of such allegations. Javo denies any remaining allegations in paragraph 41.

42. Paragraph 42 sets forth legal conclusions to which Javo need not respond. Javo admits that the parties have not entered into a written contractual license agreement. Javo denies any remaining allegations in paragraph 42.

43. Javo denies that it needs CEV's authorization to offer to sell, sell, or use any of Javo's own products. Javo admits the remaining allegations in paragraph 43.

## FIRST COUNTERCLAIM
### (Infringement of '200 Patent)

44. Javo incorporates its responses to the allegations of paragraphs 1–43 as though fully set forth herein.

45. Paragraph 45 sets forth legal conclusions to which Javo need not respond, or for which Javo lacks knowledge or information sufficient to form a belief as to the truth of such allegations. Javo denies any remaining allegations in paragraph 45.

46. Paragraph 46 sets forth legal conclusions to which Javo need not respond, or for which Javo lacks knowledge or information sufficient to form a belief as to the truth of such allegations. Javo denies any remaining allegations in paragraph 46.

47. Paragraph 47 sets forth legal conclusions to which Javo need not respond. Javo denies any remaining allegations in paragraph 47.

48. Paragraph 48 sets forth legal conclusions to which Javo need not respond. Javo denies any remaining allegations in paragraph 48.

49. Deny.

50. Paragraph 50 sets forth legal conclusions to which Javo need not respond. Javo denies any remaining allegations in paragraph 50.

## SECOND COUNTERCLAIM
### (Infringement of '275 Patent)

51. Javo incorporates its responses to the allegations of paragraphs 1–50 as

though fully set forth herein.

52. Paragraph 52 sets forth legal conclusions to which Javo need not respond, or for which Javo lacks knowledge or information sufficient to form a belief as to the truth of such allegations. Javo denies any remaining allegations in paragraph 52.

53. Paragraph 53 sets forth legal conclusions to which Javo need not respond, or for which Javo lacks knowledge or information sufficient to form a belief as to the truth of such allegations. Javo denies any remaining allegations in paragraph 53.

54. Paragraph 54 sets forth legal conclusions to which Javo need not respond. Javo denies any remaining allegations in paragraph 54.

55. Paragraph 55 sets forth legal conclusions to which Javo need not respond. Javo denies any remaining allegations in paragraph 55.

56. Deny.

57. Paragraph 57 sets forth legal conclusions to which Javo need not respond. Javo denies any remaining allegations in paragraph 57.

## PRAYER FOR RELIEF

Javo denies CEV is entitled to any relief in this action.

## JURY TRIAL DEMAND

The paragraph in this section is CEV's demand for a jury trial, to which no response is required.

## JAVO'S AFFIRMATIVE DEFENSES

Based on its current investigation into the allegations of CEV's Counterclaims, Javo states the following affirmative defenses. Javo does not concede that it bears the burden of proof on these defenses, and reserves its right to amend or supplement its Answer, including asserting additional defenses, based on information learned through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. CEV fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement of '200 Patent)

2. Javo has not infringed, and currently does not infringe, any valid claims of the '200 Patent directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '200 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity and/or Unenforceability of '200 Patent)

3. Each asserted claim of the '200 Patent is invalid/unenforceable as to Javo for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Noninfringement of '275 Patent)

4. Javo has not infringed, and currently does not infringe, any valid claims of the '275 Patent directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '275 Patent.

### FIFTH AFFIRMATIVE DEFENSE
### (Invalidity and/or Unenforceability of '275 Patent)

5. Each asserted claim of the '275 Patent is invalid/unenforceable as to Javo for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

### SIXTH AFFIRMATIVE DEFENSE
### (Prior User Rights)

6. CEV is barred or limited in recovery, in whole or in part, by 35 U.S.C. § 273.

### SEVENTH AFFIRMATIVE DEFENSE
### (Ownership and/or Other Rights in the Patents)

7. Javo does not infringe any claim of the Patents-in-Suit because Javo is either the full owner or joint owner of the Patents-in-Suit, as Javo has alleged in its disputes with CEV and Corey, and/or has other legal or equitable rights in the Patents-in-Suit.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

8. CEV is estopped from construing any claim of the Patents-in-Suit to be infringed or have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by Javo in view of the prior art and because of admissions and statements CEV made to the USPTO during prosecution of the applications leading to the issuance of the Patents-in-Suit.

## NINTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel and/or Waiver)

9. CEV's claims against Javo with respect to one or more of the Patents-in-Suit are barred by equitable estoppel and/or waiver.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

10. Any recovery by CEV is barred by its own improper conduct and/or unclean hands.

## RESERVATION OF RIGHTS

Javo reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in the case.

## PRAYER

WHEREFORE, Javo respectfully requests that the Court:

A. Enter judgment in Javo's favor on CEV's counterclaims.

B. Award Javo its reasonable costs and fees, including attorneys' fees pursuant to 35 U.S.C. § 285.

C. Grant Javo such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: January 6, 2020 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/ Steven M. Strauss*<br>     Steven M. Strauss (99153) |
| 4 | | Attorneys for Plaintiff and Counterclaim-Defendant Javo Beverage Co., Inc. |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

**ANSWER TO COUNTERCLAIMS**
**CASE NO. 19-CV-1859 CAB WVG**