SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
  jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
  mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
  khoush@sheppardmullin.com
JESSE SALEN, Cal. Bar No. 292043
  jsalen@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:  858.509.3691

Attorneys for Defendants/Counter-Claimant
CALIFORNIA EXTRACTION
VENTURES, INC.; STEPHEN COREY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, <br><br> Defendants. <br><br> CALIFORNIA EXTRACTION VENTURES, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> JAVO BEVERAGE CO., INC., <br><br> Counterclaim-Defendant. | Case No. 3:19-CV-01859-CAB-WVG <br><br> **STEPHEN COREY AND CALIFORNIA EXTRACTION VENTURE, INC.'S OBJECTION AND OPPOSITION TO JAVO'S UNTIMELY MOTION TO SEAL** <br><br> Date:  January 23, 2020 <br> Time:  10:00 a.m. <br> Ctrm.:  4C (4th Floor) <br> The Hon. Cathy Ann Bencivengo <br><br> Complaint Filed:  September 26, 2019 <br> Trial Date:  TBD |

Defendant Stephen Corey and Defendant/Counter-Claimant California Extraction Ventures, Inc. ("Corey/CEV") object and oppose Javo Beverage Co., Inc.'s ("Javo") untimely motion to seal (Doc. No. 48).  Javo's request violates this Court's rules, which require a party to (1) file a motion to seal at least **seven calendar days** prior to the date on which it intends to file its papers and (2) submit the proposed sealed documents to the Court within 24 hours of filing its motion to seal.  *See* Chambers Rule V(1).  Javo has done neither, and its motion to seal should be denied.

Moreover, Javo has failed to make the requisite showing of "compelling reasons" to seal court records.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir.) (noting the Ninth Circuit's "strong presumption in favor of access to court records" which can be overridden given "sufficiently compelling reasons for doing so") (internal citations and quotations omitted).  Javo has not identified or adequately described the information it intends to file under seal.  Nor has Javo submitted actual evidence to support its conclusory allegations (much like its deficient PI Motion).  For example, there are no declarations from anyone at Javo certifying that the information that Javo intends to seal has been reviewed and is actually confidential, let alone highly confidential sufficient to warrant an outside attorneys' eyes only restriction, which Javo has requested.

To deflect from its shortcomings, Javo points the finger at Corey/CEV, claiming that they are to blame for Javo's short time to respond.  Javo contends that Corey/CEV deprived Javo of its full response time, having served Javo's counsel with the unredacted sealed version of the opposition papers on January 10, 2020.  What Javo fails to mention is that, in reality, Javo was served with the unredacted papers, largely consisting of Javo's own alleged confidential information, at 5:19 a.m. on January 10, 2020, five hours after midnight on January 9, 2020.  The only information redacted from Corey/CEV's papers that was new to Javo consisted of little more than a handful of CEV's process parameters and the estimated timing of

CEV's production, which was described in the declaration of Wen Eng (Doc. No. 45-2). It is unclear what Javo could have done between the hours of midnight and 5 a.m. on January 10 to address this limited information. Nevertheless, to resolve Javo's claim that it was somehow prejudiced by receiving these papers five hours after midnight, Corey/CEV will not oppose Javo having an additional five hours (and 19 minutes) to file its reply.

      Finally, Corey/CEV strenuously object and oppose any attempt by Javo to file "additional evidence" on reply. Given the early stage of these proceedings and the severity of the relief Javo seeks with its PI Motion, Corey/CEV will be unduly prejudiced by Javo's submission of new documents or information on reply, a mere week before the Court's hearing on this matter. If Javo submits new "evidence" with its reply, Corey/CEV request leave to respond to this information before the January 23, 2020 hearing.

      For the foregoing reasons, Corey/CEV object to and oppose Javo's motion to seal and respectfully request that the motion be denied.

Dated: January 14, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ John A. Yacovelle*
    JOHN A. YACOVELLE
    MARISA B. MILLER
    KRISTIN P. HOUSH
    JESSE SALEN

Attorneys for Defendant/Counter-claimant
CALIFORNIA EXTRACTION VENTURES, INC. AND
Defendant STEPHEN COREY