```
COOLEY LLP
Steven M. Strauss (99153) (sms@cooley.com)
Erin C. Trenda (277155) (etrenda@cooley.com)
Alexander R. Miller (294474) (amiller@cooley.com)
Joanna L. Hubberts (294230) (jhubberts@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

Jeffrey Karr (186372) (jkarr@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
```

Attorneys for Plaintiff and Counterclaim-Defendant
Javo Beverage Co., Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, <br><br> Defendants. | Case No. 19-cv-01859 CAB WVG <br><br> **JAVO'S EVIDENTIARY OBJECTIONS TO PORTIONS OF THE DECLARATION OF WEN ENG (DOC. NO. 45-2)** <br><br> Date: January 23, 2020 <br> Time: 10:00 a.m. <br> Ctrm.: 4C (4th Floor) <br> The Hon. Cathy Ann Bencivengo <br><br> Complaint Filed: September 26, 2019 <br> Trial Date: TBD |
| CALIFORNIA EXTRACTION VENTURES, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> JAVO BEVERAGE CO., INC., <br><br> Counterclaim-Defendant. | |

Cooley LLP
Attorneys At Law
San Diego

JAVO'S EVID. OBJECTIONS
TO ENG DECLARATION
CASE NO. 19-CV-1859 CAB WVG

Plaintiff and Counterclaim-Defendant Javo Beverage Co., Inc. ("Javo") hereby submits the following evidentiary objections to portions of the Declarations of Wen Eng (Doc. No. 45-2 ("Eng Decl.")) submitted in support of Defendant and Counterclaimant California Extraction Ventures, Inc. and Defendant Stephen Corey's (collectively, "Defendants") Opposition to Javo's Motion for Preliminary Injunction (Docket No. 45).

Federal Rule of Evidence 602 prevents a witness from testifying on a matter unless "evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Additionally, a lay witness may only testify "in the form of an opinion" when that opinion is "rationally based on the witness's perception." Fed. R. Evid. 701(a). On a motion for preliminary injunction, statements in declarations that "lack foundation as to personal knowledge, are conclusory in nature, or are speculation" should be disregarded. *Vaquero Energy, Inc. v. Herda*, 2015 WL 5173535, at *4 (E.D. Cal. Sept. 3, 2015); *see Thomas v. Deutsche Bank Nat. Tr.*, 2012 WL 821973, at *1 (N.D. Cal. Mar. 9, 2012) (no weight given to declaration where it did not appear the declarant "ha[d] personal knowledge of the facts attested to, as required").

In his declaration, Eng speculates that "[i]f CEV is prohibited from conducting any extraction process, selling products, raising money, or taking steps to otherwise monetize its product and generate revenue for the next 12 to 18 months, the impact would be fatal to CEV." (Eng. Decl. ¶ 13.) Yet Eng is not an officer or director of CEV, and provides absolutely no basis for this conclusion. (*See* Eng. Decl. ¶¶ 4–5.) For example, Eng fails to provide any information regarding CEV's current financial condition. Nor does Eng provide any evidence regarding what products CEV supposedly intends to sell (or when), what money CEV has raised (or intends to raise), or how else CEV intends to "monetize its product" in the future and generate revenue.

The personal knowledge requirement reflects the common law's judicious demand for "the most reliable sources of information." *See* FRE 602, Adv. Comm. Notes (1972). Any of CEV's directors or officers could presumably have provided

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

JAVO'S EVID. OBJECTIONS
TO ENG DECLARATION
CASE NO. 19-CV-1859 CAB WVG

competent evidence regarding CEV's financial condition. Instead, there is only Mr. Eng's unfounded speculation that any disruption to CEV's secretive business over the next 12-18 months would for some reason be "fatal." Eng's testimony on this point lacks foundation, and is wholly speculative and conclusory. Accordingly, paragraph 13 from Eng's declaration should be stricken and excluded from evidence.

| Evidence | Objections | Ruling |
|---|---|---|
| ¶ 13: "If CEV is prohibited from conducting any extraction process, selling products, raising money, or taking steps to otherwise monetize its product and generate revenue for the next 12 to 18 months, the impact would be fatal to CEV." (Eng Decl., 4:22–4:24.) | **Lack of Foundation for Lay Opinion**<br><br>**Lack of Personal Knowledge / Speculation** | ☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled |

Dated: January 16, 2020       COOLEY LLP

By: */s/ Steven M. Strauss*
        Steven M. Strauss (99153)

Attorneys for Plaintiff and Counterclaim-Defendant Javo Beverage Co., Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

JAVO'S EVID. OBJECTIONS
TO ENG DECLARATION
CASE NO. 19-CV-1859 CAB WVG