SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
    jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
    mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
    khoush@sheppardmullin.com
JESSE A. SALEN, Cal Bar No. 292043
    jsalen@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691

Attorneys for Defendants/Counter-Claimant
CALIFORNIA EXTRACTION
VENTURES, INC.; STEPHEN COREY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC.,<br><br>  Plaintiff,<br><br>v.<br><br>CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY,<br><br>  Defendants.<br><br>CALIFORNIA EXTRACTION VENTURES, INC.,<br><br>  Counter-Claimant,<br><br>v.<br><br>JAVO BEVERAGE CO., INC.,<br><br>  Counterclaim-Defendant. | Case No. 3:19-CV-01859-CAB-WVG<br><br>**CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY'S SUR-REPLY TO JAVO'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  January 23, 2020<br>Time:  10:00 a.m.<br>Ctrm.:  4C (4th Floor)<br>The Hon. Cathy Ann Bencivengo<br><br>Complaint Filed: September 26, 2019<br>Trial Date: TBD<br><br>**[FILED UNDER SEAL]** |

Pursuant to the Court's January 15, 2020 Order Granting Javo Beverage Co.'s ("Javo") Motion for Leave to File Documents Under Seal (Doc. 50), Defendant and Counter-Claimant California Extraction Ventures, Inc. ("CEV") and Defendant Stephen Corey hereby submit their sur-reply to respond to additional evidence that Javo submitted with its Reply (Doc. 52, "Reply") in support of its Motion for Preliminary Injunction (Doc. 20, "Motion").

## I. SUMMARY OF JAVO'S ADDITIONAL EVIDENCE

After Javo's 30(b)(6) witness, Brad Petersmeyer, testified under oath that most of the steps of its alleged proprietary coffee extraction process were not actually proprietary to Javo and, in many cases, differed from CEV's extraction process—facts that were reinforced by evidence from Defendants' Opposition—Javo now attempts to move the goal posts by submitting new evidence in the form of supplemental declarations from Mr. Petersmeyer (Doc. 52-1, the "Petersmeyer Suppl. Decl.") and Javo's counsel, Erin Trenda (Doc. 52-2, the "Trenda Suppl. Decl."), in a misguided effort to expand the scope of its alleged trade secrets and bolster its threadbare allegation of irreparable harm.  But, like its "old" evidence, Javo's new evidence fails to contradict the facts that:  (i) Javo's alleged trade secrets had long been in the public domain at no fault of Defendants; (ii) Javo's extraction process fundamentally differs from the extraction process disclosed in the CEV patents; and (iii) the details of the CEV extraction process were indisputably disclosed to the public when the U.S. Patent and Trademark Office ("USPTO") published CEV's original patents on September 22, 2016—something that cannot be changed by an injunction.[1]  These facts are fatal to

---

[1] Javo also disingenuously argues that CEV did not dispute: (i) that Javo's trade secrets have independent economic value; or (ii) Javo's claims for ownership of CEV's patents and intentional inference with contractual relations. (Reply at 7.)  Not so.  First, CEV expressly argued that Javo's extraction process was publicly known (see Opp. at 11-15) and thus, it could not derive "independent economic value . . . from not being generally known to . . . another person . . . ." 18 U.S.C. 1839(3).  Second, CEV expressly contested Javo's claims of patent ownership and contractual interference

Javo's Motion.

## II. DEFENDANTS' RESPONSE TO JAVO'S ADDITIONAL EVIDENCE

### A. Petersmeyer Supplemental Declaration

Mr. Petersmeyer's supplemental declaration attempts to expand on the details of the alleged "███████████████████████" but falls well short of explaining how those additional details are actually disclosed in any CEV patent—they are not. Moreover, Mr. Petersmeyer's new testimony that the ███████████████████████████████████████████████████████████ directly contradicts his previous testimony given under oath that ███████████████████████████████████████████████████████████████████████████████. (*See* Trenda Suppl. Decl., Exh. G at 44-45; Depo Tr. at 35:15-36:14.) Javo's attempt to expand the scope of its trade secret after seeing CEV's Opposition and Mr. Eng's declaration is wholly improper. Indeed, Mr. Petersmeyer's inconsistent and untimely supplemental testimony regarding Javo's alleged ███████ process appears to be derived directly from paragraph 7 of Mr. Eng's declaration. Furthermore, and tellingly, Javo does not even attempt to explain where in CEV's patents the "new" version of its ███████ process is disclosed—indeed, it is not.

Moreover, Mr. Petersmeyer makes no attempt whatsoever to explain or contest his prior testimony that ████████████████████████████████████████████████████████████████████████████████████████, were not proprietary to Javo. Nor does Mr. Petersmeyer offer any evidence contesting Mr. Corey's testimony that Javo's extraction process emulated the extraction process taught years earlier by the Sivetz patent. (*See* Opp. 11-12.) Nor does Mr. Petersmeyer attempt to explain or contest Mr. Corey's testimony that the process disclosed in CEV's patents fundamentally differs from the Javo extraction process.

---

with contractual relations, both of which Javo (not CEV) has the burden of proving. (See Doc. 37 at ¶¶ 96-113.)

1    At bottom, and dispositive of Javo's ability to succeed on the merits, CEV's
2 extraction process uses a different vessel design, with a different fundamental goal of
3 increasing pressure from $CO_2$ ███████████████████████████████████████
4 ████████████████████████████████████████████████████████████████████
5 ██████████████████████. (Opp. at 17.) Thus, according to the sworn testimony of
6 Javo's own designated 30(b)(6) witness, these processes ***could not possibly be the***
7 ***same***. (Miller Decl., Exh. 6 at 37, Depo Tr. at 95:2-5 (███████████████████
8 ████████████████████████████████████████████████████████████████████
9 ██████████████████████).)
10   Incredibly, instead of explaining these fatal blows to its likelihood of success
11 claim, Javo attempts to discredit its 30(b)(6) witness by arguing that Mr. Petersmeyer's
12 sworn testimony was in response to "vague and misleading deposition questions" and
13 should not bind the corporation. (Reply at 3 and FN 3.) However, Javo failed to object
14 to those questions at the time of Mr. Petersmeyer's deposition, and thus, has waived its
15 ability to do so now. *See Quiksilver, Inc. v. Kymsta Corp*, 247 F.R.D. 579, 582 (C.D.
16 Cal. 2007) ("[A] party waives certain objections, such as to the form of questions or
17 answers or to other errors that might be obviated, removed, or cured if promptly
18 presented, by failing to make the objection at the deposition."), citing Fed. R. Civ. P.
19 32(d)(3)(B); 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §
20 2113 (1994). Javo's attempt to pick and choose which testimony from Mr. Petersmeyer
21 should apply to Javo and which testimony should be disregarded finds no basis in the
22 law. While Mr. Petersmeyer's testimony may not operate as a strict judicial admission,
23 Javo cannot, for the first time in its Reply, "present a theory of the facts that differs
24 from that articulated by [Mr. Petersmeyer, as its] designated Rule 30(b)(6)
25 representative." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1103 (9th Cir. 2018).
26   **B.    Trenda Supplemental Declaration**
27    Ms. Trenda's Supplemental Declaration comprises, in large part: (i) references
28 to CEV patent applications that were published by the USPTO on December 26, 2019

and January 16, 2020, respectively (¶¶ 3-4); (ii) portions of the file history of a CEV patent application in which CEV argued that its claimed technology differs from the Sivetz prior art reference (Exhs. A-B); (iii) prior public statements from Mr. Corey about Javo and its predecessor company (Exhs. C-D); and (iv) a screen shot from Sheppard Mullin's website identifying CEV as a representative "cannabis" client. Like Mr. Petersmeyer's supplemental declaration, none of the "new" evidence submitted by Ms. Trenda moves the needle with respect to Javo's request for injunctive relief.

First, Ms. Trenda deceptively references the USPTO's recent publications of U.S. Patent Application Nos. 16/460,847 and 16/520,230 in support of Javo's argument of alleged ongoing irreparable harm.  But, Ms. Trenda disingenuously omits the fact that these applications were originally filed by CEV **prior** to this lawsuit as a continuation and a divisional, respectively, of CEV's original patent applications that published on September 22, 2016, and share the same underlying written descriptions and figure sets.  In other words, not only would an injunction against CEV be ineffective at stopping the USPTO's publication of those applications, but nothing new was disclosed by those applications, and thus, their publication is not at all relevant to Javo's meritless argument of continuing irreparable harm.

Second, evidence of CEV's correspondence with the USPTO in which it continues to distinguish its patent applications from technology disclosed in the Sivetz prior art reference is entirely consistent with the fact that the technology claimed by CEV's patents is fundamentally different from the extraction process that Javo alleges to be a trade secret.  Nothing in CEV's USPTO correspondence contradicts this fact. Indeed, this correspondence provides further support for CEV's position, not Javo's.

Third, Ms. Trenda provides out-of-context public statements made by Mr. Corey in 2001 and 2003 about Javo's and its predecessor companies' "research and development" efforts and "proprietary technology" as purported evidence that, as of 2011, Javo maintained its extraction process that is the subject of this litigation as a trade secret.  However, nowhere does Ms. Trenda attempt to explain or link the subject

matter of these nearly 20 year old statements with the specific extraction process steps that Javo now alleges to be a trade secret or that Javo alleges to have been misappropriated by CEV. Nor do these statements change the fact that those process steps had been in the public domain for years, and are fundamentally different from CEV's patented extraction process.

Fourth, Ms. Trenda relies on an inadmissible screen shot of Sheppard Mullin's website in support of its allegation that CEV is "targeting the lucrative cannabis industry." Defendants object and the Court should exclude the screen shot because it is hearsay and not relevant. Importantly, Javo fails to provide any evidence that its extraction process would even be effective on cannabis, nor can it explain how such evidence would support its allegation of irreparable harm.

In sum, Javo's "new" evidence fails to satisfy Javo's high burden of attaining a preliminary injunction. Indeed, Javo never disputes, and its own corporate witness confirms, that, not only were the individual steps of Javo's process a matter of public record well before Corey left Javo and CEV even existed, but the CEV extraction process disclosed in its patents cannot be the same as Javo's extraction process because the parameters are different and the CEV process takes only a fraction of the time to complete. Javo has further failed to show where and how the CEV patents disclose any portion of Javo's process. Thus, Javo is unlikely to win on the merits. Furthermore, Javo has failed to demonstrate that it would suffer irreparable harm in the absence of an injunction, whereas such an injunction would essentially put CEV out of business.

## III. CONCLUSION

For the foregoing reasons and those in Defendants' Opposition, Defendants respectfully request that the Court deny Javo's Motion.

1  Dated:  January 21, 2020

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ John A. Yacovelle*
JOHN A. YACOVELLE
MARISA B. MILLER
KRISTIN P. HOUSH
JESSE A. SALEN

Attorneys for CALIFORNIA EXTRACTION VENTURES, INC.; STEPHEN COREY