**COOLEY LLP**
STEVEN M. STRAUSS (99153)
(sms@cooley.com)
ERIN C. TRENDA (277155)
(etrenda@cooley.com)
ALEXANDER R. MILLER (294474)
(amiller@cooley.com)
JOANNA L. HUBBERTS (294230)
(jhubberts@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420

JEFFREY KARR (186372)
(jkarr@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Plaintiff and
Counterclaim-Defendant
JAVO BEVERAGE CO., INC.

**SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP
A Limited Liability Partnership
Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
khoush@sheppardmullin.com
JESSE SALEN, Cal. Bar No. 292043
jsalen@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:   858.509.3691

Attorneys for Defendants/Counter-Claimant
CALIFORNIA EXTRACTION VENTURES, INC.; STEPHEN COREY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY,<br><br>Defendants. | Case No. 19-cv-01859 CAB WVG<br><br>**JOINT MOTION TO SEAL ADDITIONAL PORTIONS OF TRANSCRIPT FROM PRELIMINARY INJUNCTION HEARING**<br><br>Ctrm.:   4C (4th Floor)<br>The Hon. Cathy Ann Bencivengo<br><br>Complaint Filed:   September 26, 2019<br>Trial Date:            July 5, 2021 |
| CALIFORNIA EXTRACTION VENTURES, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>JAVO BEVERAGE CO., INC.,<br><br>Counterclaim-Defendant. | |

Pursuant to Southern District of California Civil Local 7.2, Plaintiff and Counterclaim-Defendant Javo Beverage Co., Inc. ("Javo"), Defendant and Counter-Claimant California Extraction Ventures, Inc. ("CEV"), and Defendant Stephen Corey ("Corey") by and through their respective counsel, respectfully submit this joint motion for an order sealing additional portions of the transcript from the January 23, 2020 hearing on Javo's preliminary injunction motion (the "PI Hearing") referencing the parties' confidential and trade secret information, including information previously sealed by the Court. (*See* Doc. Nos. 16, 36, 42, 43, 50.) Consistent with the Court's order granting the parties access to the portion of the PI Hearing transcript that was sealed during the hearing (Doc. No. 60), the parties further request that only Outside Litigation Counsel[1] be permitted to access any additional sealed portions of the transcript. Consistent with the previous order (*id.*), the parties further request that Outside Litigation Counsel be granted leave to coordinate on a redacted version of the full PI Hearing transcript that is not restricted as to Javo and/or CEV and Mr. Corey.

## I.    LEGAL STANDARD

Motions for preliminary injunction can be "dispositive" or "nondispositive" depending on whether they are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Requests to seal court records in connection with non-dispositive motions need only meet the "good cause" showing under Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Requests to seal documents in connection with dispositive motions must show "compelling

---

[1] Outside Litigation Counsel includes Javo's litigation counsel and support staff at Cooley LLP and Corey/CEV's litigation counsel and support staff at Sheppard Mullin Richter & Hampton LLP, who have not acted and will not act as patent prosecution counsel for Corey/CEV ("Outside Litigation Counsel"). Outside Litigation Counsel does not include any counsel at Sheppard Mullin Richter & Hampton LLP that is advising or will advise (directly or indirectly) Corey/CEV on any preparation or prosecution of Corey/CEV's current or future patents or patent applications, including but not limited to David Heisey, Esq., Hector Agdeppa, Esq., Daniel Yannuzzi, Esq., Eric Gill, Esq., and Jonathan Marina, Esq.

reasons" for doing so. *Id.* "Compelling reasons" to seal court records exist where they would "release trade secrets." *Id.* at 1179. "Compelling reasons" to seal court records also exist where they would release "confidential business information" or "information subject to confidentiality agreements." *Compal Elecs., Inc. v. Apple Inc.*, No. 17-cv-00108-GPC-MDD, 2017 WL 11423604, at *2 (S.D. Cal. Sept. 5, 2017); *see also Ctr. for Auto Safety*, 809 F.3d at 1097 (compelling reasons to seal include "business information that might harm a litigant's competitive standing"); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC-MDD, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019) (compelling reasons existed to seal "trade secrets, proprietary business records, discussions of internal strategy, company dealings, and materials designated as 'Highly Confidential'"); *XIFIN, Inc. v. Firefly Diagnostics, Inc.*, No. 17-cv-00742-BEN-KSC, 2018 WL 1244781, at *2 (S.D. Cal. Mar. 9, 2018) (compelling reasons existed to seal "commercially sensitive business information"); *In re BofI Holding, Inc. S'holder Litig.*, No. 15-cv-02722-GPC-KSC, 2017 WL 784118, at *21 (S.D. Cal. Mar. 1, 2017) (compelling reasons to seal exist where disclosure "runs the risk of harming [a party's] competitive standing").

The decision to seal documents is ultimately "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

## II.   COMPELLING REASONS EXIST TO SEAL JAVO'S CONFIDENTIAL BUSINESS AND TRADE SECRET INFORMATION

Javo's preliminary injunction motion revolves around Javo's confidential and trade secret information, and the Court has granted Javo's motions to seal the same information previously. (*See* Doc. Nos. 16, 43, 50.) The Court also granted Defendants' motion to seal their own confidential information, including Defendants' request to seal almost the entirety its argument at the PI Hearing. (*See* Doc. Nos. 42,

60.)  Compelling reasons exist to seal the highlighted portions[2] of the PI Hearing transcript because it references:  (1) information and documents previously sealed by the Court; and (2) further argument regarding Javo's confidential information and trade secrets.  Only counsel for the parties, representatives of Javo, and court personnel were in attendance at the PI Hearing.  Thus, compelling reasons exist to seal this information.  *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("compelling reasons" existed to seal confidential commercial and trade secret information regarding "pricing terms, royalty rates, and guaranteed minimum payment terms" from license agreement); *Kamakana*, 447 F.3d at 1179 (protecting trade secrets generally constitutes "compelling reasons" for sealing); *Fed. Trade Comm'n v. DIRECTV, Inc.*, 2016 WL 5339797, at *2 (N.D. Cal. Sept. 23, 2016) (granting motion to seal "sensitive business information regarding . . . Defendant's development strategy and operations.").  Consistent with the Court's prior orders sealing the information, Javo will suffer irreparable harm if this information is disclosed.  (*See* Doc. Nos. 12-1 at 2; 41-4 at 1.)

## III.   COMPELLING REASONS EXIST TO SEAL CEV'S PROPRIETARY AND HIGHLY CONFIDENTIAL BUSINESS INFORMATION

Similarly, compelling reasons exist to seal CEV's proprietary and highly confidential business information that is referenced in the PI Hearing transcript.[3]  The transcript references parameters of Defendants' extraction process and anticipated production timeline.  Courts have repeatedly found that this type of information is properly sealed, because its disclosure may impact and harm a litigant's competitive standing.  *See*, *e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognized that "business information that might harm a litigant's competitive standing" is properly sealed); *Sun Distrib. Co.,* 2018 WL 4700490, at *2; *In re BofI*

---

[2] Consistent with Chambers Rule V, the parties will coordinate to deliver a highlighted copy of the additional portions of the hearing transcript that the parties seek leave to seal to chambers within 24 hours.

[3] Those portions of the transcript that contain CEV-related proprietary and highly confidential business information are highlighted in green, to distinguish from Javo's highlighting, which is in yellow.

*Holding, Inc. S'holder Litig.*, No. 315CV02722GPCKSC, 2017 WL 784118, at *21 (S.D. Cal. Mar. 1, 2017) (sealing documents where "disclosure of such information runs the risk of harming [a party's] competitive standing[.]"); *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10CV0541 GPC-WVG, 2014 WL 129072, at *1 (S.D. Cal. Jan. 14, 2014) (sealing "potentially prejudicial business or confidential proprietary information[.]").  This Court has already made such a finding here, when it previously ordered information regarding the parameters of Defendants' extraction process and anticipated production timeline sealed, restricting access to Plaintiff's Outside Litigation Counsel only.  (*See* Doc. No. 42.)  Thus, Defendants respectfully request that this Court seal CEV's proprietary and highly confidential business information referenced in the PI Hearing transcript and restrict access to it to Plaintiff's Outside Litigation Counsel only.

## IV.   CONCLUSION

Compelling reasons exist to file the above-referenced portions of the PI Hearing transcript under seal.   Accordingly, the parties respectfully requests that this information be sealed pursuant to the Court's Chambers Rule V and Civil Local Rule 79.2.  Consistent with the Court's order granting the parties access to the sealed portion of the PI Hearing transcript (Doc. No. 60), the parties further request that only Outside Litigation Counsel be permitted to access any additional sealed portions of the transcript, and that Outside Litigation Counsel be given leave to coordinate on the preparation of a redacted version of the full PI Hearing transcript that is not restricted as to Javo and/or CEV and Mr. Corey.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

-4-

1

Dated:    February 20, 2020          COOLEY LLP

2

By: */s/ Steven M. Strauss*
3                                          Steven M. Strauss

4          Attorneys for Plaintiff and Counterclaim-
           Defendant Javo Beverage Co., Inc.
5

6

Dated:    February 20, 2020          SHEPPARD, MULLIN, RICHTER &
                                     HAMPTON LLP
7
           By: */s/ John A. Yacovelle*
8                                          John A. Yacovelle

9          Attorneys for Defendants/Counter-Claimant
           CALIFORNIA EXTRACTION VENTURES,
10         INC. and STEPHEN COREY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATION REGARDING ELECTRONIC SIGNATURES**

2      Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies

3  and Procedure Manual, I hereby certify that the content of this document is acceptable

4  to counsel for Defendant and Counter-Claimant California Extraction Ventures, Inc.

5  and Defendant Stephen Corey, and that I have obtained counsel John Yacovelle's

6  authorization to affix his electronic signature to this document.

7                           By: */s/ Steven M. Strauss*

8                              Steven M. Strauss

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28