UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., <br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA EXTRACTION VENTURES, INC.; and STEPHEN COREY,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 19-CV-1859-CAB-WVG<br><br>**ORDER ON JOINT MOTION FOR PROTECTIVE ORDER** |

On May 6, 2020, the Parties filed a Joint Motion for Protective Order and requested this Court's entry of same to maintain confidentiality in certain documents and information to be exchanged throughout this litigation. (Doc. No. 74.) The Court finds good cause supports the Joint Motion and the Joint Motion complies with all applicable rules, including this Court's Civil Chambers Rule V, and the Court's April 29, 2020 Order (Doc. No. 73). Accordingly, the Court GRANTS the Joint Motion in its entirety and, upon issuance of this Order, makes enforceable the following language as submitted and agreed upon by the Parties:

/ / /

Plaintiff and Counterclaim-Defendant Javo Beverage Co., Inc. ("Javo"), Defendant and Counter-Claimant California Extraction Ventures, Inc. ("CEV"), and Defendant Stephen Corey ("Corey"), by and through their respective counsel, hereby stipulate and agree to a protective order ("Order") as follows:

## PURPOSE

At least some of the documents and information ("Materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. Therefore, the parties have agreed to be bound by the terms of this Order in this action.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such Materials as much as practical during the litigation.

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.  Confidential Information includes any information (regardless of how it is generated, stored or maintained), documents, or things that have not been made public by the Producing Party and that the Producing Party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) research, development, business, financial, customer, data security, or network security information, (c) information that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known to, and not being

readily ascertainable by proper means by, other persons who can obtain value from its disclosure or use, (d) information subject to any third-party confidentiality rights (such as a non-disclosure agreement), or (e) information implicating an individual's legitimate expectation of privacy.

2. The term "Materials" will include, but is not limited to: documents; emails; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Producing Party" means any party or non-party that discloses or produces any Materials in the above-captioned action.

4. The term "Receiving Party" means any party who receives Material from a Producing Party in the above-captioned action.

5. The term "Outside Counsel" will mean (i) outside counsel of record who appear on the pleadings as counsel for a party in this action, and (ii) other outside attorneys, paralegals, secretaries, and support staff employed in their respective law firms, provided that any individuals under subsection (i) or (ii) have not advised and will not advise (directly or indirectly) any party on the preparation or prosecution of any current or future patents or patent applications.  Outside Counsel includes, but is not limited to:

| Counsel of Record for Plaintiff and Counterclaim-Defendant, Javo Beverage Co., Inc. | Counsel of Record for Defendant and Counter-Claimant, California Extraction Venture, Inc., and Defendant Stephen Corey[1] |
|---|---|
| Steven M. Strauss, Esq.<br>Erin C. Trenda, Esq.<br>Alexander R. Miller, Esq.<br>Joanna Liebes Hubberts, Esq.<br>COOLEY LLP<br>4401 Eastgate Mall<br>San Diego, CA  92121<br><br>Jeffrey Karr, Esq.<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304 | John A. Yacovelle, Esq.<br>Marisa B. Miller, Esq.<br>Kristin P. Housh, Esq.<br>Jesse A. Salen, Esq.[2]<br>Sean Mann-O'Halloran, Esq.<br>SHEPPARD, MULLIN, RICHTER<br>   & HAMPTON LLP<br>12275 El Camino Real, Suite 200<br>San Diego, CA  92130-4092 |

## GENERAL RULES

---

[1] For avoidance of doubt, "Outside Counsel" does not include any counsel that is advising or will advise (directly or indirectly) CEV or Corey on any preparation or prosecution of current or future patents or patent applications, including but not limited to David Heisey, Esq., Hector Agdeppa, Esq., Daniel Yannuzzi, Esq., Eric Gill, Esq., Jonathan Marina, Esq. and Michael Klicpera, Esq.

[2] Attorney Salen is listed under CEV's customer number 155292 on the USPTO's Public Patent Application Information Retrieval (PAIR) system, but Attorney Salen has represented in a signed declaration and certification that he has not had and will not have any involvement in the preparation or prosecution of any of Corey's or CEV's patents or patent applications. [Doc. No. 34-1.]  Under the declaration and certification, Attorney Salen has further agreed to a prosecution bar and wall, as set forth in paragraphs 7 and 8 of the same. [*Id.*]

6. Each Producing Party that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

    a. Designation as "CONFIDENTIAL": Any Producing Party may designate Confidential Information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such Confidential Information could be potentially prejudicial to the business or operations of such party.

    b. Designation as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY": Any Producing Party may designate Confidential Information as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only if, in the good faith belief of such Producing Party and its counsel, the Confidential Information is among that considered to be most sensitive by the party, including but not limited to trade secret and other confidential research, development, financial or other commercial information.

7. The Producing Party must mark the Materials it is producing which contain Confidential Information with the appropriate confidentiality marking. In the event the Producing Party elects to produce Materials for an in-person inspection (as opposed to transmitting the documents to the Receiving Party) or provides for an inspection of any property possessed or controlled by a Producing Party or any designated object or operation on it, no marking need be made by the Producing Party in advance of the in-person inspection. For purposes of the in-person inspection, all Confidential Information reviewed will be considered "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the Receiving Party, the Producing Party must, within a reasonable time prior to producing those Materials to the

Receiving Party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

8. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party or non-party:

   a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

   b. the Producing Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person who is not authorized by this Order to receive or access Confidential Information based on the designation of such Confidential Information under this Order, other than the deponent, the deponent's counsel, the court reporter, or the videographer; and

   c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and the original or any copy ultimately presented to a court for filing may not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

9. All Confidential Information designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," may not be disclosed by the Receiving Party to anyone other than those persons designated within

this Order and must be handled in the manner set forth below and, in any event, may not be used for any purpose other than in connection with this litigation (or, in the event the parties enter into a cross-use agreement or discovery stipulation, any other litigation or arbitration between the parties), unless and until such designation is removed either by agreement of the parties, or by order of the Court.

10. The right of any independent expert to receive any Confidential Information of a Producing Party will be subject to the advance approval of such expert by the Producing Party or by permission of the Court. The Receiving Party seeking approval of an independent expert must provide the Producing Party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the Producing Party to the expert. Any objection by the Producing Party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

11. All Confidential Information designated "CONFIDENTIAL" may be viewed only by Outside Counsel (as defined in paragraph 5) of the Receiving Party, by the judge and/or trier of fact before whom this litigation is pending and, if necessary an appellate court, and the court personnel, by court reporters and videographers retained to record testimony taken in this action, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing a copy of the form attached hereto as Exhibit A:

    a) The named parties to this litigation, including not more than a single set of three (3) officers, directors, and/or employees of a corporate Receiving Party who are assisting Outside Counsel, as reasonably

7

necessary for the conduct of this litigation, provided any such individuals execute a copy of the form attached hereto as Exhibit A, and each corporate Receiving Party provides the other parties one-time notice identifying the three such individuals after they are selected;

b) Independent outside experts (either consulting or testifying) retained by Outside Counsel for a Receiving Party to assist in this action, provided the disclosure is only to the extent necessary to perform such work, the expert has been disclosed pursuant to the process set forth in paragraph 10, and the expert is not a current officer, director, employee, consultant, or contractor of a party, nor anticipated at the time of retention to become an officer, director, employee, consultant, or contractor of a party;

c) Non-technical jury or trial consulting services retained by Outside Counsel for a Receiving Party, including any mock jurors;

d) Neutral evaluators, mediators, arbitrators, referees, or other neutrals assigned to the case by the Court or retained by mutual agreement of the parties; and

e) Professional vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

12. With respect to Materials designated "CONFIDENTIAL," any person indicated on the face of the document (or within its accompanying metadata) to be its originator, author or a recipient of a copy of the document independent of this litigation, may be shown the same.

13. All Confidential Information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be viewed only by Outside Counsel (as

defined in paragraph 5) of the Receiving Party, by the judge and/or trier of fact before whom this litigation is pending and, if necessary an appellate court, and the court personnel, by court reporters, and by the individuals identified in paragraph 11(b)-(e), provided Outside Counsel limits such disclosure to the extent necessary and each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing a copy of the form attached hereto as Exhibit A.

14. With respect to Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by the Producing Party, any person indicated on the face of the document (or within its accompanying metadata) to be its originator, author or a recipient of a copy of the document independent of this litigation may be shown the same, but shall not be authorized to retain any copies, excerpts, or summaries of the Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" absent written consent of the Producing Party.

15. Subject to the following restrictions, Defendant Corey may review Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (i) if the document indicates on its face that Corey was the originator, author, or a recipient of the document independent of this litigation; or (ii) if the document by its date and contents clearly reflects that Corey otherwise possessed or knew the technical information in the document during his employment with Javo (together, the "Restricted Information"). Corey may only review Restricted Information (i) in-person with Outside Counsel of Record under the same conditions and restrictions set forth in the Joint Motion at Docket Nos. 33-34 and Order at 36 of the above-captioned action, or (ii) by means of restricted access to a Relativity database that contains only the Restricted Information that Corey is permitted to review and disables any ability to print, copy, or download the Restricted Information. Corey's counsel must maintain a log of any Restricted Information viewed by Corey, and Corey must certify that he will not take, copy, make notes of, or otherwise record information relating to any of the Restricted Information, and will not disclose or discuss the Restricted Information with anyone

other than Outside Counsel.  For avoidance of doubt, by agreeing to maintain a log of any Restricted Information viewed by Corey, CEV and Corey do not waive the right to claim that the log is not discoverable on any ground, including but not limited to on the grounds of the attorney-client privilege and/or the attorney work product doctrine, unless production is ordered by the court.

16. To the extent Javo's Outside Counsel finds it necessary to consult with Javo's other legal counsel William Marshall, Esq. of UBM Law or Drew Koning, Esq. of Koning Zollar LLP, such other legal counsel may review any Confidential Information (regardless of whether the information is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY") provided such counsel first signs a confidentiality certification in the form attached hereto as Exhibit A.  For avoidance of doubt, any recipient of Confidential Information pursuant to this paragraph may not share or discuss any information contained in the materials with anyone other than Outside Counsel.  Upon conclusion of the action, any recipient of Confidential Information pursuant to this paragraph shall comply with the requirements relating to the return or destruction of Confidential Information pursuant to paragraph 30.

17. Absent the written consent of the Producing Party, any attorney or expert (including paralegals, secretaries, and other support staff) who receives one or more items designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications substantially related to the particular technology described in the patents and patent applications filed by Corey/CEV or in Javo Confidential Information, before any foreign or domestic agency, including the United States Patent and Trademark Office; (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, substantially related to the particular technology disclosed in the patents

and patent applications filed by Corey/CEV that are at issue in this litigation or in Javo Confidential Information; and (iii) engaging in competitive decision-making (including decisions about pricing, product development, or product development) concerning extraction processes or extract products on behalf of any party to this action or any person or entity related to any party to this action.  These prohibitions are not intended to and shall not preclude Outside Counsel for any party from participating in proceedings on behalf of a Receiving Party challenging the validity of any patent, but are intended, *inter alia*, to preclude Outside Counsel from participating directly or indirectly in reexamination, or reissue proceedings, or amending patent claims in *inter partes* review or covered business method review, on behalf of a patentee that is a Receiving Party of Confidential Information designated by the producing party as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Materials is first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

      18.    Absent the written consent of the Producing Party (including the provisions above), all information which has been designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by the Producing Party, and any and all reproductions of that information, must be retained in the custody of the Outside Counsel for the Receiving Party identified in paragraph 5.  For avoidance of doubt, independent experts and their staff authorized to view Confidential Information may retain custody of copies to the extent necessary for their participation or consultation in this litigation under the terms of this Order.  Additionally, any other entities or persons identified in paragraph 13 and paragraph 11(b)-(e), including but not limited to the court, court personnel, court reporters, non-technical jury or trial consulting services (but not mock jurors), neutral evaluators, and professional vendors that provide litigation support services, who are authorized to view Confidential Information under the terms of this Order may also retain custody of copies to the extent necessary to perform their

respective functions, duties, and/or services in connection with this litigation.  Upon conclusion of the action, any recipient of Confidential Information that retains custody of copies pursuant to this paragraph shall comply with the requirements relating to the return or destruction of Confidential Information pursuant to paragraph 30.

19. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated by Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY' EYES ONLY" are filed by a Receiving Party with the Court for any purpose, the Receiving Party seeking to file such Materials must follow the procedures set forth in Rule V of Judge Bencivengo's Chambers Rules in order to seek permission of the Court to file the Materials under seal.

20. Furthermore, pursuant to Rule V of Magistrate Judge Gallo's Chambers Rules, no document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal.  An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel.  If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

21. At any stage of these proceedings, any party may object to a designation of the Materials as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."   The party objecting to a confidentiality designation must notify, in writing, Outside Counsel for the Producing Party of the objected-to Materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the Receiving Party that objects to the confidentiality designation may move the Court for a ruling on the objection.  The Materials at issue must be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as designated

by the Producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

22. All Confidential Information must be held in confidence by those inspecting or receiving it. Unless and until the parties have agreed otherwise in a cross-use agreement or discovery stipulation involving other litigation or arbitration between the parties, all Confidential Information must be used only for purposes of this action or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation, any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Confidential Information shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

23. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

24. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as Confidential Information in accordance with this Order.

25. If a Producing Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with a specified confidentiality designation under this Order. The receiving party must treat the Materials

as Confidential Information, once the Producing Party so notifies the Receiving Party. If the Receiving Party has disclosed the Materials before receiving the designation, the Receiving Party must notify the Producing Party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to reflect the Material is subject to this Order.

26. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

27. Nothing in this Order will bar Outside Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information may not be disclosed.

28. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order may not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

29. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by court order. Prior to any such disclosure pursuant to a court order (other than an order from the Court in this action), the Receiving Party required by the court order to disclose the information shall provide ten (10) days' notice to the Producing Party who provided the Confidential Information and shall identify and provide copies of the Confidential Information required to be produced by the court order to the producing party who provided such information. If the court order is such that ten (10) days' notice is not possible, then the

Receiving Party required to make the disclosure shall provide the earliest practicable notice to the Producing Party.

30. Within forty-five (45) days of the final termination of this action, including any and all appeals, Outside Counsel for each party must, upon request of the producing party, return all Confidential Information to the Producing Party, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the Receiving Party, and must purge all such information from all machine-readable media on which it resides, and certify that (to the best of Outside Counsel's knowledge) the Receiving Parties (including all experts, vendors, and witnesses) have complied with the same requirement and have not retained any copies, excerpts, or summaries of that information. Notwithstanding the foregoing, Outside Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

31. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the Producing Party. Prior knowledge must be established by pre-production documentation.

32. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

33. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Confidential Information.

34. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding or arbitration and shall not be relied upon to challenge the privileged status of the document.  Nothing in this Order will prejudice the right of any party to challenge or dispute any claim of privilege with respect to such documents.

35. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

36. This Order may be modified by agreement of the parties, subject to approval by the Court.

37. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order. This Order shall apply with equal force to both party and non-party discovery in this action, but different or additional confidentiality terms may be negotiated with or by a non-party.

**IT IS SO ORDERED.**

Dated: May 7, 2020

Hon. William V. Gallo
United States Magistrate Judge