COOLEY LLP
Steven M. Strauss (99153) (sms@cooley.com)
Erin C. Trenda (277155) (etrenda@cooley.com)
Alexander R. Miller (294474) (amiller@cooley.com)
Joanna L. Hubberts (294230) (jhubberts@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

Jeffrey Karr (186372) (jkarr@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Plaintiff and Counterclaim-Defendant
Javo Beverage Co., Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | Case No. 19-cv-01859 CAB WVG |
| Plaintiff, | **DECLARATION OF ERIN C. TRENDA ISO JAVO'S MOTION TO STAY PENDING ARBITRATION** |
| v. | |
| CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, | Date:  July 1, 2020<br>Ctrm.:   4C (4th Floor)<br>The Hon. Cathy Ann Bencivengo |
| Defendants. | Complaint Filed:   September 26, 2019<br>Trial Date:             TBD |
| CALIFORNIA EXTRACTION VENTURES, INC., | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |
| Counter-Claimant, | |
| v. | |
| JAVO BEVERAGE CO., INC., | |
| Counterclaim-Defendant. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

I, Erin C. Trenda, declare as follows:

1.     I am an associate attorney with Cooley LLP, counsel for Javo Beverage Co., Inc. ("Javo") in the above-captioned action and in the arbitration entitled *Javo Beverage Company, Inc. v. Stephen Corey*, AAA Case No. 01-19-0003-2445. I submit this declaration in support of Javo's Motion to Stay Pending Arbitration (the "Motion"). I have personal knowledge of the matters set forth in this declaration and could and would testify competently thereto.

2.     On January 8, 2020, the parties held a telephonic Rule 26(f) conference. Jeffrey Karr, Alexander Miller, and I attended on behalf of Javo. John Yacovelle, Marisa Miller, and Kristin Housh attended on behalf of CEV and Corey. During the Rule 26(f) conference, counsel for CEV and Corey raised the possibility of staying either the district court action or the arbitration.

3.     Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts from the parties' Join Discovery Plan, which was submitted to Magistrate Judge William V. Gallo on January 21, 2020. Section 15 of the Joint Discovery Plan states: "In the interests of judicial economy and efficiency, Defendants CEV and Corey anticipate filing a motion to either stay the related arbitration proceedings . . . pending the outcome of the instant lawsuit, or the instant lawsuit pending the outcome of the related arbitration proceedings."

4.     On February 10, 2020, the parties appeared for the ENE and Case Management Conference before Judge Gallo. Steve Strauss, Alexander Miller, and I attended on behalf of Javo. John Yacovelle, Marisa Miller, and Jesse Salen attended on behalf of CEV and Corey. In addition to Stephen Corey, party representatives for both CEV and Javo were also present. The issue of a potential stay of the district court litigation was briefly discussed during the proceedings, but CEV/Corey's position was not clear.

5.     After the ENE and Case Management Conference, Steve Strauss emailed John Yacovelle to clarify CEV/Corey's position on a stay. John Yacovelle responded:

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

DECLARATION OF E. TRENDA ISO
JAVO'S MOT. TO STAY
CASE NO. 19-CV-1859 CAB WVG

"Actually we did not take any position for or against a stay at the ENE. We are deciding and expect to get back to you shortly." Attached hereto as Exhibit 2 is a true and correct copy of email correspondence between Steve Strauss and John Yacovelle, dated February 12 through February 13, 2020.

6.      One week later, on February 20, 2020, Marisa Miller sent a letter to Cooley taking the position that "we believe a stay of the arbitration is necessary to promote the interests of judicial economy, preserve the limited resources of the parties, the district court, and the arbitrator, and avoid the risk of potentially inconsistent factual findings and outcomes." This was the first time that Corey and CEV informed Javo that it was their position that the arbitration, and not the district court litigation, should be stayed. A true and correct copy of the February 20, 2020 letter from Marisa Miller is attached hereto as Exhibit 3.

7.      On February 24, 2020, Steve Strauss sent a response letter declining to agree to stay the arbitration. The letter explains that "[t]he arbitration will be more expeditious than litigation, and it has a high likelihood of resolving and/or clarifying certain issues in the district court litigation," and that "[p]roceeding with the arbitration is not only more efficient for the parties" but also consistent with the policy favoring contractual arbitration. A true and correct copy of the February 24, 2020 letter from Steve Strauss is attached hereto as Exhibit 4.

8.      On March 2, 2020, the Hon. Jay C. Gandhi (the "Arbitrator") held a telephonic Arbitration Management Conference in the Arbitration. Steve Strauss, Jeff Karr, and Erin Trenda appeared on behalf of Javo. John Yacovelle and Marisa Miller appeared on behalf of CEV. On the call, Ms. Miller and Mr. Yacovelle represented to Javo and the Arbitrator that they would be filing a motion to stay the arbitration in this Court. During the teleconference, they also accepted the Arbitrator's invitation to proceed on both tracks by filing a similar motion in the arbitration at the same time.

9.      Despite representing that they intended to file before this Court, Corey (and CEV) only filed a motion to stay with the Arbitrator.  In the motion, Corey argued

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

DECLARATION OF E. TRENDA ISO
JAVO'S MOT. TO STAY
CASE NO. 19-CV-1859 CAB WVG

for a stay under the California Arbitration Act and California Code of Civil Procedure section 1281.2, and ignored both the AAA rules and district court precedent rejecting the application of section 1281.2 to cases like this one. Javo opposed Corey's motion.

10.     The Arbitrator denied Corey's motion to stay the Arbitration in a ruling dated April 21, 2020, which was served on the parties on May 1, 2020 (the "Ruling"). A true and correct copy of the Arbitrator's Ruling is attached hereto as Exhibit 5.

11.     In connection with the Ruling, the Arbitrator also issued a scheduling order dated April 21, 2020, which was served on the parties on Friday, May 1, 2020 (the "Scheduling Order"). The Scheduling Order sets the Arbitration hearing on December 7 through December 11, 2020. Javo and Corey have been complying with the Arbitrator's deadlines under the Scheduling Order and are also in the process of negotiating a cross-use agreement in the Arbitration. A true and correct copy of the Scheduling Order is attached hereto as Exhibit 6.

12.     After receiving the Ruling and Scheduling Order on Friday, May 1, 2020, Steve Strauss emailed John Yacovelle and Marisa Miller on Tuesday, May 5, 2020, to ask if their clients were reconsidering a stay of the district court action pending arbitration. Marisa Miller responded one week later on Tuesday, May 12, 2020, that "[w]e are conferring with our clients about this and will get back to you." One week after that, on Tuesday, May 19, 2020, Ms. Miller responded that her clients "are not interested in staying the district court action pending arbitration." Javo promptly prepared this motion for filing the following week. A true and correct copy of the email correspondence between Steve Strauss and Marisa Miller from May 5 through May 19, 2020, is attached hereto as Exhibit 7.

13.     During this time, the parties have continued to proceed with the deadlines under the Patent Local Rules and the Court's scheduling order at Doc. No. 65.

14.     On February 28, 2020, CEV served its initial infringement contention disclosure and related document production under Patent Local Rules 3.1 and 3.2. After Javo identified apparent typographical errors in the contention charts and deficiencies

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

DECLARATION OF E. TRENDA ISO
JAVO'S MOT. TO STAY
CASE NO. 19-CV-1859 CAB WVG

in CEV's production, CEV submitted an amended infringement contention disclosure and made a supplemental production under Patent Local Rule 3.2(b) on April 24, 2020, the same day Javo's invalidity contentions were due.

15.    On April 24, 2020, Javo served its initial invalidity contentions and related production under Patent Local Rules 3.3. and 3.4.

16.    On May 8, 2020, the parties agreed to a mutual exchange of preliminary claim construction disclosures pursuant to Patent Local Rule 4.1(a) and (b). While Javo identified proposed constructions for a significant number of terms, phrases, and/or clauses, CEV did not identify any claim terms for construction. Instead, CEV took the position via email that "no construction is necessary and each term, phrase, and/or clause of the Asserted Claims can and should be understood according to its plain and ordinary meaning."  Attached hereto as Exhibit 8 is a true and correct copy of CEV's disclosure email from Jesse Salen, dated May 8, 2020.

17.    On May 22, 2020, the parties agreed to a mutual exchange of Responsive Claim Construction disclosures pursuant to Patent Local Rule 4.1(c) and (d). CEV maintained the same contention of "plain and ordinary meaning" but also proposed constructions for select claim terms in the alternative.

18.    Javo has already incurred considerable expense in connection with the patent-related discovery and claim construction deadlines, and anticipates incurring substantially more expense as the parties comply with the upcoming briefing deadlines and prepare for the claim construction hearing, which is now scheduled for August 27, 2020. (Doc. No. 78).

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 27, 2020, in San Diego, California.

_____
Erin C. Trenda

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

DECLARATION OF E. TRENDA ISO
JAVO'S MOT. TO STAY
CASE NO. 19-CV-1859 CAB WVG

**Exhibit Index to the Declaration of Erin Trenda Submitted in Support of
Plaintiff Javo Beverage Co., Inc.'s Motion to Stay Pending Arbitration**

| Exhibit | Date | Description | Page |
|---|---|---|---|
| 1 | 01/21/20 | Excerpts from the parties' Join Discovery Plan | 1 |
| 2 | 02/13/20 | Email correspondence between Steve Strauss and John Yacovelle, dated February 12 through February 13, 2020 | 6 |
| 3 | 02/20/20 | Letter from Marisa Miller to Steve Strauss *et al.* | 8 |
| 4 | 02/24/20 | Letter from Steve Strauss to Marisa Miller | 11 |
| 5 | 04/21/20 | Arbitrator's Ruling on Respondent Corey's Motion to Stay, served May 1, 2020 | 13 |
| 6 | 04/21/20 | Arbitration Scheduling Order No. 1, served May 1, 2020 | 17 |
| 7 | 05/19/20 | Email correspondence between Steve Strauss and Marisa Miller from May 5 through May 19, 2020 | 21 |
| 8 | 05/08/20 | Email from Jesse Salen, dated May 8, 2020, regarding CEV's preliminary claim construction disclosure | 24 |

# EXHIBIT 1

1    **COOLEY LLP**
      STEVEN M. STRAUSS (99153)
2    (sms@cooley.com)
      ERIN C. TRENDA (277155)
3    (etrenda@cooley.com)
      ALEXANDER R. MILLER (294474)
4    (amiller@cooley.com)
      JOANNA L. HUBBERTS (294230)
5    (jhubberts@cooley.com)
      4401 Eastgate Mall
6    San Diego, CA 92121
      Telephone: (858) 550-6000
7    Facsimile:  (858) 550-6420

8    JEFFREY KARR (186372)
      (jkarr@cooley.com)
9    3175 Hanover Street
      Palo Alto, CA 94304
10   Telephone: (650) 843-5000
      Facsimile: (650) 849-7400

11

12   Attorneys for Plaintiff and
      Counterclaim-Defendant
      JAVO BEVERAGE CO., INC.

13

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
   A Limited Liability Partnership
   Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
    jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
    mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
    khoush@sheppardmullin.com
JESSE SALEN, Cal. Bar No. 292043
    jsalen@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:  858.509.3691

Attorneys for Defendants/Counter-Claimant
CALIFORNIA EXTRACTION VENTURES, INC.; STEPHEN COREY

14

15           **UNITED STATES DISTRICT COURT**

16        **SOUTHERN DISTRICT OF CALIFORNIA**

17   JAVO BEVERAGE CO., INC.,        Case No. 19-cv-01859 CAB WVG

18         Plaintiff,           **JOINT DISCOVERY PLAN**

19        v.

20   CALIFORNIA EXTRACTION
      VENTURES, INC. AND STEPHEN      The Hon. William V. Gallo
21   COREY,

22         Defendants.         Complaint Filed:   September 26, 2019
                                    Trial Date:           TBD
23

24   CALIFORNIA EXTRACTION
      VENTURES, INC.,

25         Counter-Claimant,

26        v.

27   JAVO BEVERAGE CO., INC.,

28         Counterclaim-Defendant.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

JOINT DISCOVERY PLAN
CASE NO. 19-CV-1859 CAB WVG
Exhibit 1, pg. 02

Pursuant to this Court's December 20, 2019 Notice and Order for (1) Early Neutral Evaluation Conference, (2) Case Management Conference, and (3) Telephonic Status Conference (Doc. No. 39) and the Court's Chambers Rule III(B), Plaintiff and Counterclaim-Defendant Javo Beverage Co., Inc. ("Javo"), Defendant and Counter-Claimant California Extraction Ventures, Inc. ("CEV"), and Defendant Stephen Corey ("Corey") respectfully submit the following Joint Discovery Plan and report of Rule 26(f) Conference.

**1.    Identity of Counsel at Rule 26(f) Conference**

The parties held a telephonic Rule 26(f) conference on January 8, 2020. Attending on behalf of Javo were Jeffrey Karr, Erin C. Trenda, and Alexander R. Miller from Cooley LLP.  Attending on behalf of CEV and Corey were John A. Yacovelle, Marisa B. Miller, and Kristin P. Housh from Sheppard, Mullin, Richter & Hampton LLP.

**2.    Related Cases**

Javo initiated arbitration proceedings against Corey before the American Arbitration Association on October 11, 2019, bringing claims for breach of contract and breach of the covenant of good faith and fair dealing.  The arbitration is captioned *Javo Beverage Co., Inc. v. Stephen Corey*, Case No. 01-19-0003-2445.  Hon. Jay C. Gandhi (Ret.) is in the process of being appointed as arbitrator.  No other related actions are pending at this time.

**3.    Additional Parties**

No additional parties are anticipated at this time.  Both parties reserve the right to revisit this issue as discovery progresses.

**4.    Interventions**

No interventions are anticipated.

**5.    Class-Action Issues**

There are no class-action issues.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

JOINT DISCOVERY PLAN
CASE NO. 19-CV-1859 CAB WVG
Exhibit 1, pg. 03

**15.   Other Matters**

In the interests of judicial economy and efficiency, Defendants CEV and Corey anticipate filing a motion to either stay the related arbitration proceedings (*see supra* Section 1) pending the outcome of the instant lawsuit, or the instant lawsuit pending the outcome of the related arbitration proceedings.

Javo does not currently take a position on Defendants' anticipated motion to stay, but understands that Defendants do not intend to bring any such motion until after the ENE conference.

**16.   Trial Before Magistrate Judge**

The parties respectfully decline trial before a magistrate judge.

**17.   Jury Demand**

Javo and Defendants have both made timely jury demands.

**18.   Discovery Disputes**

As set forth in section 20(c) below, the parties disagree as to whether damages discovery on Defendants' patent infringement claims should be bifurcated until after liability is determined.  Otherwise, the parties do not have any discovery disputes at this time, but reserve the right to assert any objections that they may have to discovery requests propounded in this action.

**19.   Proposed Schedule**

The parties propose the following schedule:

| Event | Proposed Date |
|---|---|
| Deadline to File Motions to Amend Pleadings and/or Add Parties | Pursuant to Rule 15 |
| Deadline for CEV to Serve Disclosure of Asserted Patent Claims and Infringement Contentions (P.L.R. 3.1 and 3.2) | March 12, 2020 |
| Deadline for Javo to Serve Invalidity Contentions (P.L.R. 3.3 and 3.4) | May 11, 2020 |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

JOINT DISCOVERY PLAN
CASE NO. 19-CV-1859 CAB WVG
Exhibit 1, pg. 04

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATION REGARDING ELECTRONIC SIGNATURES**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedure Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and Counter-Claimant California Extraction Ventures, Inc. and Defendant Stephen Corey, and that I have obtained his authorization to affix his electronic signature to this document.

By: */s/ Steven M. Strauss*
Steven M. Strauss

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

18.

JOINT DISCOVERY PLAN
CASE NO. 19-CV-1859 CAB WVG
Exhibit 1, pg. 05

# EXHIBIT 2

**Trenda, Erin**

| | |
|---|---|
| **From:** | John Yacovelle <JYacovelle@sheppardmullin.com> |
| **Sent:** | Thursday, February 13, 2020 8:26 AM |
| **To:** | Strauss, Steve; Marisa Miller |
| **Cc:** | Karr, Jeffrey; Trenda, Erin; Jesse Salen |
| **Subject:** | RE: Javo v. CEV/Corey |

**[External]**

Actually we did not take any position for or against a stay at the ENE. We are deciding and expect to get back to you shortly.

**John A. Yacovelle**
+1 858-720-8934 | direct
JYacovelle@sheppardmullin.com | Bio

**Sheppard**Mullin

12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Strauss, Steve <sms@cooley.com>
**Sent:** Wednesday, February 12, 2020 6:45 PM
**To:** John Yacovelle <JYacovelle@sheppardmullin.com>; Marisa Miller <MMiller@sheppardmullin.com>
**Cc:** Karr, Jeffrey <jkarr@cooley.com>; Trenda, Erin <etrenda@cooley.com>
**Subject:** Javo v. CEV/Corey

John/Marisa:   Judge Gallo said that if the parties intend to move to stay the district court action, we should do it quickly.  You indicated in past discussions and the Joint Discovery Plan that Defendants anticipated filing a motion to stay either the district court action or the arbitration.  But Judge Gallo said yesterday that Defendants were against a stay.  What are your thoughts on it?

Steve

**Steven M. Strauss**
Partner
Cooley LLP
4401 Eastgate Mall
San Diego, CA  92121-1909
Direct: 858-550-6006 • Cell: 619-977-5917

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

Exhibit 2, pg. 07

# EXHIBIT 3

858.720.7482 direct
mmiller@sheppardmullin.com

File Number:  48ZN-301430

February 20, 2020

**VIA ELECTRONIC MAIL - SMS@COOLEY.COM; JKARR@COOLEY.COM
ETRENDA@COOLEY.COM; AMILLER@COOLEY.COM**

Steven M. Strauss, Esq.
Jeffrey S. Karr, Esq.
Erin C. Trenda, Esq.
Alexander R. Miller, Esq.
COOLEY LLP
4402 Eastgate Mall
San Diego, CA  92121

Re:     <u>*Javo Beverage Co., Inc. v. Stephen Corey*</u>
        <u>American Arbitration Association Case No. 01-19-0003-2445</u>

Dear Counsel:

I write to address the status of the above-captioned arbitration (the "Arbitration") and the related district court litigation, Case No. 37-2019-00028014-CU-BC-CTL (the "Litigation").  As you are aware, and as Mr. Corey made clear in his Answer to Javo's Statement of Claim and Demand for Arbitration, there is significant overlap between the parties to the Arbitration and the Litigation, and the substance of the allegations and claims asserted therein.  Both involve Javo and Mr. Corey, arise from and relate to Mr. Corey's alleged disclosure and use of Javo's confidential and/or trade secret information following his termination from the company in or around August 2011, and will require the arbitrator and the district court to make the same factual determinations concerning the nature of the information alleged to be in Mr. Corey's possession and in the patent applications he subsequently filed.  The Litigation is significantly further advanced than the Arbitration, which is in its very preliminary stages both in terms of administration and substance.  By contrast, in the Litigation, a ruling on Javo's motion for a preliminary injunction is forthcoming, discovery has already and will continue to be conducted, and a case management order and discovery schedule has been entered.

In light of these considerations, we believe a stay of the arbitration is necessary to promote the interests of judicial economy, preserve the limited resources of the parties, the district court, and the arbitrator, and avoid the risk of potentially inconsistent factual findings and outcomes.  Both the district court and the arbitrator have the power to issue such a stay, under the applicable case law and the AAA Employment Arbitration Rules and Mediation Procedures (the "AAA Employment Rules").  *See Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (1972) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."); AAA Employment

Exhibit 3, pg. 09

Steven M. Strauss, Esq., et al.
February 20, 2020
Page 2

Rule 1 (recognizing a court's power to stay an arbitration and the AAA's inherent authority to suspend the arbitration while a party seeks a stay in court).

Accordingly, we would like to reach an agreement and a stipulation with Javo for a stay of the arbitration pending the outcome of the Litigation.  Given the forthcoming telephonic Arbitration Management Conference that was recently scheduled for March 2, 2020, please let us know Javo's position on a stipulated stay as soon as possible.  If we cannot reach an agreement, we will need and are prepared to seek court and arbitrator intervention.  I am available this week or early next week to discuss.

Very truly yours,

Marisa B. Miller
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4850-3090-9621.3

Exhibit 3, pg. 10

# EXHIBIT 4



Steven M. Strauss                                                                              Via E-mail
+1 858 550 6006
sms@cooley.com


February 24, 2020


Marisa B. Miller
Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
(858) 720-7482
mmiller@sheppardmullin.com


**Re:  *Javo Beverage Co., Inc. v. California Extraction Ventures, Inc. and Stephen Corey*,**
**U.S. District Court for the Southern District of California, Case No. 3:19-cv-01859-CAB-WVG;**
***Javo Beverage Co., Inc. v. Stephen Corey*, AAA Case No. 01-19-0003-2445**

Dear Marisa:

I write in response to your letter dated February 20, 2020.  We are not going to agree to stay the arbitration proceeding, as we do not believe there is any mandate for such a stay.  If you are interested in staying the district court action pending arbitration, please let us know.

Stephen Corey's Employment Agreement ("EA") and Confidentiality and Invention Assignment Agreement ("CIAA") authorized Javo to seek preliminary injunctive relief in the district court.  Now that the Court has ruled on Javo's motion, the arbitration should proceed on the issue of Corey's breach of the EA and CIAA. The arbitration will be more expeditious than litigation, and it has a high likelihood of resolving and/or clarifying certain issues in the district court litigation.  Proceeding with the arbitration is not only more efficient for the parties; it is consistent with the mandate in favor of contractual arbitration under the Federal Arbitration Act.

Sincerely,

Steven M. Strauss

cc: Counsel of record


221027516

Exhibit 4, pg. 12

# EXHIBIT 5

Hon. Jay C. Gandhi (Ret.)
555 West Fifth Street
32nd Floor
Los Angeles, CA 90013

## AAA ARBITRATION

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | AAA Case No. 01-19-0003-2445 |
| Claimant, | |
| v. | **RULING ON RESPONDENT'S MOTION TO STAY** |
| STEPHEN COREY, | |
| Respondent. | Arbitrator: Hon. Jay C. Gandhi (Ret.) |

The Arbitrator has reviewed Respondent Stephen Corey's ("Corey") Motion to Stay the Arbitration, including Claimant Javo Beverage Company, Inc.'s ("Javo") opposition and related papers. Oral argument was held telephonically on March 2, 2020. The exigent circumstances of COVID-19 then intervened.

Corey desires a stay of this Arbitration pending a resolution of a related lawsuit in the United States District Court for the Southern District of California (*Javo Beverage Co., Inc. v. California Extraction Ventures, Inc. and Stephen Corey*, Case No. 3:19-CV-01859-CAB-WVG) (the "Litigation"), which was filed on September 26, 2019, two weeks before Claimant's Demand was filed. Both the Demand here and the complaint in the Litigation advance similar allegations and claims, albeit the complaint also asserts claims against the company for which Corey is currently employed. In part because there is only the existing employment agreement ("Agreement") between Javo and Corey, the claims in the Arbitration are contractual, while the claims in the Litigation are mainly statutory and tort based.

In early February 2020, the parties completed an Early Neutral Evaluation Conference and Case Management Conference in the Litigation, subsequent to which a Case Management Order was issued by the District Court. On February 24, 2020, the District Court denied a preliminary injunction motion filed by Javo. In connection with that motion, the parties had previously completed a Rule 30(b)(6) deposition on three discrete topics limited to the injunction motion. The District Court also denied a motion by Corey to dismiss on statute of limitations grounds. With respect to general discovery in the Litigation, the parties have completed their

1

Exhibit 5, pg. 14

initial disclosures and defendants have served patent infringement contentions, a document production request to plaintiff and four document subpoenas on third parties.  The Arbitrator understands Corey has not filed a motion to stay the Arbitration in the District Court.

Corey contends the Arbitration should be stayed until the Litigation can be resolved, as the Litigation has advanced significantly in the past five months and the Arbitration is in its infancy.  In support of his position, Corey cites to the California Supreme Court's decision in *Cronus Investments, Inc. v. Concierge Services.* for the proposition that the Agreement's choice of law provision contemplating the application of California law also incorporates the California Arbitration Act and California Code of Civil Procedure section 1281.2.  *Cronus Invs., Inc. v. Concierge Servs.*, 35 Cal. 4th 376, 387, 393 n.8 (2005).  According to Corey, each of the three requirements of Code of Civil Procedure section 1281.2 invoking the "litigation exception" are met here.  *See Acquire II, Ltd. v. Colton Real Estate Grp.*, 213 Cal. App. 4th 959, 967, quoting Code Civ. Proc. § 1281.2(c) ("The third-party litigation exception applies when (1) '[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party'; (2) the third-party action 'aris[es] out of the same transaction or series of related transactions'; and (3) 'there is a possibility of conflicting rulings on a common issue of law or fact.'").  Accordingly, Corey argues the Arbitrator must stay the Arbitration pursuant to Code of Civil Procedure section 1281.2.

However, in addition to section 1281.2, the Arbitrator must consider the application of the AAA Rules and the parties' agreement to submit to arbitration.  AAA Rule 1 grants parties a 60 day suspension of administration to obtain a judicial stay of the arbitration, "[i]f, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought."  AAA Employment Arbitration Rules, Rule 1, effective Nov. 1, 2009, revised Oct. 1, 2017.  Corey's Demand was filed with the Arbitrator more than five months before he brought his Motion to Stay, certainly outside of the 30 day window provided by the AAA Rules.  More importantly, to date, the Arbitrator is unaware of any attempt by Corey to seek a stay of the Arbitration in the District Court.  Under the AAA Rules, the Arbitrator may lack jurisdiction to stay this proceeding.

That aside, the Arbitrator is mindful of Corey's position and his concern with respect to the potential for inconsistent rulings and judicial economy.   However, the existing schedule for the Litigation track puts the parties' matter on calendar for trial in late summer/fall of 2021.  Much remains to be done there.  Plus, given the current unprecedented circumstances relating to the COVID-19 pandemic and statewide "shelter in place" orders, it is not beyond conjecture to envision further setbacks in the Litigation.  On the other hand, the Arbitrator remains in a position to continue forward with this proceeding assiduously, and indeed under an expectation and the parties' pact to do so.  Perhaps given certain efficiencies of arbitration and the expected cooperation of the parties, the Arbitrator believes this matter can be resolved by the end of 2020.  As to Respondent's concerns about conflicting judicial rulings, the timing of an expedient schedule in keeping with the spirit of arbitration can avoid this potential pitfall.

2

Exhibit 5, pg. 15

     In the end, the parties have agreed to the resolution of any disputes arising out of the Agreement through binding arbitration.  The Arbitrator intends to act in accordance with the parties' mutually contracted-for rights.  For the reasons discussed, the Arbitrator DENIES Respondent Corey's Motion to Stay the Arbitration proceeding pending the resolution of the Litigation.

Date:  April 21, 2020

_____

Hon. Jay C. Gandhi (Ret.)
Arbitrator

Exhibit 5, pg. 16

# EXHIBIT 6

Hon. Jay C. Gandhi (Ret.)
555 West Fifth Street
32nd Floor
Los Angeles, CA 90013

# AAA ARBITRATION

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | AAA Case No. 01-19-0003-2445 |
|     Claimant, | |
| | **SCHEDULING ORDER NO. 1** |
| v. | |
| STEPHEN COREY, | Arbitrator:  Hon. Jay C. Gandhi (Ret.) |
|     Respondent. | |

The Arbitrator studied each of the parties' proposed arbitration schedules.[1]  Now, this Scheduling Order No. 1 is entered with respect to this Arbitration:

| Date | Event |
|---|---|
| May 1, 2020 (Friday) | Submission of Proposed Protective Order |
| May 8, 2020 (Friday) | Deadline to Exchange Discovery Requests[2] |
| May 15, 2020 (Friday) | Preliminary Witness Disclosures (to be supplemented) |

---

[1] The exigencies of Covid-19 are reflected in the schedule, but admittedly, the situation remains fluid and unpredictable.

[2] A party identifying a discovery dispute shall notify the opposing party of the specific nature of its complaint within five (5) calendar days.  If unresolved, the parties shall *meaningfully* meet and confer within seven (7) calendar days of that notice in an effort to resolve the dispute.  If the parties remain at an impasse after the meet and confer, and *after reasonable compromises proposed during that meet and confer*, then within seven (7) calendar days of that date, the parties shall notify the arbitrator of the  dispute, and the arbitrator will determine the most expeditious means of ruling on the dispute.  If the arbitrator determines that oral argument is necessary, it will notify the parties and a telephonic oral argument will be scheduled.

Exhibit 6, pg. 18

| July 2, 2020 (Thursday) | Deadline to Request Subpoena for Third-Party Discovery[3] |
|---|---|
| August 14, 2020 (Friday) | Completion of Document Productions (rolling productions) |
| To Be Determined | Discovery Status Conference |
| August 28, 2020 (Friday) | Close of Fact Discovery<br><br>• Depositions capped at five (5). |
| **<u>August 28, 2020 (Friday)</u>** | **<u>Mediation Cutoff Date.</u>**  The Arbitrator adds a cutoff date in order to encourage settlement discussions prior to undertaking expert discovery. |
| September 25, 2020 (Friday) | Expert Designation and Reports |
| October 9, 2020 (Friday) | Rebuttal Expert Designation and Reports |
| October 23, 2020 (Friday) | Close of Expert Discovery |
| October 30, 2020 (Friday) | Exchange List of Hearing Witnesses and Exhibits |
| November 13, 2020 (Friday) | Pre-Hearing Submissions<br><br>• Exhibits<br>• Pre-hearing Briefs<br>• MILs (if any) |
| November 20, 2020 (Friday) | Pre-Hearing Conference |
| December 4, 2020 (Friday) | Deadline to Provide Full Set of Hearing Exhibits |
| December 7 through December 11, 2020 (Monday through Friday) | Hearing[4]<br><br>• Each side is allowed 12 hours, including opening and closings. |
| December 21, 2020 (Monday) | Post-Hearing Briefs |

---

[3] Any third party subpoenas must be submitted to the Arbitrator and copied to opposing parties.  The Arbitrator will wait three (3) business days before signing a subpoena in order to allow the other party or parties to object to the issuance of the subpoena.  Any objections shall be presented as a two-page letter brief.  If no objection is raised within three (3) business days, the Arbitrator shall sign the subpoena and provide it to the issuing party.

[4] The parties shall arrange for the presence of a court reporter during the Arbitration Hearing and otherwise as desired or appropriate.

Exhibit 6, pg. 19

   The above deadlines and hearing dates in this Scheduling Order No. 1 are firm, and the parties shall plan accordingly.

   This Scheduling Order No. 1 shall control the progress of this Arbitration unless subsequently amended, supplemented or modified by order of the Arbitrator.

Date:  April 21, 2020

             _____

             Hon. Jay C. Gandhi (Ret.)
             Arbitrator

Exhibit 6, pg. 20

# EXHIBIT 7

## Trenda, Erin

| | |
|---|---|
| **From:** | Marisa Miller <MMiller@sheppardmullin.com> |
| **Sent:** | Tuesday, May 19, 2020 5:13 PM |
| **To:** | Strauss, Steve; John Yacovelle |
| **Cc:** | Karr, Jeffrey; Trenda, Erin |
| **Subject:** | RE: Javo/Corey |

**[External]**

Steve, Jeff, and Erin – Our clients have confirmed that they are not interested in staying the district court action pending arbitration.

Marisa

**Marisa B. Miller**
+1 858-720-7482 | direct
MMiller@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Marisa Miller
**Sent:** Tuesday, May 12, 2020 10:14 AM
**To:** 'Strauss, Steve' <sms@cooley.com>; John Yacovelle <JYacovelle@sheppardmullin.com>
**Cc:** Karr, Jeffrey <jkarr@cooley.com>; Trenda, Erin <etrenda@cooley.com>
**Subject:** RE: Javo/Corey

Steve, Jeff, and Erin – We are conferring with our clients about this and will get back to you.

**Marisa B. Miller**
+1 858-720-7482 | direct
MMiller@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Strauss, Steve <sms@cooley.com>
**Sent:** Tuesday, May 5, 2020 8:06 PM
**To:** John Yacovelle <JYacovelle@sheppardmullin.com>; Marisa Miller <MMiller@sheppardmullin.com>
**Cc:** Karr, Jeffrey <jkarr@cooley.com>; Trenda, Erin <etrenda@cooley.com>
**Subject:** Javo/Corey

Exhibit 7, pg. 22

John/Marisa: Given Judge Gandhi's order and schedule setting the arbitration hearing for December, let us know if your clients are now interested in staying the district court action pending arbitration.

Steve

**Steven M. Strauss**
Partner
Cooley LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: +1 858 550 6006 • Fax: +1 858 550 6420
Email: sms@cooley.com • www.cooley.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit 7, pg. 23

# EXHIBIT 8

**Trenda, Erin**

| | |
|---|---|
| **From:** | Jesse Salen <JSalen@sheppardmullin.com> |
| **Sent:** | Friday, May 8, 2020 1:01 PM |
| **To:** | Trenda, Erin; Strauss, Steve; Miller, Alexander; Karr, Jeffrey; Hubberts, Joanna Liebes |
| **Cc:** | John Yacovelle; Marisa Miller; Kristin Housh |
| **Subject:** | RE: Javo v. CEV - Exchange of Claim Constructions and Identification of Extrinsic Evidence Pursuant to Patent Local Rules 4.1(a) and (b) |

**[External]**

Counsel,

Pursuant to paragraph 3 of the Case Management Order Regulating Discovery and Other Pretrial Proceedings in a Patent Case (Dkt. 65), and Patent Local Rules 4.1(a) and (b), Defendant and Counterclaim-Plaintiff California Extraction Ventures, Inc. ("CEV") contends that, for claim 5 of U.S. Patent No. 10,207,200 and claims 3, 8, 9, and 10 of U.S. Patent No. 10,293,275 (collectively, the "Asserted Claims"), no construction is necessary and each term, phrase, and/or clause of the Asserted Claims can and should be understood according to its plain and ordinary meaning.  In accordance with the Case Management Order and Patent Local Rules 4.1(c) and (d), CEV expressly reserves its right to respond to any proposed claim construction by Plaintiff and Counterclaim-Defendant Javo Beverage Co., Inc., including by identifying alternate constructions and extrinsic evidence in support thereof.

Regards,

**Jesse A. Salen**
+1 858-720-8964 | direct
JSalen@sheppardmullin.com | Bio

**Sheppard**Mullin
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Trenda, Erin <etrenda@cooley.com>
**Sent:** Friday, May 8, 2020 11:48 AM
**To:** Jesse Salen <JSalen@sheppardmullin.com>; Strauss, Steve <sms@cooley.com>; Miller, Alexander <AMiller@cooley.com>; Karr, Jeffrey <jkarr@cooley.com>; Hubberts, Joanna Liebes <jhubberts@cooley.com>
**Cc:** John Yacovelle <JYacovelle@sheppardmullin.com>; Marisa Miller <MMiller@sheppardmullin.com>; Kristin Housh <KHoush@sheppardmullin.com>
**Subject:** RE: Javo v. CEV - Exchange of Claim Constructions and Identification of Extrinsic Evidence Pursuant to Patent Local Rules 4.1(a) and (b)

Jesse,

We will be ready to do the mutual exchange at 1 pm today.

Thanks,
Erin

**Erin C. Trenda**
Cooley LLP

1

Exhibit 8, pg. 25

4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: (858) 550 6147 • Fax: (858) 550 6420
Email: etrenda@cooley.com • www.cooley.com

---

**From:** Trenda, Erin
**Sent:** Thursday, May 7, 2020 3:48 PM
**To:** Jesse Salen <JSalen@sheppardmullin.com>; Strauss, Steve <sms@cooley.com>; Miller, Alexander
<AMiller@cooley.com>; Karr, Jeffrey <jkarr@cooley.com>; Hubberts, Joanna Liebes <jhubberts@cooley.com>
**Cc:** John Yacovelle <JYacovelle@sheppardmullin.com>; Marisa Miller <MMiller@sheppardmullin.com>; Kristin Housh
<KHoush@sheppardmullin.com>
**Subject:** RE: Javo v. CEV - Exchange of Claim Constructions and Identification of Extrinsic Evidence Pursuant to Patent
Local Rules 4.1(a) and (b)

Jesse,

A mutual exchange at 1 pm tomorrow should work, but we will confirm with you tomorrow mid-morning.

Thanks,
Erin

**Erin C. Trenda**
Cooley LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
Direct: (858) 550 6147 • Fax: (858) 550 6420
Email: etrenda@cooley.com • www.cooley.com

---

**From:** Jesse Salen <JSalen@sheppardmullin.com>
**Sent:** Thursday, May 7, 2020 2:17 PM
**To:** Strauss, Steve <sms@cooley.com>; Trenda, Erin <etrenda@cooley.com>; Miller, Alexander <AMiller@cooley.com>;
Karr, Jeffrey <jkarr@cooley.com>
**Cc:** John Yacovelle <JYacovelle@sheppardmullin.com>; Marisa Miller <MMiller@sheppardmullin.com>; Kristin Housh
<KHoush@sheppardmullin.com>
**Subject:** Javo v. CEV - Exchange of Claim Constructions and Identification of Extrinsic Evidence Pursuant to Patent Local
Rules 4.1(a) and (b)

**[External]**

---

Counsel,

As you know, tomorrow (May 8th) is the deadline for the parties to "exchange Preliminary Claim Constructions pursuant
to Patent L.R. 4.1(a) and identify extrinsic evidence as required by Patent L.R. 4.1(b)." (Dkt. 65 at ¶ 3.)  We propose
exchanging Preliminary Claim Constructions and identifications of extrinsic evidence at 1 pm Pacific Time
tomorrow.  Please confirm your agreement.

Regards,

**Jesse A. Salen**
+1 858-720-8964 | direct
JSalen@sheppardmullin.com | Bio

Exhibit 8, pg. 26

**Sheppard**Mullin
12275 El Camino Real, Suite 200
San Diego, CA 92130-4092
+1 858-720-8900 | main
www.sheppardmullin.com | LinkedIn | Twitter

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

Exhibit 8, pg. 27