SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
     jyacovelle@sheppardmullin.com
MARISA B. MILLER, Cal. Bar No. 270860
     mmiller@sheppardmullin.com
KRISTIN P. HOUSH, Cal. Bar No. 286651
     khoush@sheppardmullin.com
JESSE SALEN, Cal. Bar No. 292043
     jsalen@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:   858.509.3691

Attorneys for Defendants/Counter-Claimant
CALIFORNIA EXTRACTION
VENTURES, INC.; STEPHEN COREY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JAVO BEVERAGE CO., INC., | Case No. 3:19-CV-01859-CAB-WVG |
|---|---|
| Plaintiff, | **DECLARATION OF MARISA B. MILLER IN SUPPORT OF DEFENDANTS CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY'S MOTION FOR ANTI-SUIT INJUNCTION TO ENJOIN ARBITRATION** |
| v. | |
| CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, | |
| Defendants. | |
| CALIFORNIA EXTRACTION VENTURES, INC., | Date:    July 2, 2020 |
| Counter-Claimant, | Ctrm.:   4C (4th Floor) |
| | The Hon. Cathy Ann Bencivengo |
| v. | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |
| JAVO BEVERAGE CO., INC., | |
| Counterclaim-Defendant. | Complaint Filed:   September 26, 2019 |
| | Trial Date:          TBD |

## DECLARATION OF MARISA B. MILLER

I, Marisa B. Miller, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendants California Extraction Ventures, Inc. ("CEV") and Stephen Corey ("Corey," and together with CEV, "Defendants").  This declaration is submitted in support of Defendants' Motion for Anti-Suit Injunction to Stay Arbitration.  If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

### A.      Related Arbitration Proceedings

2.      On October 11, 2019, Javo initiated an arbitration ("Arbitration") against Defendant Corey by lodging a Demand for Arbitration with the American Arbitration Association ("AAA"), captioned *Javo Beverage Co., Inc. v. Stephen Corey*, AAA Case No. 01-19-0003-2445.  Attached hereto as **Exhibit 1** is a true and correct copy of the Demand for Arbitration lodged by Javo with the AAA.

3.      On November 13, 2019, Corey lodged an Answer to Javo's Demand.  Attached hereto as **Exhibit 2** is a true and correct copy of Corey's Answer.

4.      On January 27, 2020, the AAA appointed the Hon. Jay Gandhi as Arbitrator in the Arbitration.  On March 2, 2020, the Arbitrator conducted a telephonic Arbitration Management Conference, during which Corey raised the concern that the substantial, if not identical, overlap between the allegations and claims for relief asserted in the above-captioned litigation (the "Litigation") and the Arbitration against him created a significant likelihood of conflicting rulings on common issues of law or fact as determined by the Court and the Arbitrator.

5.      At the Arbitrator's direction, on March 6, 2020, Corey filed a motion to stay the Arbitration in favor of the Litigation.  On March 13, 2020, Javo filed an opposition to Corey's motion to stay.  On March 20, 2020, Corey filed a reply brief in support of his motion to stay.

6.      On April 21, 2020, the Arbitrator issued a ruling denying Corey's motion to stay, based in part on the fact that Corey had not yet brought a motion to stay before the Court.  Attached hereto as **Exhibit 3** is a true and correct copy of the Arbitrator's ruling.  The same day, the Arbitrator issued Scheduling Order No. 1 (the "Arbitration Scheduling Order"), setting the schedule in the Arbitration. Attached hereto as **Exhibit 4** is a true and correct copy of the Arbitration Scheduling Order.  Although the Arbitrator's ruling and the Arbitration Scheduling Order are dated April 21, 2020, the AAA did not serve the parties with these papers until May 1, 2020.

7.      On May 15, 2020, pursuant to the Arbitration Scheduling Order, Javo served Corey with requests for production of documents, interrogatories, and requests for admission.  Attached hereto as **Exhibit 5** is a true and correct copy of Javo's First Set of Requests for Production to Stephen Corey.  Attached hereto as **Exhibit 6** is a true and correct copy of Javo's First Set of Interrogatories to Stephen Corey.  Attached hereto as **Exhibit 7** is a true and correct copy of Javo's First Set of Requests for Admission to Stephen Corey.

**B.      District Court Proceedings**

8.      On February 28, 2020, consistent with the Court's Case Management Order (Order [Doc. 67]), CEV served its served its Initial Disclosure of Asserted Claims and Infringement Contentions on Javo, including an initial document production.  On April 24, 2020, CEV served Invalidity Contentions on Javo.  On May 8, 2020, the parties exchanged Preliminary Claim Constructions, and on May 22, 2020, the parties exchanged Responsive Claim Constructions.

9.      In parallel, the parties have conducted significant party and third party discovery.  On February 28 and March 2, 2020, Defendants CEV and Corey served four subpoenas on third parties, seeking information regarding Javo's alleged failed sales process, which is central to Java's core allegations of liability and damages in both the Litigation and Arbitration.  On May 9, 2020, one third party produced

documents in response to a subpoena, which are highly responsive to Javo's claims for damages in both the Litigation and the Arbitration.  On March 25, 2020, Javo served separate requests for production, interrogatories, and requests for admission on Defendants CEV and Corey.  Attached hereto as **Exhibit 8** is Javo's First Set of Requests for Production to Stephen Corey.  Attached hereto as **Exhibit 9** is Javo's First Set of Interrogatories to Stephen Corey.  Attached hereto as **Exhibit 10** is Javo's First Set of Requests for Admission to Stephen Corey.  On May 1, 2020, Corey served requests for production and interrogatories on Javo, and on May 13, 2020, Corey served requests for admission on Javo.  On May 11, 2020, Defendants served supplemental responses to Javo's written discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of May, 2020, at San Diego, California.


*/s/ Marisa B. Miller*
Marisa B. Miller

1

## INDEX OF EXHIBITS

2

3

| EXHIBIT | DESCRIPTION | PAGE(S) |
|---|---|---|
| 1 | Javo Beverage Co., Inc.'s Statement of Claim and Demand for Arbitration | 6-24 |
| 2 | Respondent Stephen Corey's Answer to Claimant Javo Beverage Co., Inc.'s Statement of Claim and Demand for Arbitration | 25-32 |
| 3 | Ruling on Respondent's Motion to Stay | 33-36 |
| 4 | Scheduling Order No. 1 | 37-40 |
| 5 | Javo's First Set of Requests for Production to Stephen Corey, served in the Arbitration | 41-54 |
| 6 | Javo's First Set of Interrogatories to Stephen Corey, served in the Arbitration | 55-66 |
| 7 | Javo's First Set of Requests for Admission to Stephen Corey, served in the Arbitration | 67-74 |
| 8 | Javo's First Set of Requests for Production to Stephen Corey, served in the Litigation | 75-88 |
| 9 | Javo's First Set of Interrogatories to Stephen Corey, served in the Litigation | 89-100 |
| 10 | Javo's First Set of Requests for Admission to Stephen Corey, served in the Litigation | 101-109 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

1   COOLEY LLP
    STEVEN M. STRAUSS (99153) (sms@cooley.com)
2   ERIN C. TRENDA (277155) (etrenda@cooley.com)
    4401 Eastgate Mall
3   San Diego, CA  92121
    Telephone: (858) 550-6000
4   Facsimile:  (858) 550-6420

5   Jeffrey Karr (186372) (jkarr@cooley.com)
    3175 Hanover Street
6   Palo Alto, CA 94304
    Telephone: (650) 843-5258
7   Facsimile: (650) 849-7400

8   Attorneys for Claimant
    Javo Beverage Co., Inc.

9

10             **AMERICAN ARBITRATION ASSOCIATION**

11

12   JAVO BEVERAGE CO., INC.,       |   Case No.

13         Claimant,             |   **STATEMENT OF CLAIM AND DEMAND FOR ARBITRATION**

14       v.                     |   **(1) Breach of Contract**

15   STEPHEN COREY,           |   **(2) Breach of the Covenant of Good Faith and Fair Dealing**

16         Respondent.           |

17

18           Claimant Javo Beverage Co., Inc. ("Javo"), as successor-in-interest to La Jolla

19   Fresh Squeezed Coffee Company, Inc. ("LJFSC"), brings the following demand for

20   arbitration against Respondent Stephen Corey ("Corey" or "Respondent"), and alleges

21   as follows:

22                             **NATURE OF ACTION**

23           1.     Respondent Corey has materially breached his contractual obligations to

24   Claimant Javo to maintain and protect the confidentiality of the company's

25   confidential and proprietary information by falsely claiming it as his own and publicly

26   disclosing it.  Corey breached his obligations to Javo when he applied for and

27   obtained patents that broadly disclose and claim rights in the core aspects of the trade

28

secrets and confidential information that he participated in developing for the company and was contractually obligated to protect. Corey further breached his obligations to Javo by assigning rights to the patents and patent applications to a new company called California Extraction Ventures, Inc. ("CEV").

2. Javo approached Corey and CEV in May 2019, shortly after Javo discovered Corey had taken and misused the company's confidential information and trade secrets by falsely claiming Javo's proprietary information as his own, publicly disclosing it in patent filings, and then purporting to assign it to CEV.

3. Through counsel, Corey has refused to comply with the terms of the Employment Agreement ("EA") and the associated Confidentiality and Invention Assignment Agreement ("CIAA") or to remedy the material breach of his contractual obligations to Javo.

4. Javo therefore seeks damages resulting from Corey's breach of the parties' written agreements and the covenant of good faith and fair dealing, as well as specific performance and injunctive relief as further identified herein.

## INTRODUCTION

5. This action arises out of the EA and the associated CIAA, which Corey entered into with Javo's immediate predecessor, LJFSC, on December 5, 2001.

6. Over more than two decades and at great expense, Javo and its predecessors have researched and developed a highly valuable, unique, and proprietary process for the manufacture of concentrated, high quality, stable extracts of coffee, tea, and other botanicals. Javo has built a strong business and reputation in its industry around this unique offering, and many large, well-known companies in the coffee, food, and beverage industry contract with Javo specifically for its extraction and related manufacturing expertise.

7. Corey was an original co-founder of Javo and its predecessors, and the principal inventor of Javo's proprietary extraction process. Corey was an employee of Javo and its predecessor entities beginning from the company's inception in or around

1  1993 until 2011.

2      8.      During his employment, Corey assigned and transferred all rights and
3  interests he may have had in the proprietary extraction process to Javo, including
4  through his EA and the associated CIAA.      These agreements contain strict
5  confidentiality clauses preventing Corey from using outside his employment or
6  publicly disclosing any Javo trade secrets or confidential information.

7      9.      Since separating from Javo, Corey has failed to honor his contractual
8  obligations to the company.   Instead, in material breach of his agreements, Corey
9  brazenly applied for patents broadly disclosing and claiming rights in the core aspects
10  of Javo's highly valuable trade secrets and confidential information and then assigned
11  those patent applications to CEV, where Corey is now President.

12                              **PARTIES**

13      10.     Claimant Javo is a Delaware Corporation organized and existing under
14  the laws of Delaware with its principal place of business located at 1311 Specialty
15  Drive, Vista, California.  Since 1993, Javo has been engaged in the business of coffee,
16  tea, and botanical extracts, ingredients, and flavor systems, which are sold across the
17  country and internationally.  Javo utilizes a unique and proprietary extraction method
18  that has been continually improved over the years and results in high quality,
19  concentrated, and stable extracts for its clients.  Javo has two processing facilities, one
20  in Vista, California, and the other in Indianapolis, Indiana.  At both facilities, the Javo
21  team manages the entire proprietary extraction process from start to finish.

22      11.     Respondent Corey is an individual residing in La Jolla, California.
23  Respondent Corey is a co-founder and former employee of Javo and its predecessor
24  entities.  Corey is currently the President of CEV.

25      12.     Javo and Corey are parties to the EA, dated December 5, 2001, and the
26  associated CIAA, dated December 5, 2001.  True and correct copies of the EA and
27  CIAA are attached as Exhibit A.

28

Cooley LLP
Attorneys At Law
San Diego

3.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

## JURISDICTION AND GOVERNING LAW

13.    The American Arbitration Association ("AAA") has jurisdiction over this action by virtue of the parties' express agreement.  Section 20.1 of the EA expressly provides that "if a dispute arises concerning or relating to [Corey's] employment with the Company, the dispute shall be submitted to binding arbitration under the rules of the American Arbitration Association then in effect," and that the parties "agree to submit to the jurisdiction of the arbitrator selected in accordance with American Arbitration Association rules and procedures."  Ex. A (EA § 20.1).

14.    The EA further establishes the venue for this action in San Diego County pursuant to Section 20.1 of the EA, which states that "[t]he arbitration shall take place in San Diego County, California or in the county in which Company's headquarters are located, if different[.]"  Ex. A at 14 (EA § 20.1).

15.    Pursuant to Section 11.1 of the EA and Section 15 of the CIAA, Javo and Corey agree that both agreements are governed by California law.  Ex. A at 12 (EA § 11.1), 20 (CIAA § 15).

16.    This arbitration proceeding is governed by the AAA Employment and Arbitration Rules and Mediation Procedures pursuant to Rule 1 thereof, which provides that "[t]he parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter 'AAA') . . . or for arbitration by the AAA of an employment dispute without specifying particular rules."

## FACTUAL ALLEGATIONS

17.    Javo and its predecessors have spent significant time, effort, and expense over the last 25 years to develop Javo's trade secrets and other confidential information relating to Javo's proprietary extraction process.

18.    Javo considers the confidentiality agreements entered into by its employees to be a critical piece of Javo's effort to protect the confidentiality of the company's trade secrets and other confidential information.  Corey executed multiple

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

Exhibit 1, page 10

1   agreements with the company in which he acknowledged his duties of confidentiality

2   and agreed to protect Javo's trade secrets and other confidential information.

3       19.   Javo's trade secrets and other confidential information were not known,

4   nor readily ascertainable, from information available to the public—until Corey

5   improperly disclosed the information in publicly-available patent applications he filed

6   with the United States Patent and Trademark Office ("USPTO") and then assigned to

7   CEV.

8       20.   On information and belief, Corey and CEV intentionally stole, misused

9   and publicly disclosed Javo's trade secrets and other confidential information.  On

10  information and belief, Corey knew that this constituted the breach of material terms

11  in his employment agreement, as set forth in the EA and confirmed in the CIAA.

12      21.   Corey's blatant disregard for his obligations to Javo is all the more

13  shocking given Corey's founding role and the loyalty he should still have toward the

14  company.  Corey's actions are entirely inconsistent with the position of trust he held

15  and fiduciary duties he owed as a long-time officer and director of the company.

16      22.   In 1993, Corey formed Stephen's Coffee Company, Inc. to develop and

17  commercialize substantially the same method of extraction that is in use by Javo

18  currently.

19      23.   In the 1997-1998 timeframe, Corey and Stephen's Coffee Company

20  partnered with others in creating Stephen's Coffee Holding Corp. using an existing

21  entity, North West Farms, Inc., as part of a business restructuring plan.

22      24.   As part of this business restructure, North West Farms acquired the assets

23  of Stephen's Coffee Company and merged with Stephen's Coffee Holding Corp.,

24  leaving North West Farms as the surviving entity and Corey as a substantial

25  shareholder of North West Farms.

26      25.   In 1999, Kurt Toneys ("Toneys") became President/CEO and a director

27  of North West Farms.  In 2001, Toneys resigned from the company.  On information

28  and belief, Toneys is presently involved with CEV as its CEO and a director.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

Exhibit 1, page 11

26.     Also in 1999, North West Farms briefly changed its name to La Jolla Coffee Company, Inc., and shortly thereafter to La Jolla Fresh Squeezed Coffee Company, Inc.   In 2000, the company merged with Sorisole Acquisition Corp. ("Sorisole"), becoming a successor issuer to Sorisole.

27.     In the 1999 timeframe, the company began construction of full-scale steel extractors based on its proprietary extraction process.

28.     In 2002, the company moved to its current location in Vista, California. In connection with the move to Vista, and while Corey served as the Vice President of Research and Development, the company had additional extractor vessels fabricated under contracts that included non-disclosure agreements.   Though the company has continued to make improvements and modifications to the extractor vessels and extraction process over time, these same extractor vessels are currently still in use.

29.     In 2002, the company also redomiciled to Delaware and changed its name to Javo Beverage Company, Inc. ("Javo").

30.     During the 2001-2002 timeframe, Corey had begun to take a smaller role as a corporate leader of the company and to increasingly focus on research and development work, although he remained a director until 2004, when outside directors came on board.

31.     On December 5, 2001, Corey entered into the EA and simultaneously executed the CIAA with LJFSC, which was Javo's immediate predecessor in interest. *See* Ex. A.

32.     At all times, Javo and its predecessor, LJFSC, have met the obligations under the EA and the CIAA.

33.     The EA included requirements to ensure that Corey would protect Javo's confidential information and trade secrets.   Ex. A at 9-10 (EA § 7).   The EA defines "Confidential Information" broadly as "any data or information, other than Trade Secrets, that are valuable to Company and not generally known to the public or to competitors of Company."   *Id.* at 9 (EA § 7.1).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

Exhibit 1, page 12

34.     Under the EA, Corey expressly "acknowledges that Confidential Information and Trade Secrets are the sole property of the Company and agrees not to use such Confidential Information or Trade Secrets other than during the Employment Period and for the benefit of Company." Ex. A. at 10 (EA § 7.3).

35.     The EA expressly provides that "the restrictions stated in this Section 7 are in addition to and not in lieu of protections afforded to trade secrets and confidential information under applicable state law." Ex. A at 10 (EA § 7.5).

36.     As part of these confidentiality requirements in the EA, Corey agreed to and executed a separate confidentiality and invention assignment agreement, the CIAA. Ex. A at 10 (EA § 7.7), 16-26 (CIAA).

37.     By executing the CIAA, Corey acknowledged that he had "previously transferred any and all right, title and interest in inventions relating to coffee and coffee extracts to the Company and has continuously operated under nondisclosure agreements under which he has been and continues to be prohibited from disclosing confidential information of the Company." Ex. A at 16 (CIAA, First Recital).

38.     Under the CIAA, Corey expressly agreed, in capital letters, that he "transfers and assigns" his "entire right, title, and interest in all inventions" that were "made, conceived, reduced to practice, or learned" by him during his past relationship with the company or its predecessors in interest.   Ex. A at 18 (CIAA § 8.2 (Assignment of Inventions Created Prior to Execution of this Agreement)).

39.     Under the CIAA, Corey expressly agreed that during the term of his employment, "all Inventions belong to and shall be the sole property of Company and shall be Inventions of Company subject to the provisions of this Agreement."   Ex. A at 18-19 (CIAA § 8.3 (Assignment of Inventions During the Term of this Agreement)).  Corey signed terms that expressly "assign[] to Company all right, title, and interest Employee may have or may acquire in and to all Inventions." *Id.*

40.     By executing the CIAA, Corey further acknowledged that "since the execution of such prior transfer of invention, Employee has performed all research

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

Exhibit 1, page 13

1   and development and other work in the field of coffee as an employee of the Company

2   using the Company's equipment, supplies, facilities, and/or trade secret information

3   and that Employee's efforts have either related to the employer's business or to actual

4   or demonstrably anticipated research or development of the Company or result from

5   work performed by Employee for the Company."   Ex. A at 16 (CIAA, Second

6   Recital).

7       41.   By executing the CIAA, Corey also agreed to "hold in trust, keep

8   confidential, and not disclose to any third party or make any use of the Confidential

9   Information of Company or Clients except for the benefit of Company or Clients and

10  in the course of his employment with Company." Ex. A at 17 (CIAA § 3).

11      42.   Corey confirmed on Schedule A to the CIAA that there were no

12  inventions proprietary to him that he wanted to exclude from the application of the

13  agreement.  Ex. A at 18 (CIAA § 5), 22 (CIAA, Schedule A, indicating "None" in

14  response to a request to identify any "Inventions that [Corey did] not wish to be

15  assigned to Company under this Agreement").

16      43.   By executing the CIAA, Corey also agreed that his obligations to protect

17  the confidential information of the company and to refrain from the disclosure or use

18  to his benefit (or the benefit of any third party) of any confidential information or

19  invention, would extend beyond his termination. Ex. A at 19-20 (CIAA § 10.2).

20      44.   The CIAA concludes with the following, in all capital letters: "This

21  Agreement affects your rights to Inventions you have made and may make during

22  your employment, and restricts your right to disclose or use Company's Confidential

23  Information during or subsequent to your employment."  Ex. A at 21 (CIAA,

24  Signature Page).

25      45.   Finally, under the CIAA, Corey recognized that his "breach of [the

26  CIAA] may cause Company irreparable harm for which money is inadequate

27  compensation" and "agree[d] that Company will be entitled to injunctive relief to

28  enforce this Agreement, in addition to damages and other available remedies." Ex. A

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

1  at 20 (CIAA § 11).

2      46.   Corey made a similar acknowledgment under the EA, which expressly

3  provides that "[t]he parties agree that damages would be an inadequate remedy for

4  Company" in the event of a breach of Section 7's provisions on trade secrets and

5  confidential information.  Ex. A at 10 (EA § 7.6).  Under the EA, Corey agreed that

6  the "Company may, either with or without pursuing any potential damage remedies,

7  obtain and enforce an injunction prohibiting [Corey] from violating this Agreement

8  and requiring [Corey] to comply with its terms."  *Id.*

9      47.   On January 24, 2011 ("Petition Date"), Javo commenced a Chapter 11

10  bankruptcy proceeding in the United States Bankruptcy Court in the District of

11  Delaware, Case No. 11-10212 (BLS) to, among other things, restructure its debt.  On

12  February 18, 2011, Javo filed its Schedule of Assets and Liabilities.  *In re Javo*

13  *Beverage Co.*, Case No. 11-10212 (BLS), Dkt. No. 111 (Bankr. D. Del.).  On

14  Schedule B – Personal Property, Javo listed that it owned "proprietary manufacturing

15  processes" with an "[u]nknown" value.  *Id.* at 10.  On Schedule G – Executory

16  Contracts and Unexpired Leases, Javo listed Corey as a counter-party to the EA and

17  the attached CIAA. *Id.* at 42.

18      48.   On February 22, 2011, Javo's agent served Corey (as a creditor and

19  interested party) with a Notice of Deadline of March 24, 2011, to file a Proof of Claim

20  setting forth any claim, allegation, liability, or damage Corey may have had against

21  Javo as of the Petition Date.  *In re Javo Beverage Co.*, Case No. 11-10212 (BLS),

22  Dkt. Nos. 119, 125 (Bankr. D. Del.).  The Notice expressly stated that not filing a

23  claim would forever waive Corey's ability to assert that claim against Javo or its

24  assets in the future.

25      49.   Corey filed no Proof of Claim in response to the Notice of Deadline of

26  March 24, 2011, and filed no objections to the confirmation of Javo's First Amended

27  Plan of Reorganization ("Plan").

28      50.   On April 28, 2011, the Bankruptcy Court entered an order

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

("Confirmation Order") confirming Javo's Plan, which included an assumption by the reorganized Javo entity of Corey's EA and the attached CIAA. *In re Javo Beverage Co.*, Case No. 11-10212 (BLS), Dkt. No. 242 (Bankr. D. Del. Apr. 28, 2011). The Confirmation Order provided that all of Javo's property, including, without limitation, the proprietary manufacturing processes, were vested in the reorganized entity, free of claims, liens, encumbrances, and interests of any kind. The Confirmation Order further provided that all holders of claims had forever released and discharged reorganized Javo and its property from any and all claims, rights, causes of action, liabilities, whether known or unknown, and interests. The Confirmation Order also enjoined creditors, including Corey, from taking any action against reorganized Javo with respect to any pre-effective date claim.

51.     Javo exited bankruptcy on or about May 13, 2011, upon consummation of the Plan. *In re Javo Beverage Co.*, Case No. 11-10212 (BLS), Dkt. No. 257 (Bankr. D. Del. Apr. 28, 2011).

52.     In or about August 2011, Javo terminated Corey without cause as a result of the elimination of his position due to the restructuring under the Plan.

53.     On December 12, 2011, Corey executed Exhibit B to the EA, confirming his release and waiver of any claims against Javo. Ex. A at 7 (EA § 6.1(b)), 25 (EA, Exhibit B).

54.     Unbeknownst to Javo, Corey began to file patent applications in 2015 that were based on Javo's trade secret and confidential information and in material breach of his continuing obligations to the company.

55.     On March 17, 2015, Corey filed with the USPTO provisional patent application, U.S. Pat. App. No. 62/134,497 (the "'497 Provisional Application"). The '497 Provisional Application is titled "Coffee Extraction Method and Apparatus" and lists Corey as the inventor. The '497 Provisional Application contains terminology frequently used by Corey at Javo and even refers to "Javo" processes in certain figures. A true and correct copy of the '497 Provisional Application is attached as

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

Exhibit 1, page 16

Exhibit B.

56.    The '497 Provisional Application describes the field of invention as generally relating to "a method of coffee bean extraction and apparatus." The '497 Provisional Application describes the invention more specifically as "a novel method for precisely extracting purified supreme coffee from coffee bean mixture using precise water structuring parameters, pressure gradients and temperature profiles." Ex. B at 2, para [001].

57.    The '497 Provisional Application admits that Corey conceived of grind matrixing / the filtration core while at Javo. For example, the '497 Provisional Application states that "it took the Applicant six years of testing to figure it out" and that "[t]his only happened when the Applicant was able to build a Lexan, transparent vessel." Ex. B at 19, para [0043]. At least some, and most likely all, of those "six years of testing" were done at Javo or one of its predecessors. At minimum, two of those "six years" were at Javo because six years prior to March 17, 2015, would be March 2009, and Corey worked at Javo until his termination in August 2011. Indeed, while at Javo, Corey built a Lexan transparent vessel that he used for testing that is similar to what is described in the '497 Provisional Application. On information and belief, conception occurred during Corey's tenure with the company.

58.    The '497 Provisional Application also contains phrases frequently used by Corey at Javo. For example, it states that "the coffee itself became its own best filtering agent." Ex. B at 19, para [0043]. While at Javo, Corey also frequently used that same phrase, and the related term "grind matrixing." Ex. B at 10, para [0024]. The "grind matrix" term appears in the title and throughout two subsequent patents filed by Corey.

59.    Literature on Javo's predecessor describes its proprietary products as "seventh generation cold water extraction technology" that it deployed in February 2000. The '497 Provisional Application refers to "categories" of operations that "are critical, absolutely vital and necessary to the new generation of the Gen 7 extraction

Cooley LLP
Attorneys At Law
San Diego

11.

Statement of Claim and
Demand for Arbitration

Exhibit 1, page 17

1    process." Ex. B at 25, para [0056].

2        60.    Figure 7 of the '497 Provisional Application is titled "Coffee Sequencing

3    Sets & Subsets Flow-Chart" and addresses both coffee beans and "hungry water."

4    Ex. B, Figure 7.   The flow-chart has the word "Javo" written ten times next to

5    multiple steps relating to the extraction process.  *See id.*  Corey also used the term

6    "hungry water" to describe purified, deionized water during his time at Javo.

7        61.    Another example of the patents containing terms frequently used by

8    Corey at Javo, are the frequent references to "pressure wave" technology.   CEV

9    claims the "pressure-wave" as its novel technology, but Javo has documentation

10   created by Corey in the course of his employment at the company in which Corey

11   describes the "pressure-wave" within the Javo process.  For example, in an extraction

12   log from 2004, Corey reported on a lab extraction he had performed by writing:

13   "Decent extraction, fairly even upwelling of pressure wave, consistent transition

14   through diffuser."

15       62.    Thus far, Corey has obtained seven issued patents claiming priority to

16   Corey's '497 Provisional Application, including U.S. Pat. No. 9,855,516 (issued Jan.

17   2, 2018); U.S. Pat. No. 10,112,124 (issued Oct. 30, 2018); U.S. Pat. No. 10,130,898

18   (issued Nov. 20, 2018); U.S. Pat. No. 10,207,200 (issued Feb. 19, 2019); U.S. Pat. No.

19   10,293,275 (issued May 21, 2019); U.S. Pat. No. 10,335,712 (issued July 2, 2019),

20   and U.S. Pat. No. 10,399,006 (issued September 3, 2019).   Corey has assigned all

21   seven patents to CEV.  Corey also has seven additional published patent applications

22   claiming priority to the '497 Provisional Application, which he also assigned to CEV.

23       63.    The issued patents and published patent applications disclose material

24   that substantially describes and overlaps with the proprietary confidential information

25   and trade secrets that existed when Corey signed the agreements.  On information and

26   belief, the unpublished applications describe and overlap on the same proprietary

27   process.

28       64.    After the date of the LA and CIAA and prior to Corey's termination, Javo

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

Exhibit 1, page 18

had developed further designs or processes constituting confidential and/or trade secret information. Any involvement of Corey in such development was subject to the confidentiality and assignment provisions of the EA and CIAA. The issued patents and published patent applications also disclose aspects of these further-developed designs. On information and belief, the unpublished applications describe and overlap on the same proprietary process.

65. Corey's publication of these materials with the USPTO and assignment to CEV constituted a violation of Corey's clear obligations to protect and refrain from disclosing confidential information and trade secrets of the company and his previous assignment and transfer of all interest in any inventions to Javo.

66. On information and belief, the offer and sale of securities by CEV funded, at least in part, the preparation and filing of the '497 Provisional Application and the preparation and filing of additional patent applications that Corey assigned to CEV.

67. On information and belief, in seeking funding for CEV, Corey and/or CEV disclosed Javo's confidential and trade secret information to investors or prospective investors, at least through disclosing the provisional applications, pending applications, or issued patents.

68. On information and belief, in seeking funding from investors, Corey and/or CEV also made false claims of ownership over confidential and trade secret information of Javo to investors or prospective investors.

69. Upon learning of Corey's breach of contract and other malfeasance, Javo sent correspondence to Corey and CEV on May 30, 2019. Following additional correspondence and meetings between the parties, it has become clear that Corey and CEV have no intention of ceasing their wrongful conduct or remedying the harm to Javo. As a result, Javo has filed suit against Corey and CEV in the U.S. District Court for the Southern District of California for trade secret misappropriation, as well as additional claims against CEV. Javo separately brings this arbitration against Corey

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

Exhibit 1, page 19

1    for his breach of contractual obligations and the covenant of good faith and fair

2    dealing owed to Javo.

3         70.    Corey's breaches have been material and have caused substantial damage

4    to Javo. This harm to Javo includes diminishing the value of Javo at a critical time

5    when Javo was considering a potential sale of the company and engaging in

6    negotiations with potential buyers. The adverse impact on the sale process alone is

7    estimated to exceed $50 million, and includes the reduction in bid price from potential

8    buyers, less advantageous deal terms, additional time and money spent on

9    negotiations, and the ultimate termination of the process.

10                        **FIRST CAUSE OF ACTION**

11                          **Breach of Contract**

12         71.    Javo incorporates by reference the allegations contained in paragraphs 1

13    through 70 as though fully set forth herein.

14         72.    Corey and Javo are parties to the EA and the CIAA, which are binding

15    and enforceable contracts.

16         73.    At all times, Javo and its predecessor, LJFSC, have met the company's

17    obligations under the EA and the CIAA.

18         74.    Under the EA, Corey acknowledged Javo's confidential information and

19    trade secrets "are the sole property of Company" and agreed "to not use such

20    [information] other than during the Employment Period and for the benefit of

21    Company." Ex. A at 10 (EA § 7.3).

22         75.    By executing the CIAA, Corey also agreed that his obligations

23    concerning Javo's confidential and proprietary information extends past the

24    termination of his employment. Specifically, Corey agreed to "prevent the[]

25    misappropriation or disclosure" of Javo's confidential information and to "not disclose

26    or use to his benefit (or the benefit of any third party) or to the detriment of Company"

27    any confidential information or invention (as defined under the CIAA). Ex. A at 19

28    (CIAA § 10.2).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

76.   In accordance with the EA and CIAA, Corey does not have the right to file patent applications based on, or including, Javo's confidential or trade secret information, or to use that information outside of Javo.

77.   By filing such patent applications and assigning the patent applications and issued patents to CEV, Corey materially breached the EA and CIAA.

78.   Additionally, on May 30, 2019, Javo sent Corey a letter reminding Corey of his obligations to comply with the requirements of the EA and CIAA and asking Corey to cease his wrongful conduct.  Through counsel, Corey has refused to comply with the terms of the EA and CIAA, and his failure to comply with these requirements also constitutes a material breach of the EA and CIAA.

79.   Javo seeks all available relief Corey's material breach of the EA and CIAA.

80.   As a direct and proximate result of Corey's and CEV's conduct, Javo has suffered and continues to suffer irreparable injury and damages in an amount to be proven at trial.

81.   Javo is also entitled to an award of attorneys' fees and arbitration costs pursuant to Sections 20.1 and 21.1 of the EA.  Ex. A at 14 (EA §§ 20.1, 21.1).

82.   In accordance with the CIAA, Corey assigned his "entire right, title, and interest in all Inventions (as defined [in the CIAA]) made, conceived, reduced to practice, or learned by employee (either alone or jointly with others) during his past relationship with company or any entities whose rights and/or assets have been transferred to company" and assigned to Javo "all right, title, and interest Employee may have or may acquire in and to all Inventions" during the term of the CIAA.  Ex. A at 18-19 (CIAA §§ 8.2, 8.3).

83.   Because Javo's remedy at law is inadequate to compensate for a breach of the EA and CIAA provisions against disclosure of confidential or trade secret information, as agreed upon by the parties, Javo also seeks injunctive relief and specific performance by Corey of his contractual obligations under the EA and CIAA.

1  Ex. A at 10 (EA § 7.6), 20 (CIAA § 11).

2  **SECOND CAUSE OF ACTION**

3  **Breach of Covenant of Good Faith and Fair Dealing**

4  84.   Javo incorporates by reference the allegations contained in paragraphs 1

5  through 83 as though fully set forth herein.

6  85.   Corey and Javo are parties to the EA and the CIAA, which are binding

7  and enforceable contracts.

8  86.   At all times, Javo and its predecessor, LJFSC, have met the company's

9  obligations under the EA and the CIAA.

10  87.   Corey is acting in bad faith and has failed to deal honestly and fairly with

11  Javo.

12  88.   Corey assigned to Javo all right to any inventions (as defined under the

13  CIAA) made, conceived, reduced to practice, or learned by Corey during his

14  employment with the company.  Ex. A at 19 (CIAA §§ 8.2, 8.3).

15  89.   Corey had an ongoing obligation to Javo to "prevent the[]

16  misappropriation or disclosure" of Javo's confidential information, and to "not

17  disclose or use to his benefit (or the benefit of any third party) or to the detriment of

18  Company" any confidential information or invention (as defined under the CIAA).

19  Ex. A at 19 (CIAA § 10.2).

20  90.   On information and belief, Corey knew that he was breaching his

21  obligations under the EA and CIAA and harming Javo when he filed the '497

22  Provisional Application and all related patent applications on extraction processes for

23  coffee, tea, and other materials, and when he subsequently assigned the patent

24  applications and patents to CEV.  Specifically, Corey was aware that, to the extent

25  such patent filings disclosed the confidential or trade secret information of Javo, the

26  disclosure of that information and assignment of patent rights to CEV harmed Javo

27  and deprived it of the benefit of the EA and CIAA.

28  91.   On information and belief, Corey deliberately stole and misused Javo's

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

confidential information and trade secrets and made false representations to the USPTO in order to raise money from investors and unfairly compete with Javo. Corey's actions have interfered with Javo's business and adversely impacted efforts to sell the company.

92.     Corey's unfair interference with Javo's right to receive the benefits that the company contracted for, specifically the protection of its confidential information and trade secrets as provided under the EA and the CIAA, violates the covenant of good faith and fair dealing.  Corey's deliberate theft and misuse of Javo's confidential information and trade secrets also violates the covenant of good faith and fair dealing by depriving Javo of the benefit of employee agreements that are designed to protect Javo's confidential information and trade secrets from competitors and the general public.

93.     Javo has been harmed by Corey's conduct in an amount to be proven at the arbitration hearing.

### Prayer for Relief

WHEREFORE, Javo prays that the Arbitrator enter an arbitration award in favor of Javo and against Corey as follows:

1.     For a ruling in favor of Javo on all claims;

2.     For damages according to proof in an amount to be determined at the arbitration hearing;

3.     For an order requiring Corey to immediately cease all acts in breach of his contractual obligations, including an order that Corey cease and desist developing, demonstrating, offering for sale, or selling any system that incorporates or is derived from Javo confidential or trade secret information, and to stop all public disclosures of such information;

4.     For an order requiring Corey to specifically perform his obligations under the EA and CIAA by assigning to Javo all patent applications and patents that disclose in whole or in part Javo trade secrets or confidential information;

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

17.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

Exhibit 1, page 23

5.     For reasonable costs and attorney fees incurred in bringing an action under Sections 20 and 21 of the EA; and

6.     For such other and further relief as the Court may deem proper.

Dated:  October 11, 2019                              COOLEY LLP

By: _____
             Steven M. Strauss (99153)

Attorneys for Claimant
Javo Beverage Co., Inc.

211004363

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

18.

STATEMENT OF CLAIM AND
DEMAND FOR ARBITRATION

# EXHIBIT 2

# EXHIBIT 2

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   JOHN A. YACOVELLE, Cal. Bar No. 131781
3  MARISA B. MILLER, Cal. Bar No. 270860
   KRISTIN P. HOUSH, Cal. Bar No. 286651
4  12275 El Camino Real, Suite 200
   San Diego, California 92130-4092
5  Telephone:    858.720.8900
   Facsimile:    858.509.3691
6  E mail:        jyacovelle@sheppardmullin.com
                  mmiller@sheppardmullin.com
7                 khoush@sheppardmullin.com

8  Attorneys for Respondent
   STEPHEN COREY
9

10            **AMERICAN ARBITRATION ASSOCIATION**

11

12  JAVO BEVERAGE CO., INC.,            Case No. 01-19-0003-2445

13          Claimant,                   **RESPONDENT STEPHEN COREY'S
                                        ANSWER TO CLAIMANT JAVO**
14      v.                              **BEVERAGE CO, INC.'S STATEMENT
                                        OF CLAIM AND DEMAND FOR**
15  STEPHEN COREY,                      **ARBITRATION**

16          Respondent.

17

18

19

20

21

22

23

24

25

26

27

28
                                                   -1-                    Case No. 01-19-0003-2445

1  Respondent Stephen Corey ("Mr. Corey") hereby responds to Claimant Javo

2  Beverage Co., Inc.'s ("Javo") Statement of Claim and Demand for Arbitration (the

3  "Arbitration Demand") as follows:

4

5  **GENERAL DENIAL**

6  Mr. Corey generally and specifically denies each and every allegation

7  asserted against him and further denies that Javo is entitled to any of the relief requested in

8  the Arbitration Demand.  Javo contends that Mr. Corey filed patent applications and

9  obtained patents that disclose its trade secrets.  But the alleged "trade secrets" referenced

10 by Javo, including its so-called "proprietary" coffee extraction process, are, in reality,

11 common knowledge in the industry and have been a part of the public domain for decades,

12 at least since the early 1990s when U.S. Patent 3,830,940—"Preparation of Aqueous

13 Beverage Concentrate of Coffee"— expired.  Moreover, Javo's process, based on publicly

14 available information, is a far cry from the novel methods that Mr. Corey created and

15 patented after his departure from Javo.

16

17 **NOTICE OF RELATED ACTION**

18 On September 26, 2019, Javo filed a companion lawsuit arising out of the

19 same underlying facts and making similar, if not identical, allegations regarding U.S. Pat.

20 App. No. 62/134,497 in the United States District Court, Southern District of California,

21 captioned *Javo Beverage Co., Inc. v. California Extraction Ventures, Inc. and Stephen*

22 *Corey, Case No. 3:19-CV-01859-CAB-WVG* (the "Lawsuit").  As here, the Lawsuit alleges

23 that Mr. Corey misappropriated Javo's trade secrets by filing U.S. Pat. App. No.

24 62/134,497 and obtaining patents and patent applications therefrom.  The Lawsuit alleges

25 misappropriation of trade secrets under the California Uniform Trade Secrets Act, Cal.

26 Civ. Code § 3426 et seq., and the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq.,

27 against Mr. Corey and the company he founded, California Extraction Ventures, Inc.

28 ("CEV").  The Lawsuit also seeks declaratory relief as to the ownership of the patents and

-2-

1  patent applications allegedly containing Javo's trade secrets.  Finally, the Lawsuit alleges
2  CEV intentionally interfered with the two agreements—the Employment Agreement and
3  the Confidentiality and Invention Assignment Agreement—at issue in this arbitration.

4

5                    **AFFIRMATIVE DEFENSES**

6            Pursuant to the AAA rules, Mr. Corey hereby reserves all applicable
7  affirmative defenses.

8            Without limiting that reservation, Mr. Corey objects to Javo's claim for relief
9  to the extent that it requests that Mr. Corey assign to Javo patents or patent applications
10 owned by CEV.  The patents and patent applications at issue have long been the property
11 of CEV.  CEV is not a party to this arbitration[1] or the Employment Agreement between
12 Mr. Corey and Javo and therefore, the arbitrator lacks jurisdiction to grant the relief
13 requested as to CEV.

14            WHEREFORE, Mr. Corey prays as follows:

15    1.    That Javo take nothing by its Arbitration Demand;

16    2.    That the Arbitration Demand be dismissed;

17    3.    That judgment be entered in favor of Mr. Corey;

18    4.    That all legal fees and expenses Mr. Corey reasonably incurs as a result of
19 this Arbitration be awarded to Mr. Corey pursuant to Section 21.1 of the Employment
20 Agreement out of which this dispute arises; and

21    5.    For all other relief this arbitrator deems just and proper.

22

23 / / /

24 / / /

25 / / /

26

27 _____

28 [1] Nor is CEV making an appearance here.  By submitting this answer to Javo's statement
   of claim, counsel for Mr. Corey is not appearing on behalf of CEV.

-3-                                    Case No. 01-19-0003-2445

1  Dated:  November 13, 2019

2              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4              By

5                        JOHN A. YACOVELLE

6                        MARISA B. MILLER
                         KRISTIN P. HOUSH

7
               Attorneys for Respondent
8                    STEPHEN COREY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN A. YACOVELLE, Cal. Bar No. 131781
MARISA B. MILLER, Cal. Bar No. 270860
KRISTIN P. HOUSH, Cal. Bar No. 286651
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691
E mail:        jyacovelle@sheppardmullin.com
               mmiller@sheppardmullin.com
               khoush@sheppardmullin.com

Attorneys for Respondent
STEPHEN COREY

# AMERICAN ARBITRATION ASSOCIATION

| JAVO BEVERAGE CO., INC., | Case No. 01-19-0003-2445 |
|---|---|
| Claimant, | **PROOF OF SERVICE** |
| v. | |
| STEPHEN COREY, | |
| Respondent. | |

## PROOF OF SERVICE

### STATE OF CALIFORNIA. COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 12275 El Camino Real, Suite 200, San Diego, CA 92130-4092.

On November 13, 2019, I served true copies of the following document(s) described as: **RESPONDENT STEPHEN COREY'S ANSWER TO CLAIMANT JAVO BEVERAGE CO., INC.'S STATEMENT OF CLAIM AND DEMAND FOR ARBITRATION** on the interested parties in this action as follows:

### SERVICE LIST

Steven M. Strauss
Erin C. Trenda
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Tel. No.: (858) 550-6000
Fax No.: (858) 550-6420
Email: sms@cooley.com
        etrenda@cooley.com

*Attorneys for Claimant*
*Javo Beverage Co., Inc.*

Jeffrey Karr
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel. No.: (650) 843-5258
Fax No.: (650) 849-7400
Email: jkarr@cooley.com

*Attorneys for Claimant*
*Javo Beverage Co., Inc.*

Denise M. Crow
Case Manager
AMERICAN ARBITRATION ASSOCIATION
45 E. River Park Place West, Suite 308
Fresno, CA 93720
Email: DeniseCrow@adr.org

☐ **BY MAIL**: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address vcortez@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY PERSONAL SERVICE:** I provided copies to a professional messenger service for personal service on this date, to the parties/addresses indicated below.

-2-

1    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of

2    the bar of this Court at whose direction the service was made.

3    Executed on November 13, 2019, at San Diego, California.

4

5    _____

6    Veronica Cortez

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4817-6902-9292.1

PROOF OF SERVICE

# EXHIBIT 3

# EXHIBIT 3

Hon. Jay C. Gandhi (Ret.)
555 West Fifth Street
32nd Floor
Los Angeles, CA 90013

## AAA ARBITRATION

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | AAA Case No. 01-19-0003-2445 |
| Claimant, | |
| v. | **RULING ON RESPONDENT'S MOTION TO STAY** |
| STEPHEN COREY, | |
| Respondent. | Arbitrator:  Hon. Jay C. Gandhi (Ret.) |

The Arbitrator has reviewed Respondent Stephen Corey's ("Corey") Motion to Stay the Arbitration, including Claimant Javo Beverage Company, Inc.'s ("Javo") opposition and related papers.  Oral argument was held telephonically on March 2, 2020.  The exigent circumstances of COVID-19 then intervened.

Corey desires a stay of this Arbitration pending a resolution of a related lawsuit in the United States District Court for the Southern District of California (*Javo Beverage Co., Inc. v. California Extraction Ventures, Inc. and Stephen Corey*, Case No. 3:19-CV-01859-CAB-WVG) (the "Litigation"), which was filed on September 26, 2019, two weeks before Claimant's Demand was filed.  Both the Demand here and the complaint in the Litigation advance similar allegations and claims, albeit the complaint also asserts claims against the company for which Corey is currently employed.  In part because there is only the existing employment agreement ("Agreement") between Javo and Corey, the claims in the Arbitration are contractual, while the claims in the Litigation are mainly statutory and tort based.

In early February 2020, the parties completed an Early Neutral Evaluation Conference and Case Management Conference in the Litigation, subsequent to which a Case Management Order was issued by the District Court.  On February 24, 2020, the District Court denied a preliminary injunction motion filed by Javo.  In connection with that motion, the parties had previously completed a Rule 30(b)(6) deposition on three discrete topics limited to the injunction motion.  The District Court also denied a motion by Corey to dismiss on statute of limitations grounds.  With respect to general discovery in the Litigation, the parties have completed their

1

initial disclosures and defendants have served patent infringement contentions, a document production request to plaintiff and four document subpoenas on third parties. The Arbitrator understands Corey has not filed a motion to stay the Arbitration in the District Court.

Corey contends the Arbitration should be stayed until the Litigation can be resolved, as the Litigation has advanced significantly in the past five months and the Arbitration is in its infancy. In support of his position, Corey cites to the California Supreme Court's decision in *Cronus Investments, Inc. v. Concierge Services.* for the proposition that the Agreement's choice of law provision contemplating the application of California law also incorporates the California Arbitration Act and California Code of Civil Procedure section 1281.2. *Cronus Invs., Inc. v. Concierge Servs.*, 35 Cal. 4th 376, 387, 393 n.8 (2005). According to Corey, each of the three requirements of Code of Civil Procedure section 1281.2 invoking the "litigation exception" are met here. *See Acquire II, Ltd. v. Colton Real Estate Grp.*, 213 Cal. App. 4th 959, 967, quoting Code Civ. Proc. § 1281.2(c) ("The third-party litigation exception applies when (1) '[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party'; (2) the third-party action 'aris[es] out of the same transaction or series of related transactions'; and (3) 'there is a possibility of conflicting rulings on a common issue of law or fact.'"). Accordingly, Corey argues the Arbitrator must stay the Arbitration pursuant to Code of Civil Procedure section 1281.2.

However, in addition to section 1281.2, the Arbitrator must consider the application of the AAA Rules and the parties' agreement to submit to arbitration. AAA Rule 1 grants parties a 60 day suspension of administration to obtain a judicial stay of the arbitration, "[i]f, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought." AAA Employment Arbitration Rules, Rule 1, effective Nov. 1, 2009, revised Oct. 1, 2017. Corey's Demand was filed with the Arbitrator more than five months before he brought his Motion to Stay, certainly outside of the 30 day window provided by the AAA Rules. More importantly, to date, the Arbitrator is unaware of any attempt by Corey to seek a stay of the Arbitration in the District Court. Under the AAA Rules, the Arbitrator may lack jurisdiction to stay this proceeding.

That aside, the Arbitrator is mindful of Corey's position and his concern with respect to the potential for inconsistent rulings and judicial economy. However, the existing schedule for the Litigation track puts the parties' matter on calendar for trial in late summer/fall of 2021. Much remains to be done there. Plus, given the current unprecedented circumstances relating to the COVID-19 pandemic and statewide "shelter in place" orders, it is not beyond conjecture to envision further setbacks in the Litigation. On the other hand, the Arbitrator remains in a position to continue forward with this proceeding assiduously, and indeed under an expectation and the parties' pact to do so. Perhaps given certain efficiencies of arbitration and the expected cooperation of the parties, the Arbitrator believes this matter can be resolved by the end of 2020. As to Respondent's concerns about conflicting judicial rulings, the timing of an expedient schedule in keeping with the spirit of arbitration can avoid this potential pitfall.

        In the end, the parties have agreed to the resolution of any disputes arising out of the Agreement through binding arbitration.  The Arbitrator intends to act in accordance with the parties' mutually contracted-for rights.  For the reasons discussed, the Arbitrator DENIES Respondent Corey's Motion to Stay the Arbitration proceeding pending the resolution of the Litigation.


Date:  April 21, 2020                          _____
                                               Hon. Jay C. Gandhi (Ret.)
                                               Arbitrator

# EXHIBIT 4

# EXHIBIT 4

Hon. Jay C. Gandhi (Ret.)
555 West Fifth Street
32nd Floor
Los Angeles, CA 90013

## AAA ARBITRATION

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | AAA Case No. 01-19-0003-2445 |
| Claimant, | |
| v. | **SCHEDULING ORDER NO. 1** |
| STEPHEN COREY, | |
| Respondent. | Arbitrator:  Hon. Jay C. Gandhi (Ret.) |

The Arbitrator studied each of the parties' proposed arbitration schedules.[1]  Now, this Scheduling Order No. 1 is entered with respect to this Arbitration:

| <u>Date</u> | <u>Event</u> |
|---|---|
| May 1, 2020 (Friday) | Submission of Proposed Protective Order |
| May 8, 2020 (Friday) | Deadline to Exchange Discovery Requests[2] |
| May 15, 2020 (Friday) | Preliminary Witness Disclosures (to be supplemented) |

---

[1] The exigencies of Covid-19 are reflected in the schedule, but admittedly, the situation remains fluid and unpredictable.

[2] A party identifying a discovery dispute shall notify the opposing party of the specific nature of its complaint within five (5) calendar days.  If unresolved, the parties shall *meaningfully* meet and confer within seven (7) calendar days of that notice in an effort to resolve the dispute.  If the parties remain at an impasse after the meet and confer, and *after reasonable compromises proposed during that meet and confer*, then within seven (7) calendar days of that date, the parties shall notify the arbitrator of the  dispute, and the arbitrator will determine the most expeditious means of ruling on the dispute.  If the arbitrator determines that oral argument is necessary, it will notify the parties and a telephonic oral argument will be scheduled.

| July 2, 2020 (Thursday) | Deadline to Request Subpoena for Third-Party Discovery[3] |
|---|---|
| August 14, 2020 (Friday) | Completion of Document Productions (rolling productions) |
| To Be Determined | Discovery Status Conference |
| August 28, 2020 (Friday) | Close of Fact Discovery<br><br>• Depositions capped at five (5). |
| **August 28, 2020 (Friday)** | **Mediation Cutoff Date.**  The Arbitrator adds a cutoff date in order to encourage settlement discussions prior to undertaking expert discovery. |
| September 25, 2020 (Friday) | Expert Designation and Reports |
| October 9, 2020 (Friday) | Rebuttal Expert Designation and Reports |
| October 23, 2020 (Friday) | Close of Expert Discovery |
| October 30, 2020 (Friday) | Exchange List of Hearing Witnesses and Exhibits |
| November 13, 2020 (Friday) | Pre-Hearing Submissions<br><br>• Exhibits<br>• Pre-hearing Briefs<br>• MILs (if any) |
| November 20, 2020 (Friday) | Pre-Hearing Conference |
| December 4, 2020 (Friday) | Deadline to Provide Full Set of Hearing Exhibits |
| December 7 through December 11, 2020 (Monday through Friday) | Hearing[4]<br><br>• Each side is allowed 12 hours, including opening and closings. |
| December 21, 2020 (Monday) | Post-Hearing Briefs |

[3] Any third party subpoenas must be submitted to the Arbitrator and copied to opposing parties.  The Arbitrator will wait three (3) business days before signing a subpoena in order to allow the other party or parties to object to the issuance of the subpoena.  Any objections shall be presented as a two-page letter brief.  If no objection is raised within three (3) business days, the Arbitrator shall sign the subpoena and provide it to the issuing party.

[4] The parties shall arrange for the presence of a court reporter during the Arbitration Hearing and otherwise as desired or appropriate.

The above deadlines and hearing dates in this Scheduling Order No. 1 are firm, and the parties shall plan accordingly.

This Scheduling Order No. 1 shall control the progress of this Arbitration unless subsequently amended, supplemented or modified by order of the Arbitrator.

Date:  April 21, 2020

_____
Hon. Jay C. Gandhi (Ret.)
Arbitrator

# EXHIBIT 5

# EXHIBIT 5

1  COOLEY LLP
   Steven M. Strauss (99153) (sms@cooley.com)
2  Erin C. Trenda (277155) (etrenda@cooley.com)
   Alexander R. Miller (294474) (amiller@cooley.com)
3  Joanna L. Hubberts (294230) (jhubberts@cooley.com)
   4401 Eastgate Mall
4  San Diego, CA 92121
   Telephone: (858) 550-6000
5  Facsimile:  (858) 550-6420

6  Jeffrey Karr (186372) (jkarr@cooley.com)
   3175 Hanover Street
7  Palo Alto, CA 94304
   Telephone: (650) 843-5000
8  Facsimile: (650) 849-7400

9  Attorneys for Claimant Javo Beverage Co., Inc.

10              **AMERICAN ARBITRATION ASSOCIATION**

11

12  JAVO BEVERAGE COMPANY, INC.         AAA Case No.: 01-19-0003-2445

13              Claimant,

14                                       **JAVO'S FIRST SET OF REQUESTS**
                                         **FOR PRODUCTION TO STEPHEN**
15      v.                               **COREY**

16  STEPHEN COREY,                       Arbitrator: Hon. Jay C. Gandhi (Ret.)

17              Respondent.

18

19

20

21  **PROPOUNDING PARTY:   JAVO BEVERAGE COMPANY, INC.**

22  **RESPONDING PARTY:    STEPHEN COREY**

23  **SET NUMBER:          ONE**

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

Pursuant to AAA Employment Rule No. 9, the Arbitrator's Scheduling Order No. 1, dated April 21, 2020, and the parties' subsequent email communications concerning the exchange of discovery requests, Claimant Javo Beverage Company, Inc. ("Javo") propounds the following requests for production (the "Requests," each a "Request") to Respondent Stephen Corey ("Corey").   Given Corey's Answer purports to "reserve[] all applicable affirmative defenses" but Corey has yet to identify any such defenses, Javo reserves all rights to seek additional discovery on any affirmative defenses identified by Corey and/or to take the position that such defenses have been waived.

## I.   DEFINITIONS

As used in these Requests, words below are defined as follows:

**1.**   "Action" means the above-captioned arbitration filed by Javo against Corey before the American Arbitration Association.

**2.**   "District Court Action" means the lawsuit filed by Javo against CEV and Corey in the United States District Court for the Southern District of California, entitled *Javo Beverage Co., Inc. v. California Extraction Ventures and Stephen Corey*, No. 3:19-cv-01859-CAB-WVG.

**3.**   "Javo" means Javo Beverage Company, Inc., the claimant in this Action, and any affiliate or predecessor entity (including Stephen's Coffee Company, Inc., Stephen's Coffee Holding Corp., North West Farms, Inc., La Jolla Coffee Company, Inc., La Jolla Fresh Squeezed Coffee Co., Inc., Sorisole Acquisition Corp.), and all Persons who are or were acting on the company's behalf, including without limitation any representatives, agents, employees, attorneys, and/or accountants.

**4.**   "You," "Your," and "Corey" means Respondent Stephen Corey and his agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on his behalf.

**5.**   "CEV" means California Extraction Ventures, Inc., and, if applicable, any affiliate, predecessor, parent, or subsidiary, and includes CEV's officers,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.
Exhibit 5, page 43

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

employees, directors, agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on behalf of CEV.

**6.** "Person(s)" means any natural person and any other cognizable entity, including (without limitation) corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and others.

**7.** "Document(s)" includes: (i) all "writings" (or drafts thereof); (ii) any information or Communications stored, recorded, or written on any medium, in any format, by any means, including any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible Thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, advertisements, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, e-mail, dictation tapes, audio tapes, video tapes, content from web sites and social media (e.g., Facebook, Twitter, LinkedIn, etc.), computer files, computer tapes (including back up tapes), computer discs (including back up discs), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, or sketches; and (iii) data stored in a computer, data stored on removable magnetic or optical media (*e.g.*, magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized pictures and video (*e.g.*, data stored in MPEG, JPEG and GIF formats), and digitized audio and voicemail.  A draft or non-identical copy is a separate document within the meaning of this definition.

**8.** "Communication(s)" means all written, oral, telephonic, electronic (e.g., computer-contained information) or other expressions of words, thoughts, ideas, or images, including but not limited to newspaper articles, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, e-mails, notes, diaries, calendars, advertisements, interviews, blogs, or content from online social media sites (e.g., Facebook, Twitter, LinkedIn, etc.).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.
Exhibit 5, page 44

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

9.    "Thing(s)" means any tangible item other than a Document.

10.    "Invention(s)" shall include all discoveries, developments, designs, ideas, improvements, inventions, formulas, processes, techniques, know-how, intellectual property, and data (whether or not patentable or registerable under copyright or similar statutes) that are made, conceived, reduced to practice, or learned by an employee (either alone or jointly with others) during the period of his employment.

11.    "Demand for Arbitration" means the Statement of Claim and Demand for Arbitration filed by Javo against Corey in this Action on October 11, 2019.

12.    "EA" shall mean the Employment Agreement attached at Exhibit A to Javo's Demand for Arbitration.

13.    "CIAA" shall mean the Confidentiality and Invention Assignment Agreement attached at Exhibit A to Javo's Demand for Arbitration.

14.    "Release" shall mean the executed Release and Waiver of Claims attached at Exhibit A to Javo's Demand for Arbitration.

15.    "'497 Provisional Application" means the provisional patent application, U.S. Pat. App. No. 62/134,497 filed by Corey.

16.    "Relate to," "relating to," or any variant thereof means constituting, comprising, concerning, containing, mentioning, pertaining, involving, describing, depicting, discussing, commenting on, embodying, referring to, responding to, supporting, setting forth, showing, disclosing, explaining, or summarizing, either directly or indirectly, in whole or in part, as the context makes appropriate, and should be given the broadest possible scope.

## II.    INSTRUCTIONS

1.    You shall produce all non-privileged Documents or Things in Your possession, custody, or control that are responsive to these Requests.  If there are no Documents or Things responsive to any particular Request, You are requested to indicate the same in writing.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

Exhibit 5, page 45

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

2.     Documents and Things shall be produced either as kept in the usual course of business or organized and labeled to correspond with the number of each Request to which a produced Document or Thing is responsive.  If You choose to produce Documents as they are as kept in the usual course of business, the Documents are to be produced in the boxes, file folders, bindings, and other containers in which the Documents are found.  The titles, labels, and other description on the boxes, file folders, bindings, and other containers are to be left intact. All Documents that are physically or electronically attached or linked to each other shall be produced in that form and designated accordingly in an electronic production, consistent with the ESI Order entered in the District Court Action, Doc. No.77.

3.     If You believe that any Request calls for the disclosure of privileged information, You must prepare and produce a privilege log as to each Document or Thing for which a claim of privilege or protection from discovery is made consistent with the ESI Order entered in the District Court Action at Doc. No. 77.  To the extent any purportedly privileged Document contains non-privileged subject matter, the non-privileged portion must be produced with the purportedly privileged material redacted.

4.     Each requested Document is to be produced in its entirety without deletion, redaction, or excision (except as qualified by instruction 3 above), regardless of whether You consider the entire Document to be relevant or responsive to these Requests.

5.     If any Document or Thing responsive to any Request is no longer in existence, or is no longer in Your possession, custody, or control, then identify the following in response to the applicable Request(s):

(a)     The information contained in any such Document, and if that is unknown, the subject matter;

(b)     The type of Document containing such information;

(c)     The time period during which such Document was in existence or

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

Exhibit 5, page 46

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

1    in Your possession, custody, or control;

2          **(d)**    The circumstances under which the Document ceased to exist or

3    ceased to be in Your possession, custody, or control;

4          **(e)**    The date when such Document ceased to exist or was no longer in

5    Your possession, custody, or control;

6          **(f)**    All Persons having knowledge of the circumstances under which

7    the Document ceased to exist or was no longer in Your possession, custody, or

8    control; and

9          **(g)**    All Persons who have or had knowledge of the Document and its

10   contents.

11         **6.**    To the extent You rely on any of Your responses to discovery

12   propounded in the District Court Action to answer these Requests, consistent with any

13   future cross-use agreement entered into by the parties, You must indicate what

14   responses from the District Court Action You are relying on in connection with each

15   Request, and respond to any portion of the Request not addressed by the response

16   from the District Court Action, including by producing any Documents not already

17   deemed produced and usable in this Action.

18         **7.**    If You object to part of a Request and refuse to respond to that part, You

19   shall produce all Documents called for that are not subject to that objection.  If You

20   object to the scope or time period of a Request, You shall state Your objection and

21   respond to the Request for the scope or time period You believe is appropriate.  If

22   Your response to any of these Requests is qualified in any particular manner, set forth

23   the details of such qualification. If an objection pertains to only a portion of an

24   Interrogatory, or a word, phrase, or clause contained within it, You are required to

25   state Your objection to that portion only and to respond to the remainder of the

26   Interrogatory, using Your best efforts to do so.

27         **8.**    If, in answering these Requests, You encounter any ambiguities when

28   construing a Request, instruction, or definition, You shall set forth in Your answer the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

Exhibit 5, page 47

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

matter deemed ambiguous and the construction used in answering.

**9.** If a Request is silent as to the time period for which information is sought, You should include all Documents relevant to the period from June 2001 until present, unless specified otherwise.

**10.** These Requests are continuing in nature. You must supplement or amend Your responses to these Requests if You learn that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Javo during the discovery process or in writing; or as ordered by the Arbitrator. The duty to supplement extends to information included in any expert report and to information given during the expert's deposition.

**11.** Wherever used herein, the present tense includes the past and future tenses, the singular shall include the plural and the plural shall include the singular, the words "and" and "or" shall be either conjunctive or disjunctive as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope, and the terms "any" and "all" shall be construed as "any and all."

## III. REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents from 1993 to present that You retained from Your employment at Javo, including but not limited to Documents relating to any extraction process for coffee, tea, or botanicals or related tests performed while You were employed by Javo.

### REQUEST FOR PRODUCTION NO. 2:

All Documents after August 1, 2011, reflecting any Communications with current or former Javo employees regarding Javo or any extraction process.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

Exhibit 5, page 48

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

**REQUEST FOR PRODUCTION NO. 3:**

All Documents from 1993 to present that You have in Your possession, custody, or control that relate to Javo, including but not limited to all Documents that include the word "Javo."

**REQUEST FOR PRODUCTION NO. 4:**

All Documents reflecting any Communications with Javo or CEV relating to the EA or the CIAA.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents showing Your research and development of what You claim is CEV's or Your extraction process disclosed in the '497 Provisional Application or the patents or patent applications that claim priority to the '497 Provisional Application, including the "Catalyzing Pressure Wave Architecture."

**REQUEST FOR PRODUCTION NO. 6:**

All Documents that support Your contention that You did not make, conceive of, reduce to practice, learn, design and/or develop each of the claimed inventions in the '497 Provisional Application or the patents and patent applications claiming priority to the '497 Provisional Application while You were employed at Javo.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications from August 1, 2011 to present between You and CEV relating to Your employment at CEV or any ownership rights in the '497 Provisional Application or any patents or patent applications that claim priority to the '497 Provisional Application, including but not limited to any employment agreement, confidentiality agreement, invention assignment agreement, stock purchase agreement and/or stock option agreement between You and CEV.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents after August 1, 2011, reflecting any Communications with current or former Javo employees regarding Javo or any extraction process for coffee, tea, or botanicals.

Cooley LLP
Attorneys At Law
San Diego

7.

Exhibit 5, page 49

Javo's First Set of Requests
for Production to Corey
AAA Case No. 01-19-0003-2445

**REQUEST FOR PRODUCTION NO. 9:**

All Documents that reflect, relate to, or discuss Your ability to satisfy the damages Javo claims in the Complaint, including but not limited to any insurance policies or indemnification agreements covering Your liability or the liability of CEV for Javo's claims in this litigation.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents between You and any actual or potential investors in CEV that discuss or relate to Javo, including but not limited to correspondence and Communications regarding Javo's extraction process, this Action, or the District Court Action.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents relating to the formation of CEV, including but not limited to Documents reflecting why and when You and Kurt Toneys decided to form CEV.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents after August 1, 2011, relating to the potential or actual employment or retention as a consultant or contractor at CEV of any Person who is a current or former Javo employee, consultant, or contractor, including but not limited to internal CEV Communications and Communications with current or former Javo employees, consultants, or contractors.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents reflecting any Communications with Javo or CEV relating to the EA or the CIAA.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents from August 1, 2011 to present that You exchanged with Carmen Vertullo or that reflect Communications with Carmen Vertullo regarding Javo's or Your and/or CEV's extraction process or extraction equipment.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

Exhibit 5, page 50

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

**REQUEST FOR PRODUCTION NO. 15:**

All unpublished patent applications and any other unpublished Documents filed by You with the United States Patent and Trademark Office that list You as inventor and/or CEV as applicant, regardless of whether the unpublished patent applications claim priority to the '497 Provisional Application.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents relating to what You contend is Your and/or CEV's extraction process.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to the grind matrix, including but not limited to the grinder setting(s), sieve size(s), and ratio of particle sizes that You have used, that You are using, that You plan to use, and/or that You have experimented with in Your and/or CEV's extraction process.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to what You refer to as the "catalyzing pressure wave," including but not limited to all Documents relating to studies, testing, and measurements of Your and/or CEV's extraction process.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to the tamping procedure disclosed in the '497 Provisional Application or used in Your and/or CEV's extraction process, including but not limited to any process that involves loading 10-20% of the maximum load before tamping.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents relating to degassing time, including but not limited to any degassing time that You have used, that You are using, that You plan to use, and/or that You have experimented with in Your and/or CEV's extraction process.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

Exhibit 5, page 51

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

**REQUEST FOR PRODUCTION NO. 21:**

All Documents relating to the dimensions of any extraction vessels that You have considered or used, including but not limited to any aspect ratio, height, diameter (or radius) measurements that You have used, that You are using, that You plan to use, and/or that You have experimented with in Your and/or CEV's extraction process.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents relating to the research and development of what You claim is Your and/or CEV's extraction process and/or the patents or patent applications that claim priority to the '497 Provisional Application, including but not limited to all Documents reflecting techniques, methods, procedures, processes, combinations, measurements, or formulas that You researched, tested, or otherwise investigated but ultimately did not implement as part of Your and/or CEV's purported extraction process.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents that support Your contention that You did not make, conceive of, reduce to practice, learn, design and/or develop each of the claimed Inventions in the '497 Provisional Application or the patents and patent applications claiming priority to the '497 Provisional Application while You were employed at Javo.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents that You intend to rely on in this Action, including at the Arbitration hearing.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents that support or refute any affirmative defenses that You intend to raise in this Action.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents that You intend to use at any deposition in this Action.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

**REQUEST FOR PRODUCTION NO. 27:**

All Documents that support or refute Your claim that You did not materially breach the EA.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents that support or refute Your claim that You did not materially breach the CIAA.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents that support or refute Your claim that You did not breach the covenant of good faith and fair dealing by acting in bad faith and/or failing to deal honestly and fairly with Javo.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents that support or refute Your claim that the EA and/or the CIAA are not binding contracts that Javo is entitled to enforce against You, to the extent You so contend.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents relating to Your agreement to and execution of the Release.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents relating to Your receipt of severance payments from Javo in 2011 and 2012.

**REQUEST FOR PRODUCTION NO. 33:**

All text messages You exchanged with Carmen Vertullo regarding Javo's extraction process or extraction equipment or Your and/or CEV's extraction process or extraction equipment, this Action or the District Court Action, and/or regarding Javo or CEV, including but not limited to the full string of text messages that You exchanged with Mr. Vertullo between June 12, 2018 and March 30, 2020.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents supporting Your ability to satisfy the damages that Javo claims in the Demand for Arbitration, including but not limited to any insurance policies or

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

Exhibit 5, page 53

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

1  indemnification agreements with CEV that cover Your liability for Javo's claims in

2  this Action.

3  **REQUEST FOR PRODUCTION NO. 35:**

4     All Documents that support or refute Your claim that Javo has not been

5  damaged by Your actions.

6  **REQUEST FOR PRODUCTION NO. 36:**

7     All Documents that support or refute Your claim that the Arbitrator cannot

8  order You to specifically perform Your contractual obligations by assigning to Javo

9  all patent applications and patents that disclose in whole or in part Javo trade secrets

10  or confidential information.

11  **REQUEST FOR PRODUCTION NO. 37:**

12     All Documents identified or used by You to support Your response to any of

13  Javo's Interrogatories.

14

15  Dated:     May 15, 2020          Cooley LLP

16                                By: _____

17                                      Erin C. Trenda (277155)

18

19                                Attorneys for Claimant Javo Beverage Co.,
                                  Inc.

20

21

22  226026606

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.
Exhibit 5, page 54

JAVO'S FIRST SET OF REQUESTS
FOR PRODUCTION TO COREY
AAA CASE NO. 01-19-0003-2445

# EXHIBIT 6

# EXHIBIT 6

COOLEY LLP
Steven M. Strauss (99153) (sms@cooley.com)
Erin C. Trenda (277155) (etrenda@cooley.com)
Alexander R. Miller (294474) (amiller@cooley.com)
Joanna L. Hubberts (294230) (jhubberts@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

Jeffrey Karr (186372) (jkarr@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Claimant Javo Beverage Co., Inc.

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| JAVO BEVERAGE COMPANY, INC. | AAA Case No.: 01-19-0003-2445 |
| Claimant, | |
| v. | **JAVO'S FIRST SET OF INTERROGATORIES TO STEPHEN COREY** |
| STEPHEN COREY, | Arbitrator: Hon. Jay C. Gandhi (Ret.) |
| Respondent. | |

**PROPOUNDING PARTY:**   **JAVO BEVERAGE COMPANY, INC.**

**RESPONDING PARTY:**   **STEPHEN COREY**

**SET NUMBER:**   **ONE**

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Exhibit 6, page 56

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445

Pursuant to AAA Employment Rule No. 9, the Arbitrator's Scheduling Order No. 1, dated April 21, 2020, and the parties' subsequent email communications concerning the exchange of discovery requests, Claimant Javo Beverage Company, Inc. ("Javo") propounds the following interrogatories (the "Interrogatories," each an "Interrogatory") to Respondent Stephen Corey ("Corey"). Given Corey's Answer purports to "reserve[] all applicable affirmative defenses" but Corey has yet to identify any such defenses, Javo reserves all rights to seek additional discovery on any affirmative defenses identified by Corey and/or to take the position that such defenses have been waived.

# I.    DEFINITIONS

As used in these Interrogatories, the words below are defined as follows:

**1.** "Action" means the above-captioned arbitration filed by Javo against Corey before the American Arbitration Association.

**2.** "Demand for Arbitration" means the Statement of Claim and Demand for Arbitration filed by Javo against Corey in this Action on October 11, 2019.

**3.** "District Court Action" means the lawsuit filed by Javo against CEV and Corey in the United States District Court for the Southern District of California, entitled *Javo Beverage Co., Inc. v. California Extraction Ventures and Stephen Corey*, No. 3:19-cv-01859-CAB-WVG.

**4.** "Javo" means Javo Beverage Company, Inc., the claimant in this Action, and any affiliate or predecessor entity (including Stephen's Coffee Company, Inc., Stephen's Coffee Holding Corp., North West Farms, Inc., La Jolla Coffee Company, Inc., La Jolla Fresh Squeezed Coffee Co., Inc., Sorisole Acquisition Corp.), and all Persons who are or were acting on the company's behalf, including without limitation any representatives, agents, employees, attorneys, and/or accountants.

**5.** "You," "Your," and "Corey" means Respondent Stephen Corey and his agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on his behalf.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

Exhibit 6, page 57

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445

6.     "CEV" means California Extraction Ventures, Inc., and, if applicable, any affiliate, predecessor, parent, or subsidiary, and includes CEV's officers, employees, directors, agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on behalf of CEV.

7.     "EA" shall mean the Employment Agreement attached at Exhibit A to Javo's Demand for Arbitration.

8.     "CIAA" shall mean the Confidentiality and Invention Assignment Agreement attached at Exhibit A to Javo's Demand for Arbitration.

9.     "Document(s)" includes: (i) all "writings" (or drafts thereof); (ii) any information or Communications stored, recorded, or written on any medium, in any format, by any means, including any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, advertisements, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, e-mail, dictation tapes, audio tapes, video tapes, content from web sites and social media (e.g., Facebook, Twitter, LinkedIn, etc.), computer files, computer tapes (including back up tapes), computer discs (including back up discs), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, or sketches; and (iii) data stored in a computer, data stored on removable magnetic or optical media (*e.g.*, magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized pictures and video (*e.g.*, data stored in MPEG, JPEG and GIF formats), and digitized audio and voicemail.  A draft or non-identical copy is a separate document within the meaning of this definition.

10.     "Communication(s)" means all written, oral, telephonic, electronic (e.g., computer-contained information) or other expressions of words, thoughts, ideas, or images, including but not limited to newspaper articles, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, e-mails,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445

Exhibit 6, page 58

notes, diaries, calendars, advertisements, interviews, blogs, or content from online social media sites (e.g., Facebook, Twitter, LinkedIn, etc.).

**11.** "Identify" means to describe in detail all relevant facts about the subject matter, including names, relationships, addresses, functions, plans, purposes, objectives, results, and any other information which is relevant or could lead to the discovery of admissible evidence. For the avoidance of doubt:

**(a)** To "Identify" an individual includes stating the individual's: (i) full name, (ii) title, (iii) employer or business affiliation, (iv) present address, or if unknown, last known address, and (v) telephone number;

**(b)** To "Identify" a corporation or other business entity includes stating: (i) the name and form of such corporation or business entity, (ii) the address of its principal place of business, (iii) its state of incorporation or formation, and (iv) the identity of all individuals who acted on its behalf in connection with the matter alleged in this Action;

**(c)** To "Identify" a document includes stating: (i) the title of a document, (ii) date on the document, and (iii) if the document has been or will be produced, the Bates number or other sufficient identifier; and

**(d)** To "Identify" a Communication includes stating: (i) the individuals involved, (ii) the date of the Communication, and (iii) the content of the Communication.

**(e)** To "Identify" the basis for Your contention includes stating: (i) a detailed description of the contention, (ii) all relevant facts supporting Your basis for the contention, (iii) all Documents and/or Communications supporting Your contention, and (iv) all authority supporting the basis for Your contention.

**12.** "Person(s)" means any natural person and any other cognizable entity, including (without limitation) corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and others.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

Exhibit 6, page 59

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445

**13.** "'497 Provisional Application" means the provisional patent application, U.S. Pat. App. No. 62/134,497 filed by Corey.

**14.** "Invention(s)" shall include all discoveries, developments, designs, ideas, improvements, inventions, formulas, processes, techniques, know-how, intellectual property, and data (whether or not patentable or registerable under copyright or similar statutes) that are made, conceived, reduced to practice, or learned by an employee (either alone or jointly with others) during the period of his employment.

## II.    INSTRUCTIONS

**1.** In answering these Interrogatories, You are required to furnish truthfully and in good faith all information that is presently available to You, regardless of whether such information was obtained directly by You, by Your attorneys, their agents, employees or investigators.

**2.** You shall answer each Interrogatory set forth below separately and completely in writing under oath. Your response is to be served on Javo's counsel of record within thirty (30) days of service hereof, and is to be signed and verified by the Person making it, and the objections signed by the attorney making them. It is intended that these Interrogatories will not solicit any material protected either by the attorney-client privilege or by the work-product doctrine.

**3.** If any of the Interrogatories cannot be answered in full, You must answer to the extent possible, specifying the reasons for Your inability to answer the remainder of the Interrogatory and stating whatever information, knowledge, or belief You do have concerning the unanswered portion thereof.

**4.** Each Interrogatory shall be answered fully unless it is objected to in good faith, in which event the reasons for Your objection shall be stated in detail. If an objection pertains to only a portion of an Interrogatory, or a word, phrase, or clause contained within it, you are required to state Your objection to that portion only and to respond to the remainder of the Interrogatory, using Your best efforts to do so.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

Exhibit 6, page 60

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445

**5.** If, in answering these Interrogatories, You encounter any ambiguities when construing an Interrogatory, instruction, or definition, You shall set forth in Your answer the matter deemed ambiguous and the construction used in answering.

**6.** To the extent You rely on any of Your responses to discovery propounded in the District Court Action to answer these Interrogatories, consistent with any future cross-use agreement entered into by the parties, You must indicate what responses from the District Court Action you are relying on in connection with each Interrogatory, and respond to any portion of the Interrogatory not addressed by the response from the District Court Action, including by producing any documents not already deemed produced and usable in this Action.

**7.** If You answer any of the Interrogatories by reference to records from which the answer may be derived or ascertained, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, You shall (1) specify the records that must be reviewed, in sufficient detail to enable the Javo to locate and identify them as readily as You could; and (2) give Javo a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries, as necessary.

**8.** If You or Your counsel assert that any information or response herein requested is privileged or otherwise protected from discovery, please set forth in Your written response hereto with respect to each Document, Communication or thing for which a claim of privilege is made:

**(a)** The place, approximate date, and manner of recording, creating or otherwise preparing the Document, Communication or thing;

**(b)** The name and organizational position, if any, of each sender of the Document, Communication or thing;

**(c)** The name and organizational position, if any, of each recipient and/or custodian of the Document, Communication or thing;

**(d)** The name and organizational position, if any, of each Person

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

Exhibit 6, page 61

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445

1    (other than stenographic or clerical assistants) participating in the preparation or
2    creation of the Document, Communication or thing;

3           **(e)**    The name and organizational position, if any, of each Person to
4    whom the contents of the Document, Communication or thing or any portion thereof
5    have heretofore been communicated by copy, exhibition, reading or summarization;

6           **(f)**    A statement of the basis on which privilege is claimed with respect
7    to each Document, Communication or thing and whether or not its contents are limited
8    solely to legal advice or information provided for the purpose of securing legal advice;

9           **(g)**    The number of the Interrogatory to which the Document,
10   Communication or thing is responsive; and

11          **(h)**    The identity and organizational position, if any, of each Person
12   supplying the author of Your response hereto with the information requested in
13   subsections (a) through (g) above.

14       **9.**     These Interrogatories are continuing in nature.  You must supplement or
15   amend Your responses to these Interrogatories if You learn that in some material
16   respect the disclosure or response is incomplete or incorrect, and if the additional or
17   corrective information has not otherwise been made known to Javo during the
18   discovery process or in writing; or as ordered by the Arbitrator. The duty to
19   supplement extends to information included in any expert report and to information
20   given during the expert's deposition.

21       **10.**    Wherever used herein, the present tense includes the past and future
22   tenses, the singular shall include the plural and the plural shall include the singular,
23   the words "and" and "or" shall be either conjunctive or disjunctive as necessary to
24   bring within the scope of the interrogatory all responses that might otherwise be
25   construed to be outside of its scope, and the terms "any" and "all" shall be construed
26   as "any and all."

27
28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445

## III.   INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each desktop computer, laptop computer, mobile phone device, tablet, or other wireless communications device that You have used at any time from August 1, 2011 to the present.

**INTERROGATORY NO. 2:**

Identify each cloud-based storage account (e.g., Dropbox, Google Drive) You have used at any time from August 1, 2011 to the present, including without limitation the user name for each account.

**INTERROGATORY NO. 3:**

Identify each email address You have used at any time from August 1, 2011 to the present.

**INTERROGATORY NO. 4:**

Identify all Communications from August 1, 2011 through present with any current or former employee of Javo relating to the extraction of coffee, tea, or botanicals.

**INTERROGATORY NO. 5:**

Identify all Documents that You accessed after Your termination from Javo, which were created, drafted, or revised by a then employee, consultant, or contractor of Javo, including but not limited to Kurt Toneys, Steven Siegel, Carmen Vertullo, or You.

**INTERROGATORY NO. 6:**

Describe in detail Your conception and reduction to practice of all Inventions described in the specification of the '497 Provisional Application or any patents or patent applications claiming priority to the '497 Provisional Application.

**INTERROGATORY NO. 7:**

Identify the grind matrix, including grind size and particle ratios, that You have used, that You are using, that You plan to use, and/or that You have experimented

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

Exhibit 6, page 63

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445

with in developing any extraction process for Javo or for CEV, as well as the date(s) when Your use, planned use, and/or experimentation has occurred.

**INTERROGATORY NO. 8:**

To the extent You contend that you are not liable for breach of contract due to Your trade secret misappropriation or disclosure of Javo's confidential information as alleged by Javo, Identify Your full and complete basis for that contention.

**INTERROGATORY NO. 9:**

To the extent You contend that You did not transfer and assign to Javo Your right to the extraction process disclosed in the '497 Provisional Application or the patents or patent applications that claim priority to the '497 Provisional Application to Javo, Identify Your full and complete basis for that contention.

**INTERROGATORY NO. 10:**

To the extent You contend that You have not breached any contractual obligation to Javo under the EA or CIAA, Identify Your full and complete basis for that contention.

**INTERROGATORY NO. 11:**

Identify each and every defense You intend to assert to each claim that Javo has asserted against You in the Action, including but not limited to any affirmative defenses, and state the full factual and legal basis for each defense.

**INTERROGATORY NO. 12:**

Identify all facts supporting Your specific denial or admission of each and every allegation that Javo has asserted against you in the Action.

**INTERROGATORY NO. 13:**

Identify what aspects of Javo's proprietary and confidential extraction process You contend is "common knowledge in the industry" and "has been a part of the public domain for decades," and state the full factual and legal basis for Your contention.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.
Exhibit 6, page 64

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445

**INTERROGATORY NO. 14:**

Identify all factual and/or legal support for Your contention that the Arbitrator cannot order You to specifically perform your contractual obligations by assigning to Javo all patent applications and patents that disclose in whole or in part Javo trade secrets or confidential information, including but not limited to all factual and/or legal support for Your assertion that the "patents and patent applications at issue have long been the property of CEV."

**INTERROGATORY NO. 15:**

To the extent you contend that You did not previously transfer and assign all Inventions as defined under the EA/CIAA to Javo, Identify the full basis for Your contention, including all factual and/or legal support.

**INTERROGATORY NO. 16:**

To the extent You contend the EA and/or the CIAA are not binding contracts that Javo is entitled to enforce against You, Identify the full basis for Your contention, including all factual and/or legal support.

**INTERROGATORY NO. 17:**

Identify Your full and complete basis, including all factual and legal support, for Your claim that You are entitled to "all legal fees and expenses Mr. Corey reasonably incurs as a result of this Arbitration . . . pursuant to Section 21.1 of the Employment Agreement," which you contend in Your answer to Javo's Demand for Arbitration dated November 13, 2019.

**INTERROGATORY NO. 18:**

To the extent You contend that You did not receive Your severance payments from Javo under the EA/CIAA, Identify Your full and complete basis for that contention, including all factual and/or legal support.

**INTERROGATORY NO. 19:**

Identify all facts supporting Your ability to satisfy the damages that Javo claims in the Demand for Arbitration, including but not limited to any insurance policies or

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

Exhibit 6, page 65

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445

indemnification agreements with CEV that cover Your liability for Javo's claims in this Action.

**INTERROGATORY NO. 20:**

To the extent you contend that any Documents or information requested by Javo are not in Your possession, custody, or control but are instead exclusively in the possession, custody or control of CEV, Identify such Documents or information by category and provide the full basis for Your contention, including all factual and/or legal support.

**INTERROGATORY NO. 21:**

Identify all current or former investors in CEV and state all facts concerning any communications with such investors where You have discussed the inventions You claim in the patents and patent applications claiming priority to the '497 Provisional application, Javo's extraction process, and/or CEV's extraction process.

**INTERROGATORY NO. 22:**

To the extent You are not searching and producing documents from Your "Apple iPad," "Android phone," "desktop computer (self built)," or "[t]wo Verizon Ellipsis tablets," from Your "Google Docs," "Carbonite," or "Dropbox" accounts, or from Your "stephen@cevingredients.com," "stephenkarec@gmail.com," or "scorey@san.rr.com" email addresses, please Identify what sources You are not searching and/or producing from and explain why.

Dated:      May 15, 2020                 Cooley LLP

                                         By: _____
                                              Erin C. Trenda (277155)

                                         Attorneys for Claimant Javo Beverage Co., Inc.

226026670

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
AAA CASE NO. 01-19-0003-2445**

# EXHIBIT 7

# EXHIBIT 7

COOLEY LLP
Steven M. Strauss (99153) (sms@cooley.com)
Erin C. Trenda (277155) (etrenda@cooley.com)
Alexander R. Miller (294474) (amiller@cooley.com)
Joanna L. Hubberts (294230) (jhubberts@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

Jeffrey Karr (186372) (jkarr@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Claimant Javo Beverage Co., Inc.

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| JAVO BEVERAGE COMPANY, INC.,<br><br>    Claimant,<br><br>  v.<br><br>STEPHEN COREY,<br><br>    Respondent. | AAA Case No.: 01-19-0003-2445<br><br>**JAVO'S FIRST SET OF REQUESTS FOR ADMISSION TO STEPHEN COREY**<br><br>Arbitrator: Hon. Jay C. Gandhi (Ret.) |

**PROPOUNDING PARTY:**   **JAVO BEVERAGE COMPANY, INC.**

**RESPONDING PARTY:**   **STEPHEN COREY**

**SET NUMBER:**   **ONE**

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Exhibit 7, page 68

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
AAA CASE NO. 01-19-0003-2445

Pursuant to AAA Employment Rule No. 9, the Arbitrator's Scheduling Order No. 1, dated April 21, 2020, and the parties' subsequent email communications concerning the exchange of discovery requests, Claimant Javo Beverage Company, Inc. ("Javo") propounds the following requests for admission (the "Requests," each a "Request") to Respondent Stephen Corey ("Corey").  Given Corey's Answer purports to "reserve[] all applicable affirmative defenses" but Corey has yet to identify any such defenses, Javo reserves all rights to seek additional discovery on any affirmative defenses identified by Corey and/or take the position that such defenses have been waived.

## I.   DEFINITIONS

As used in these Requests, words below are defined as follows:

**1.**   "Action" means the above-captioned arbitration filed by Javo against Corey before the American Arbitration Association.

**2.**   "District Court Action" means the lawsuit filed by Javo against CEV and Corey in the United States District Court for the Southern District of California, entitled *Javo Beverage Co., Inc. v. California Extraction Ventures and Stephen Corey*, No. 3:19-cv-01859-CAB-WVG.

**3.**   "Javo" means Javo Beverage Company, Inc., the claimant in this Action, and any affiliate or predecessor entity (including Stephen's Coffee Company, Inc., Stephen's Coffee Holding Corp., North West Farms, Inc., La Jolla Coffee Company, Inc., La Jolla Fresh Squeezed Coffee Co., Inc., Sorisole Acquisition Corp.), and all Persons who are or were acting on the company's behalf, including without limitation any representatives, agents, employees, attorneys, and/or accountants.

**4.**   "You," "Your," and "Corey" means respondent Stephen Corey and his agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on his behalf.

**5.**   "CEV" means California Extraction Ventures, Inc., and, if applicable, any affiliate, predecessor, parent, or subsidiary, and includes CEV's officers,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

Exhibit 7, page 69

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
AAA CASE NO. 01-19-0003-2445

employees, directors, agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on behalf of CEV.

**6.**     "Person(s)" means any natural person and any other cognizable entity, including (without limitation) corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and others.

**7.**     "'497 Provisional Application" means the provisional patent application, U.S. Pat. App. No. 62/134,497 filed by Corey.

**8.**     "Demand for Arbitration" means the Statement of Claim and Demand for Arbitration filed by Javo against Corey in this Action on October 11, 2019.

**9.**     "EA" shall mean the Employment Agreement attached at Exhibit A to Javo's Demand for Arbitration.

**10.**    "CIAA" shall mean the Confidentiality and Invention Assignment Agreement attached at Exhibit A to Javo's Demand for Arbitration.

**II.     INSTRUCTIONS**

**1.**     If a matter is not admitted, Your answer must specifically deny it or state in detail why You cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter, and when good faith requires that You qualify an answer or deny only part of a matter, Your answer must specify the part admitted and qualify or deny the rest.  You may assert lack of knowledge or information as a reason for failing to admit or deny only if You state that You have made reasonable inquiry and that the information You know or can readily obtain is insufficient to enable You to admit or deny.

**2.**     To the extent You rely on any of Your responses to discovery propounded in the District Court Action to answer these Requests, consistent with any future cross-use agreement entered into by the parties, You must indicate what responses from the District Court Action you are relying on in connection with each Request, and respond to any portion of the Request not addressed by the response

Javo's First Set of Requests
for Admission to Corey
AAA Case No. 01-19-0003-2445

from the District Court Action, including by producing any documents not already deemed produced and usable in this Action.

**3.**     Wherever used herein, the present tense includes the past and future tenses, the singular shall include the plural and the plural shall include the singular, the words "and" and "or" shall be either conjunctive or disjunctive as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope, and the terms "any" and "all" shall be construed as "any and all."

## III.   REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You continued to owe Javo ongoing contractual obligations after Your termination from Javo.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You signed a general release for Javo and received a severance payment from Javo under the EA.

**REQUEST FOR ADMISSION NO. 3:**

Admit that after termination of Your employment at Javo, You knew that You continued to owe obligations of confidentiality to Javo under the EA and CIAA.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You transferred and assigned to Javo all discoveries, developments, designs, ideas, improvements, inventions, formulas, processes, techniques, know-how, intellectual property, and data made, conceived, reduced to practice, or learned by You during Your employment at Javo.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You previously represented to Javo investors and the SEC that You developed a proprietary extraction process for Javo.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

Exhibit 7, page 71

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
AAA CASE NO. 01-19-0003-2445

**REQUEST FOR ADMISSION NO. 6:**

Admit that You previously represented to Javo investors and the SEC that Javo's extraction process was being protected as a confidential trade secret.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You knew that Javo protected its extraction process as a confidential trade secret at the time when the '497 Provisional Application was filed.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You knew You were under a contractual obligation to Javo to not use Javo's confidential information at the time when the '497 Provisional Application was filed.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You knew You were under a contractual obligation to Javo to not disclose Javo's confidential information at the time when the '497 Provisional Application was filed.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You knew You were under a contractual obligation to Javo to assign to Javo all right, title, and interest in any discoveries, developments, designs, ideas, improvements, inventions, formulas, processes, techniques, know-how, intellectual property, and data made, conceived, reduced to practice, or learned by You during Your employment at Javo at the time when the '497 Provisional Application was filed.

**REQUEST FOR ADMISSION NO. 11:**

Admit that combining different particle sizes of ground coffee that interlock to facilitate compaction and filtering (i.e., "grind matrixing") is disclosed in the '497 Provisional Application and/or the patents and patent applications that claim priority to the '497 Provisional Application.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You disclosed steps of the tamping process that Javo used while You were employed at Javo in the '497 Provisional Application, including but not

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

Exhibit 7, page 72

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
AAA CASE NO. 01-19-0003-2445

limited to loading 10-20% of an extraction vessel's maximum load with ground coffee and packing the coffee down with a compression tensioner and then repeating the process (i.e., "tamping") in the '497 Provisional Application.

**REQUEST FOR ADMISSION NO. 13:**

Admit that a vessel that is 15" in diameter with an aspect ratio of 6:1 is disclosed in one or more of the specifications for the patents and patent applications that claim priority to the '497 Provisional Application.

**REQUEST FOR ADMISSION NO. 14:**

Admit that a 2:1 flow ratio of solvent entering the bottom of the vessel and extract exiting at the top of the vessel is disclosed in the patents and patent applications that claim priority to the '497 Provisional Application.

**REQUEST FOR ADMISSION NO. 15:**

Admit that while you were employed at Javo, You never represented that You had based Javo's extraction process on publicly available information in the Sivetz Patent.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the EA and CIAA are binding contracts between You and Javo.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you knew at the time you filed the '497 Provisional Application that the EA and CIAA are binding contracts between you and Javo.

**REQUEST FOR ADMISSION NO. 18:**

Admit that You never informed Javo that, after Your employment at Javo ended, You were inventing what You claim are "novel methods" for an extraction process, or that You sought to assign Your claimed invention to CEV.

**REQUEST FOR ADMISSION NO. 19:**

Admit that You never informed Javo that You or CEV were filing patent applications with the United States Patent and Trademark Office.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

Exhibit 7, page 73

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
AAA CASE NO. 01-19-0003-2445

1 **REQUEST FOR ADMISSION NO. 20:**

2    Admit that CEV has produced Documents in your possession, custody, or
3 control in the District Court Action.

4 **REQUEST FOR ADMISSION NO. 21:**

5    Admit that You filed no proof of claim or objections in the Chapter 11
6 bankruptcy proceeding in the United States Bankruptcy Court in the District of
7 Delaware, Case No. 11-10212 (BLS) involving Javo.

8 **REQUEST FOR ADMISSION NO. 22:**

9    Admit that You received approximately $160,000 in severance payments from
10 Javo.

11 **REQUEST FOR ADMISSION NO. 23:**

12    Admit that, as of May 15, 2020, You have not asserted or disclosed any
13 affirmative defenses in this Action.

14 **REQUEST FOR ADMISSION NO. 24:**

15    Admit that You have shared with CEV knowledge You gained during Your
16 employment at Javo regarding coffee extraction.

17

18

19

20 Dated:    May 15, 2020          Cooley LLP

21

22                    By: _____
                          Erin C. Trenda (277155)
23

24                    Attorneys for Claimant Javo Beverage Co., Inc.

25

26 226026798

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

Exhibit 7, page 74

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
AAA CASE NO. 01-19-0003-2445

# EXHIBIT 8

# EXHIBIT 8

COOLEY LLP
Steven M. Strauss (99153) (sms@cooley.com)
Erin C. Trenda (277155) (etrenda@cooley.com)
Alexander R. Miller (294474) (amiller@cooley.com)
Joanna L. Hubberts (294230) (jhubberts@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

Jeffrey Karr (186372) (jkarr@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Plaintiff and Counterclaim-Defendant
Javo Beverage Co., Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | Case No. 19-cv-01859 CAB WVG |
| Plaintiff, | |
| v. | **JAVO'S FIRST SET OF REQUESTS FOR PRODUCTION TO STEPHEN COREY** |
| CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, | |
| Defendants. | |
| CALIFORNIA EXTRACTION VENTURES, INC., | |
| Counter-Claimant, | |
| v. | |
| JAVO BEVERAGE CO., INC., | |
| Counterclaim-Defendant. | |

**PROPOUNDING PARTY:   JAVO BEVERAGE CO., INC.**

**RESPONDING PARTY:      STEPHEN COREY**

**SET NUMBER:                  ONE**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff and Counterclaim-Defendant Javo Beverage Company, Inc. ("Javo") propounds the following requests for production (the "Requests," each a "Request") to Defendant Stephen Corey ("Corey").

## I.   DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Requests, words below are defined as follows:

**1.**     "Action" means the lawsuit filed by Javo against CEV and Corey in the United States District Court for the Southern District of California, entitled *Javo Beverage Co., Inc. v. California Extraction Ventures and Stephen Corey*, No. 3:19-cv-01859-CAB-WVG.

**2.**     "Javo" means Javo Beverage Company, Inc., the plaintiff and counterclaim-defendant in this Action, and any affiliate or predecessor entity (including Stephen's Coffee Company, Inc., Stephen's Coffee Holding Corp., North West Farms, Inc., La Jolla Coffee Company, Inc., La Jolla Fresh Squeezed Coffee Co., Inc., Sorisole Acquisition Corp.), and all Persons who are or were acting on the company's behalf, including without limitation any representatives, agents, employees, attorneys, and/or accountants.

**3.**     "You," "Your," and "Corey" means Defendant Stephen Corey and his agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on his behalf.

**4.**      "CEV" means California Extraction Ventures, Inc., the defendant and counterclaimant in this Action, and, if applicable, any affiliate, predecessor, parent, or subsidiary, and includes CEV's officers, employees, directors, agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on behalf of CEV.

**5.**     "Person(s)" means any natural person and any other cognizable entity,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

Exhibit 8, page 77

JAVO'S FIRST SET OF
REQUESTS FOR PRODUCTION TO COREY
CASE NO. 19-CV-1859 CAB WVG

1   including (without limitation) corporations, proprietorships, partnerships, joint

2   ventures, consortiums, clubs, associations, foundations, governmental agencies or

3   instrumentalities, societies, and others.

4       **6.**    "Document(s)" shall have the broadest meaning ascribed to that term by

5   Federal Rule of Civil Procedure 34, and includes documents and electronically stored

6   information whose discovery is permitted under Federal Rule of Civil Procedure

7   34(a)(1), and writings as defined by Federal Rule of Evidence 1001(a), including: (i) all

8   "writings" (or drafts thereof); (ii) any information or Communications stored, recorded,

9   or written on any medium, in any format, by any means, including any written, printed,

10  typed, recorded, magnetic, punched, copied, graphic or other tangible Thing in, through,

11  or from which information may be embodied, translated, conveyed, or stored including,

12  without limitation, advertisements, correspondence, memoranda, notes, records, books,

13  papers, telegrams, telexes, e-mail, dictation tapes, audio tapes, video tapes, content from

14  web sites and social media (e.g., Facebook, Twitter, LinkedIn, etc.), computer files,

15  computer tapes (including back up tapes), computer discs (including back up discs),

16  computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs,

17  charts, drawings, or sketches; and (iii) data stored in a computer, data stored on

18  removable magnetic or optical media (*e.g.*, magnetic tape, floppy discs and recordable

19  optical disks), data used for electronic data interchange, audit trails, digitized pictures

20  and video (*e.g.*, data stored in MPEG, JPEG and GIF formats), and digitized audio and

21  voicemail.  A draft or non-identical copy is a separate document within the meaning of

22  this definition.

23      **7.**    "Communication(s)" means all written, oral, telephonic, electronic (e.g.,

24  computer-contained information) or other expressions of words, thoughts, ideas, or

25  images, including but not limited to newspaper articles, inquiries, discussions,

26  conversations, negotiations, agreements, understandings, meetings, letters, e-mails,

27  notes, diaries, calendars, advertisements, interviews, blogs, or content from online

28  social media sites (e.g., Facebook, Twitter, LinkedIn, etc.).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

Exhibit 8, page 78

**JAVO'S FIRST SET OF
REQUESTS FOR PRODUCTION TO COREY
CASE NO. 19-CV-1859 CAB WVG**

**8.** "Thing(s)" means any tangible item other than a Document, whose discovery is permitted under Federal Rule of Civil Procedure 34(a)(1).

**9.** "Invention(s)" shall include all discoveries, developments, designs, ideas, improvements, inventions, formulas, processes, techniques, know-how, intellectual property, and data (whether or not patentable or registerable under copyright or similar statutes) that are made, conceived, reduced to practice, or learned by an employee (either alone or jointly with others) during the period of his employment.

**10.** "'497 Provisional Application" means the provisional patent application, U.S. Pat. App. No. 62/134,497 filed by Corey.

**11.** "Relate to," "relating to," or any variant thereof means constituting, comprising, concerning, containing, mentioning, pertaining, involving, describing, depicting, discussing, commenting on, embodying, referring to, responding to, supporting, setting forth, showing, disclosing, explaining, or summarizing, either directly or indirectly, in whole or in part, as the context makes appropriate, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

**II.    INSTRUCTIONS**

**1.** You shall produce all non-privileged Documents or Things in Your possession, custody, or control that are responsive to these Requests. If there are no Documents or Things responsive to any particular Request, You are requested to indicate the same in writing.

**2.** Documents and Things shall be produced either as kept in the usual course of business or organized and labeled to correspond with the number of each Request to which a produced Document or Thing is responsive. If You choose to produce Documents as they are as kept in the usual course of business, the Documents are to be produced in the boxes, file folders, bindings, and other containers in which the Documents are found. The titles, labels, and other description on the boxes, file folders, bindings, and other containers are to be left intact. All Documents that are physically or

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

Exhibit 8, page 79

JAVO'S FIRST SET OF
REQUESTS FOR PRODUCTION TO COREY
CASE NO. 19-CV-1859 CAB WVG

electronically attached or linked to each other shall be produced in that form and designated accordingly in an electronic production, consistent with the ESI Order that is ultimately entered in this case.

**3.**    If You believe that any Request calls for the disclosure of privileged information, You must comply with the requirements of Federal Rule of Civil Procedure 26(b)(5) and the ESI Order that is ultimately entered in this case as to each Document or Thing for which a claim of privilege or protection from discovery is made. To the extent any purportedly privileged Document contains non-privileged subject matter, the non-privileged portion must be produced with the purportedly privileged material redacted.

**4.**    Each requested Document is to be produced in its entirety without deletion, redaction, or excision (except as qualified by instruction 3 above), regardless of whether You consider the entire Document to be relevant or responsive to these Requests.

**5.**    If any Document or Thing responsive to any request for production is no longer in existence, or is no longer in Your possession, custody, or control, then identify the following in response to the applicable request(s) for production:

**(a)**    The information contained in any such Document, and if that is unknown, the subject matter;

**(b)**    The type of Document containing such information;

**(c)**    The time period during which such Document was in existence or in Your possession, custody, or control;

**(d)**    The circumstances under which the Document ceased to exist or ceased to be in Your possession, custody, or control;

**(e)**    The date when such Document ceased to exist or was no longer in Your possession, custody, or control;

**(f)**    All Persons having knowledge of the circumstances under which the Document ceased to exist or was no longer in Your possession, custody, or control; and

**(g)**    All Persons who have or had knowledge of the Document and its

Cooley LLP
Attorneys At Law
San Diego

4.

Exhibit 8, page 80

Javo's First Set of
Requests for Production to Corey
Case No. 19-cv-1859 CAB WVG

1    contents.

2    **6.**    If You object to part of a Request and refuse to respond to that part, You

3    shall produce all Documents called for that are not subject to that objection.  If You

4    object to the scope or time period of a Request, You shall state Your objection and

5    respond to the Request for the scope or time period You believe is appropriate.  If Your

6    response to any of these Requests is qualified in any particular manner, set forth the

7    details of such qualification. If an objection pertains to only a portion of an

8    Interrogatory, or a word, phrase, or clause contained within it, you are required to state

9    your objection to that portion only and to respond to the remainder of the Interrogatory,

10   using your best efforts to do so. In accordance with Judge Gallo's chambers rules,

11   boilerplate or generalized objections are insufficient, and conditional responses (e.g.,

12   "subject to and without waiving these objections . . .") are improper and deemed waived.

13   *See* Chambers Rules Appendix B.

14   **7.**    If, in answering these Requests, You encounter any ambiguities when

15   construing a Request, instruction, or definition, You shall set forth in Your answer the

16   matter deemed ambiguous and the construction used in answering.

17   **8.**    If a Request is silent as to the time period for which information is sought,

18   You should include all Documents relevant to the period from June 2001 until present,

19   unless specified otherwise.

20   **9.**    These Requests are continuing in nature.  You must supplement or amend

21   Your responses to these Requests pursuant to Federal Rule of Civil Procedure 26(e).

22   **10.**    Wherever used herein, the present tense includes the past and future tenses,

23   the singular shall include the plural and the plural shall include the singular, the words

24   "and" and "or" shall be either conjunctive or disjunctive as necessary to bring within

25   the scope of the interrogatory all responses that might otherwise be construed to be

26   outside of its scope, and the terms "any" and "all" shall be construed as "any and all."

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

Exhibit 8, page 81

**JAVO'S FIRST SET OF**
**REQUESTS FOR PRODUCTION TO COREY**
**CASE NO. 19-CV-1859 CAB WVG**

## III.   REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents from 1993 to present that You retained from Your employment at Javo, including but not limited to Documents relating to any extraction process for coffee, tea, or botanicals or related tests performed while You were employed by Javo.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents after August 1, 2011, reflecting any Communications with current or former Javo employees regarding Javo or any extraction process.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents from 1993 to present that You have in Your possession, custody, or control that relate to Javo, including but not limited to all Documents that include the word "Javo."

**REQUEST FOR PRODUCTION NO. 4:**

All Documents reflecting any Communications with Javo or CEV relating to the EA or the CIAA.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents showing Your research and development of what You claim is CEV's or Your extraction process disclosed in the '497 Provisional Application or the patents or patent applications that claim priority to the '497 Provisional Application, including the "Catalyzing Pressure Wave Architecture."

**REQUEST FOR PRODUCTION NO. 6:**

All Documents that support Your contention that You did not make, conceive of, reduce to practice, learn, design and/or develop each of the claimed inventions in the '497 Provisional Application or the patents and patent applications claiming priority to the '497 Provisional Application while You were employed at Javo.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications from August 1, 2011 to present between You and CEV relating to Your employment at CEV or any ownership rights in the '497

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

Exhibit 8, page 82

JAVO'S FIRST SET OF
REQUESTS FOR PRODUCTION TO COREY
CASE NO. 19-CV-1859 CAB WVG

Provisional Application or any patents or patent applications that claim priority to the '497 Provisional Application, including but not limited to any employment agreement, confidentiality agreement, invention assignment agreement, stock purchase agreement and/or stock option agreement between You and CEV.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents after August 1, 2011, reflecting any Communications with current or former Javo employees regarding Javo or any extraction process for coffee, tea, or botanicals.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents that reflect, relate to, or discuss Your ability to satisfy the damages Javo claims in the Complaint, including but not limited to any insurance policies or indemnification agreements covering Your liability or the liability of CEV for Javo's claims in this litigation.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents between You and any actual or potential investors in CEV that discuss or relate to Javo, including but not limited to correspondence and Communications regarding Javo's extraction process, this Action, or the arbitration between Javo and Corey that is captioned *Javo Beverage Co., Inc. v. Stephen Corey*, AAA # 01-19-0003-2445.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents relating to the formation of CEV, including but not limited to Documents reflecting why and when You and Kurt Toneys decided to form CEV.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents after August 1, 2011, relating to the potential or actual employment or retention as a consultant or contractor at CEV of any Person who is a current or former Javo employee, consultant, or contractor, including but not limited to internal CEV Communications and Communications with current or former Javo employees, consultants, or contractors.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

Exhibit 8, page 83

JAVO'S FIRST SET OF
REQUESTS FOR PRODUCTION TO COREY
CASE NO. 19-CV-1859 CAB WVG

**REQUEST FOR PRODUCTION NO. 13:**

All Documents reflecting any Communications with Javo or CEV relating to the EA or the CIAA.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents from August 1, 2011 to present that You exchanged with Carmen Vertullo or that reflect Communications with Carmen Vertullo regarding Javo's or Your and/or CEV's extraction process or extraction equipment.

**REQUEST FOR PRODUCTION NO. 15:**

All unpublished patent applications and any other unpublished Documents filed by You with the United States Patent and Trademark Office that list You as inventor and/or CEV as applicant, regardless of whether the unpublished patent applications claim priority to the '497 Provisional Application.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents relating to what You contend is Your and/or CEV's extraction process.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to the grind matrix, including but not limited to the grinder setting(s), sieve size(s), and ratio of particle sizes that You have used, that You are using, that You plan to use, and/or that You have experimented with in Your and/or CEV's extraction process.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to what You refer to as the "catalyzing pressure wave," including but not limited to all Documents relating to studies, testing, and measurements of Your and/or CEV's extraction process.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to the tamping procedure disclosed in the '497 Provisional Application or used in Your and/or CEV's extraction process, including but not limited to any process that involves loading 10-20% of the maximum load before

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

Exhibit 8, page 84

JAVO'S FIRST SET OF
REQUESTS FOR PRODUCTION TO COREY
CASE NO. 19-CV-1859 CAB WVG

1    tamping.

2    **REQUEST FOR PRODUCTION NO. 20:**

3        All Documents relating to degassing time, including but not limited to any

4    degassing time that You have used, that You are using, that You plan to use, and/or that

5    You have experimented with in Your and/or CEV's extraction process.

6    **REQUEST FOR PRODUCTION NO. 21:**

7        All Documents relating to the dimensions of any extraction vessels that You have

8    considered or used, including but not limited to any aspect ratio, height, diameter (or

9    radius) measurements that You have used, that You are using, that You plan to use,

10   and/or that You have experimented with in Your and/or CEV's extraction process.

11   **REQUEST FOR PRODUCTION NO. 22:**

12       All Documents relating to the research and development of what You claim is

13   Your and/or CEV's extraction process and/or the patents or patent applications that

14   claim priority to the '497 Provisional Application, including but not limited to  all

15   Documents reflecting techniques, methods, procedures, processes, combinations,

16   measurements, or formulas that you researched, tested, or otherwise investigated but

17   ultimately did not implement as part of Your and/or CEV's purported extraction

18   process.

19   **REQUEST FOR PRODUCTION NO. 23:**

20       All Documents that support Your contention that You did not make, conceive of,

21   reduce to practice, learn, design and/or develop each of the claimed Inventions in the

22   '497 Provisional Application or the patents and patent applications claiming priority to

23   the '497 Provisional Application while You were employed at Javo.

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

Exhibit 8, page 85

**JAVO'S FIRST SET OF
REQUESTS FOR PRODUCTION TO COREY
CASE NO. 19-CV-1859 CAB WVG**

1 | Dated:    March 25, 2020                    COOLEY LLP

2

3                                              By: _____
                                                    Erin C. Trenda (277155)

4                                              Attorneys for Plaintiff and Counterclaim-
                                               Defendant Javo Beverage Co., Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

Exhibit 8, page 86

JAVO'S FIRST SET OF
REQUESTS FOR PRODUCTION TO COREY
CASE NO. 19-CV-1859 CAB WVG

<u>**PROOF OF SERVICE**</u>

I am a citizen of the United States and a resident of the State of California.  I am over the age of 18 years, and not a party to this action.  My business address is Cooley LLP, 4401 Eastgate Mall, San Diego, California  92121. My e-mail address is amiller@cooley.com.  On March 25, 2020, I served the following documents on the parties listed below in the manner(s) indicated:

**JAVO'S FIRST SET OF REQUESTS FOR PRODUCTION TO STEPHEN COREY**

☐ (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California. (*Courtesy Copy*)

☐ (BY MESSENGER SERVICE – CCP § 1011) I consigned the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL – CCP § 1013(c)) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

☒ (BY ELECTRONIC MAIL – CCP § 1010.6(a)(4)(A)) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

Exhibit 8, page 87

**JAVO'S FIRST SET OF
REQUESTS FOR PRODUCTION TO COREY
CASE NO. 19-CV-1859 CAB WVG**

1  SHEPPARD, MULLIN, RICHTER &
   HAMPTON LLP
2      A Limited Liability Partnership
       Including Professional Corporations
3  JOHN A. YACOVELLE, Cal. Bar No.
   131781
4          jyacovelle@sheppardmullin.com
   MARISA B. MILLER, Cal. Bar No.
5  270860
           mmiller@sheppardmullin.com
6  KRISTIN P. HOUSH, Cal. Bar No.
   286651
7          khoush@sheppardmullin.com
   JESSE SALEN, Cal. Bar No. 292043
8          jsalen@sheppardmullin.com
   12275 El Camino Real, Suite 200
9  San Diego, California 92130-4092
   Telephone:   858.720.8900
10 Facsimile:   858.509.3691

11 Attorneys for Defendants/Counter-
   Claimant CALIFORNIA EXTRACTION
12 VENTURES, INC. and STEPHEN
   COREY

13

14      I declare under penalty of perjury under the laws of the State of California that

15 the above is true and correct.

16      Executed on March 25, 2020, at San Diego, California.

17

18 _____

19                     Alexander R. Miller

20 222443291

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

Exhibit 8, page 88

JAVO'S FIRST SET OF
REQUESTS FOR PRODUCTION TO COREY
CASE NO. 19-CV-1859 CAB WVG

# EXHIBIT 9

# EXHIBIT 9

1  COOLEY LLP
   Steven M. Strauss (99153) (sms@cooley.com)
2  Erin C. Trenda (277155) (etrenda@cooley.com)
   Alexander R. Miller (294474) (amiller@cooley.com)
3  Joanna L. Hubberts (294230) (jhubberts@cooley.com)
   4401 Eastgate Mall
4  San Diego, CA 92121
   Telephone: (858) 550-6000
5  Facsimile:  (858) 550-6420

6  Jeffrey Karr (186372) (jkarr@cooley.com)
   3175 Hanover Street
7  Palo Alto, CA 94304
   Telephone: (650) 843-5000
8  Facsimile: (650) 849-7400

9  Attorneys for Plaintiff and Counterclaim-Defendant
   Javo Beverage Co., Inc.

10

11              **UNITED STATES DISTRICT COURT**

12           **SOUTHERN DISTRICT OF CALIFORNIA**

13
   JAVO BEVERAGE CO., INC.,              Case No. 19-cv-01859 CAB WVG
14
              Plaintiff,
15                                       **JAVO'S FIRST SET OF
        v.                               INTERROGATORIES TO STEPHEN
16                                       COREY**
   CALIFORNIA EXTRACTION
17 VENTURES, INC. AND STEPHEN
   COREY,
18
              Defendants.
19  _____
   CALIFORNIA EXTRACTION
20 VENTURES, INC.,

21              Counter-Claimant,

22      v.

23 JAVO BEVERAGE CO., INC.,

24              Counterclaim-Defendant.

25  _____

26 **PROPOUNDING PARTY:    JAVO BEVERAGE CO., INC.**

27 **RESPONDING PARTY:      STEPHEN COREY**

28 **SET NUMBER:            ONE**

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
CASE NO. 19-CV-1859 CAB WVG

Exhibit 9, page 90

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Civil Local Rule 33.1, Plaintiff and Counterclaim-Defendant Javo Beverage Company, Inc. ("Javo") propounds the following interrogatories (the "Interrogatories," each an "Interrogatory") to Defendant Stephen Corey. ("Corey").

## I.   DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Interrogatories, words below are defined as follows:

**1.** "Action" means the lawsuit filed by Javo against CEV and Corey in the United States District Court for the Southern District of California, entitled *Javo Beverage Co., Inc. v. California Extraction Ventures and Stephen Corey*, No. 3:19-cv-01859-CAB-WVG.

**2.** "Javo" means Javo Beverage Company, Inc., the plaintiff and counterclaim-defendant in this Action, and any affiliate or predecessor entity (including Stephen's Coffee Company, Inc., Stephen's Coffee Holding Corp., North West Farms, Inc., La Jolla Coffee Company, Inc., La Jolla Fresh Squeezed Coffee Co., Inc., Sorisole Acquisition Corp.), and all Persons who are or were acting on the company's behalf, including without limitation any representatives, agents, employees, attorneys, and/or accountants.

**3.** "You," "Your," and "Corey" means Defendant Stephen Corey and his agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on his behalf.

**4.** "CEV" means California Extraction Ventures, Inc., the defendant and counterclaimant in this Action, and, if applicable, any affiliate, predecessor, parent, or subsidiary, and includes CEV's officers, employees, directors, agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on behalf of CEV.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

Exhibit 9, page 91

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
CASE NO. 19-CV-1859 CAB WVG

**5.**     "Document(s)" shall have the broadest meaning ascribed to that term by Federal Rule of Civil Procedure 34, and includes documents and electronically stored information whose discovery is permitted under Federal Rule of Civil Procedure 34(a)(1), and writings as defined by Federal Rule of Evidence 1001(a), including: (i) all "writings" (or drafts thereof); (ii) any information or Communications stored, recorded, or written on any medium, in any format, by any means, including any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, advertisements, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, e-mail, dictation tapes, audio tapes, video tapes, content from web sites and social media (e.g., Facebook, Twitter, LinkedIn, etc.), computer files, computer tapes (including back up tapes), computer discs (including back up discs), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, or sketches; and (iii) data stored in a computer, data stored on removable magnetic or optical media (*e.g.*, magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized pictures and video (*e.g.*, data stored in MPEG, JPEG and GIF formats), and digitized audio and voicemail.  A draft or non-identical copy is a separate document within the meaning of this definition.

**6.**     "Communication(s)" means all written, oral, telephonic, electronic (e.g., computer-contained information) or other expressions of words, thoughts, ideas, or images, including but not limited to newspaper articles, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, e-mails, notes, diaries, calendars, advertisements, interviews, blogs, or content from online social media sites (e.g., Facebook, Twitter, LinkedIn, etc.).

**7.**     "Identify" means to describe in detail all relevant facts about the subject matter, including names, relationships, addresses, functions, plans, purposes, objectives, results, and any other information which is relevant or could lead to the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

Exhibit 9, page 92

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
CASE NO. 19-CV-1859 CAB WVG

1    discovery of admissible evidence.  For the avoidance of doubt:

2    **(a)** To "Identify" an individual includes stating the individual's: (i) full

3    name, (ii) title, (iii) employer or business affiliation, (iv) present address, or if unknown,

4    last known address, and (v) telephone number;

5    **(b)** To "Identify" a corporation or other business entity includes stating:

6    (i) the name and form of such corporation or business entity, (ii) the address of its

7    principal place of business, (iii) its state of incorporation or formation, and (iv) the

8    identity of all individuals who acted on its behalf in connection with the matter alleged

9    in this Action;

10    **(c)** To "Identify" a document includes stating: (i) the title of a

11    document, (ii) date on the document, and (iii) if the document has been or will be

12    produced, the Bates number or other sufficient identifier; and

13    **(d)** To "Identify" a Communication includes stating: (i) the individuals

14    involved, (ii) the date of the Communication, and (iii) the content of the

15    Communication.

16    **(e)** To "Identify" the basis for Your contention includes stating: (i) a

17    detailed description of the contention, (ii) all relevant facts supporting Your basis for

18    the contention, (iii) all Documents and/or Communications supporting Your contention,

19    and (iv) all authority supporting the basis for Your contention.

20    **8.** "Person(s)" means any natural person and any other cognizable entity,

21    including (without limitation) corporations, proprietorships, partnerships, joint

22    ventures, consortiums, clubs, associations, foundations, governmental agencies or

23    instrumentalities, societies, and others.

24    **9.** "'497 Provisional Application" means the provisional patent application,

25    U.S. Pat. App. No. 62/134,497 filed by Corey.

26    **10.** "Invention(s)" shall include all discoveries, developments, designs, ideas,

27    improvements, inventions, formulas, processes, techniques, know-how, intellectual

28    property, and data (whether or not patentable or registerable under copyright or similar

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

Exhibit 9, page 93

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
CASE NO. 19-CV-1859 CAB WVG

statutes) that are made, conceived, reduced to practice, or learned by an employee (either alone or jointly with others) during the period of his employment.

**11.** "CEV Asserted Patents" means U.S. Patent Nos. 10,207,200 (the "'200 Patent") and 10,293,275 (the "'275 Patent").

## II.   INSTRUCTIONS

**1.** In answering these Interrogatories, You are required to furnish truthfully and in good faith all information that is presently available to You, regardless of whether such information was obtained directly by You, by Your attorneys, their agents, employees or investigators.

**2.** You shall answer each Interrogatory set forth below separately and completely in writing under oath. Your response is to be served on Javo's counsel of record within thirty (30) days of service hereof, and is to be signed and verified by the Person making it, and the objections signed by the attorney making them, as required by Federal Rule of Civil Procedure 33(b). It is intended that, subject to Your satisfaction of the requirements of Federal Rule of Civil Procedure 26(b)(5), these Interrogatories will not solicit any material protected either by the attorney-client privilege or by the work-product doctrine.

**3.** If any of the Interrogatories cannot be answered in full, You must answer to the extent possible, specifying the reasons for Your inability to answer the remainder of the Interrogatory and stating whatever information, knowledge, or belief You do have concerning the unanswered portion thereof.

**4.** Each Interrogatory shall be answered fully unless it is objected to in good faith, in which event the reasons for Your objection shall be stated in detail. If an objection pertains to only a portion of an Interrogatory, or a word, phrase, or clause contained within it, you are required to state your objection to that portion only and to respond to the remainder of the Interrogatory, using your best efforts to do so. In accordance with Judge Gallo's chambers rules, boilerplate or generalized objections are insufficient, and conditional responses (e.g., "subject to and without waiving these

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

Exhibit 9, page 94

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
CASE NO. 19-CV-1859 CAB WVG

objections . . .") are improper and deemed waived.  *See* Chambers Rules Appendix B.

**5.**     If, in answering these Interrogatories, You encounter any ambiguities when construing an Interrogatory, instruction, or definition, You shall set forth in Your answer the matter deemed ambiguous and the construction used in answering.

**6.**     If You answer any of the Interrogatories by reference to records from which the answer may be derived or ascertained, You shall comply with the requirements of Federal Rule of Civil Procedure 33(d).

**7.**     If You or Your counsel assert that any information or response herein requested is privileged or otherwise protected from discovery, please set forth in Your written response hereto with respect to each Document, Communication or thing for which a claim of privilege is made:

**(a)**     The place, approximate date, and manner of recording, creating or otherwise preparing the Document, Communication or thing;

**(b)**     The name and organizational position, if any, of each sender of the Document, Communication or thing;

**(c)**     The name and organizational position, if any, of each recipient and/or custodian of the Document, Communication or thing;

**(d)**     The name and organizational position, if any, of each Person (other than stenographic or clerical assistants) participating in the preparation or creation of the Document, Communication or thing;

**(e)**     The name and organizational position, if any, of each Person to whom the contents of the Document, Communication or thing or any portion thereof have heretofore been communicated by copy, exhibition, reading or summarization;

**(f)**     A statement of the basis on which privilege is claimed with respect to each Document, Communication or thing and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice;

**(g)**     The number of the Interrogatory to which the Document, Communication or thing is responsive; and

Cooley LLP
Attorneys At Law
San Diego

5.

Exhibit 9, page 95

Javo's First Set of
Interrogatories to Corey
Case No. 19-cv-1859 CAB WVG

**(h)**      The identity and organizational position, if any, of each Person supplying the author of Your response hereto with the information requested in subsections (a) through (g) above.

**8.**      These Interrogatories are continuing in nature.  You must supplement or amend Your responses to these Interrogatories pursuant to Federal Rule of Civil Procedure 26(e).

**9.**      Wherever used herein, the present tense includes the past and future tenses, the singular shall include the plural and the plural shall include the singular, the words "and" and "or" shall be either conjunctive or disjunctive as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope, and the terms "any" and "all" shall be construed as "any and all."

## III.   INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each desktop computer, laptop computer, mobile phone device, tablet, or other wireless communications device that You have used at any time from August 1, 2011 to the present.

**INTERROGATORY NO. 2:**

Identify each cloud-based storage account (e.g., Dropbox, Google Drive) You have used at any time from August 1, 2011 to the present, including without limitation the user name for each account.

**INTERROGATORY NO. 3:**

Identify each email address You have used at any time from August 1, 2011 to the present.

**INTERROGATORY NO. 4:**

Identify all Communications from August 1, 2011 through present with any current or former employee of Javo relating to the extraction of coffee, tea, or botanicals.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

Exhibit 9, page 96

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
CASE NO. 19-CV-1859 CAB WVG

**INTERROGATORY NO. 5:**

Identify all Documents that You accessed after Your termination from Javo, which were created, drafted, or revised by a then employee, consultant, or contractor of Javo, including but not limited to Kurt Toneys, Steven Siegel, Carmen Vertullo, or You.

**INTERROGATORY NO. 6:**

Describe in detail Your conception and reduction to practice of all Inventions described in the specification of the '497 Provisional Application or any patents or patent applications claiming priority to the '497 Provisional Application.

**INTERROGATORY NO. 7:**

Identify the grind matrix, including grind size and particle ratios, that You have used, that You are using, that You plan to use, and/or that You have experimented with in developing any extraction process for Javo or for CEV, as well as the date(s) when Your use, planned use, and/or experimentation has occurred.

**INTERROGATORY NO. 8:**

To the extent You contend that you are not liable for trade secret misappropriation as alleged by Javo, Identify Your full and complete basis for that contention.

**INTERROGATORY NO. 9:**

To the extent You contend that You did not transfer and assign to Javo Your right to the extraction process disclosed in the '497 Provisional Application or the patents or patent applications that claim priority to the '497 Provisional Application to Javo, Identify Your full and complete basis for that contention.

**INTERROGATORY NO. 10:**

To the extent You contend that You have not breached any contractual obligation to Javo under the EA or CIAA, Identify Your full and complete basis for that contention.

1   Dated:    March 25, 2020                    COOLEY LLP

2                                               By: _____
3                                                    Erin C. Trenda (277155)

4                                               Attorneys for Plaintiff and Counterclaim-
                                                Defendant Javo Beverage Co., Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

Exhibit 9, page 98

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
CASE NO. 19-CV-1859 CAB WVG

1

**P**ROOF OF **S**ERVICE

2       I am a citizen of the United States and a resident of the State of California.  I am

3   over the age of 18 years, and not a party to this action.  My business address is Cooley

4   LLP, 4401 Eastgate Mall, San Diego, California   92121. My e-mail address is

5   amiller@cooley.com.   On March 25, 2020, I served the following documents on the

6   parties listed below in the manner(s) indicated:

7       **J**AVO'S **F**IRST **S**ET OF **I**NTERROGATORIES TO **S**TEPHEN **C**OREY

8   ☐   (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar

9        with the business practice of Cooley LLP for collection and processing

10       of correspondence for mailing with the United States Postal Service, and

11       I caused such envelope(s) with postage thereon fully prepaid to be
         placed in the United States Postal Service at San Diego, California.

12       (*Courtesy Copy*)

13   ☐   (BY MESSENGER SERVICE – CCP § 1011) I consigned the
         document(s) to an authorized courier and/or process server for hand

14       delivery on this date.

15   ☐   (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar

16       with the business practice of Cooley LLP for collection and processing
         of document(s) to be transmitted by facsimile and I caused such

17       document(s) on this date to be transmitted by facsimile to the offices of
         addressee(s) at the numbers listed below.

18   ☐   (BY OVERNIGHT MAIL – CCP § 1013(c)) I am personally and readily

19       familiar with the business practice of Cooley LLP for collection and

20       processing of correspondence for overnight delivery, and I caused such
         document(s) described herein to be deposited for delivery to a facility

21       regularly maintained by _____ for overnight delivery.

22   ☒   (BY ELECTRONIC MAIL – CCP § 1010.6(a)(4)(A)) Based on a court

23       order or an agreement of the parties to accept service by e-mail or
         electronic transmission, I caused such documents described herein to be

24       sent to the persons at the e-mail addresses listed below. I did not receive,

25       within a reasonable time after the transmission, any electronic message
         or other indication that the transmission was unsuccessful.

26

27

28

Cooley LLP
Attorneys At Law
San Diego

9.
Exhibit 9, page 99

**J**AVO'S **F**IRST **S**ET OF
**I**NTERROGATORIES TO **C**OREY
**C**ASE **N**O. 19-CV-1859 CAB WVG

1   SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP
2      A Limited Liability Partnership
       Including Professional Corporations
3   JOHN A. YACOVELLE, Cal. Bar No.
    131781
4          jyacovelle@sheppardmullin.com
    MARISA B. MILLER, Cal. Bar No.
5   270860
           mmiller@sheppardmullin.com
6   KRISTIN P. HOUSH, Cal. Bar No.
    286651
7          khoush@sheppardmullin.com
    JESSE SALEN, Cal. Bar No. 292043
8          jsalen@sheppardmullin.com
    12275 El Camino Real, Suite 200
9   San Diego, California 92130-4092
    Telephone:   858.720.8900
10  Facsimile:    858.509.3691

11  Attorneys for Defendants/Counter-
    Claimant CALIFORNIA EXTRACTION
12  VENTURES, INC. and STEPHEN
    COREY

13

14      I declare under penalty of perjury under the laws of the State of California that

15  the above is true and correct.

16      Executed on March 25, 2020, at San Diego, California.

17

18                                  _____
                                              Alex Miller
19                                       Alexander R. Miller

20  222442704

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

Exhibit 9, page 100

JAVO'S FIRST SET OF
INTERROGATORIES TO COREY
CASE NO. 19-CV-1859 CAB WVG

# EXHIBIT 10

# EXHIBIT 10

COOLEY LLP
Steven M. Strauss (99153) (sms@cooley.com)
Erin C. Trenda (277155) (etrenda@cooley.com)
Alexander R. Miller (294474) (amiller@cooley.com)
Joanna L. Hubberts (294230) (jhubberts@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

Jeffrey Karr (186372) (jkarr@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Plaintiff and Counterclaim-Defendant
Javo Beverage Co., Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | Case No. 19-cv-01859 CAB WVG |
| Plaintiff, | |
| v. | **JAVO'S FIRST SET OF REQUESTS FOR ADMISSION TO STEPHEN COREY** |
| CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, | |
| Defendants. | |
| CALIFORNIA EXTRACTION VENTURES, INC., | |
| Counter-Claimant, | |
| v. | |
| JAVO BEVERAGE CO., INC., | |
| Counterclaim-Defendant. | |

**PROPOUNDING PARTY:**   **JAVO BEVERAGE CO., INC.**

**RESPONDING PARTY:**   **STEPHEN COREY**

**SET NUMBER:**   **ONE**

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Exhibit 10, page 102

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
CASE NO. 19-CV-1859 CAB WVG

Pursuant to Federal Rules of Civil Procedure 26 and 36, and Civil Local Rule 36.1, Plaintiff and Counterclaim-Defendant Javo Beverage Company, Inc. ("Javo") propounds the following requests for admission (the "Requests," each a "Request") to Defendant Stephen Corey ("Corey").

## I.   DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Requests, words below are defined as follows:

**1.**     "Action" means the lawsuit filed by Javo against CEV and Corey in the United States District Court for the Southern District of California, entitled *Javo Beverage Co., Inc. v. California Extraction Ventures and Stephen Corey*, No. 3:19-cv-01859-CAB-WVG.

**2.**     "Javo" means Javo Beverage Company, Inc., the plaintiff and counterclaim-defendant in this Action, and any affiliate or predecessor entity (including Stephen's Coffee Company, Inc., Stephen's Coffee Holding Corp., North West Farms, Inc., La Jolla Coffee Company, Inc., La Jolla Fresh Squeezed Coffee Co., Inc., Sorisole Acquisition Corp.), and all Persons who are or were acting on the company's behalf, including without limitation any representatives, agents, employees, attorneys, and/or accountants.

**3.**     "You," "Your," and "Corey" means Defendant Stephen Corey and his agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on his behalf.

**4.**      "CEV" means California Extraction Ventures, Inc., the defendant and counterclaimant in this Action, and, if applicable, any affiliate, predecessor, parent, or subsidiary, and includes CEV's officers, employees, directors, agents, representatives, attorneys, accountants, and/or any other Persons or entities acting or purporting to act on behalf of CEV.

**5.**     "Person(s)" means any natural person and any other cognizable entity,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

Exhibit 10, page 103

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
CASE NO. 19-CV-1859 CAB WVG

including (without limitation) corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and others.

## II.    INSTRUCTIONS

1.      In accordance with Rule 36(a)(4) of the Federal Rules of Civil Procedure, if a matter is not admitted, Your answer must specifically deny it or state in detail why You cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter, and when good faith requires that You qualify an answer or deny only part of a matter, Your answer must specify the part admitted and qualify or deny the rest.  You may assert lack of knowledge or information as a reason for failing to admit or deny only if You state that You have made reasonable inquiry and that the information You know or can readily obtain is insufficient to enable You to admit or deny.

2.      Wherever used herein, the present tense includes the past and future tenses, the singular shall include the plural and the plural shall include the singular, the words "and" and "or" shall be either conjunctive or disjunctive as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope, and the terms "any" and "all" shall be construed as "any and all."

## III.    REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You continued to owe Javo ongoing contractual obligations after Your termination from Javo.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You signed a general release for Javo and received a severance payment from Javo under the EA.

**REQUEST FOR ADMISSION NO. 3:**

Admit that after termination of Your employment at Javo, You knew that You continued to owe obligations of confidentiality to Javo under the EA and CIAA.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

Exhibit 10, page 104

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
CASE NO. 19-CV-1859 CAB WVG

**REQUEST FOR ADMISSION NO. 4:**

Admit that You transferred and assigned to Javo all discoveries, developments, designs, ideas, improvements, inventions, formulas, processes, techniques, know-how, intellectual property, and data made, conceived, reduced to practice, or learned by You during Your employment at Javo.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You previously represented to Javo investors and the SEC that You developed a proprietary extraction process for Javo.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You previously represented to Javo investors and the SEC that Javo's extraction process was being protected as a confidential trade secret.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You knew that Javo protected its extraction process as a confidential trade secret at the time when the '497 Provisional Application was filed.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You knew You were under a contractual obligation to Javo to not use Javo's confidential information at the time when the '497 Provisional Application was filed.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You knew You were under a contractual obligation to Javo to not disclose Javo's confidential information at the time when the '497 Provisional Application was filed.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You knew You were under a contractual obligation to Javo to assign to Javo all right, title, and interest in any discoveries, developments, designs, ideas, improvements, inventions, formulas, processes, techniques, know-how, intellectual property, and data made, conceived, reduced to practice, or learned by You during Your employment at Javo at the time when the '497 Provisional Application was filed.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

Exhibit 10, page 105

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
CASE NO. 19-CV-1859 CAB WVG

**REQUEST FOR ADMISSION NO. 11:**

Admit that combining different particle sizes of ground coffee that interlock to facilitate compaction and filtering (i.e., "grind matrixing") is disclosed in the '497 Provisional Application and/or the patents and patent applications that claim priority to the '497 Provisional Application.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You disclosed steps of the tamping process that Javo used while You were employed at Javo in the '497 Provisional Application, including but not limited to loading 10-20% of an extraction vessel's maximum load with ground coffee and packing the coffee down with a compression tensioner and then repeating the process (i.e., "tamping") in the '497 Provisional Application.

**REQUEST FOR ADMISSION NO. 13:**

Admit that a vessel that is 15" in diameter with an aspect ratio of 6:1 is disclosed in one or more of the specifications for the patents and patent applications that claim priority to the '497 Provisional Application.

**REQUEST FOR ADMISSION NO. 14:**

Admit that a 2:1 flow ratio of solvent entering the bottom of the vessel and extract exiting at the top of the vessel is disclosed in the patents and patent applications that claim priority to the '497 Provisional Application.

**REQUEST FOR ADMISSION NO. 15:**

Admit that while you were employed at Javo, You never represented that You had based Javo's extraction process on publicly available information in the Sivetz Patent.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

Exhibit 10, page 106

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
CASE NO. 19-CV-1859 CAB WVG

1

Dated:    March 25, 2020                    COOLEY LLP

2

3                                            By: _____
                                                  Erin C. Trenda (277155)

4                                            Attorneys for Plaintiff and Counterclaim-
                                             Defendant Javo Beverage Co., Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

Exhibit 10, page 107

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
CASE NO. 19-CV-1859 CAB WVG

1

## PROOF OF SERVICE

2      I am a citizen of the United States and a resident of the State of California.  I am

3  over the age of 18 years, and not a party to this action.  My business address is Cooley

4  LLP, 4401 Eastgate Mall, San Diego, California   92121. My e-mail address is

5  amiller@cooley.com.   On March 25, 2020, I served the following documents on the

6  parties listed below in the manner(s) indicated:

7      **JAVO'S FIRST SET OF REQUESTS FOR ADMISSION TO STEPHEN COREY**

8

9

10

11

12

☐  (BY U.S. MAIL – CCP § 1013a(1)) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California. (*Courtesy Copy*)

13

14

☐  (BY MESSENGER SERVICE – CCP § 1011) I consigned the document(s) to an authorized courier and/or process server for hand delivery on this date.

15

16

17

☐  (BY FACSIMILE – CCP § 1013(e)) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

18

19

20

21

☐  (BY OVERNIGHT MAIL – CCP § 1013(c)) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

22

23

24

25

☒  (BY ELECTRONIC MAIL – CCP § 1010.6(a)(4)(A)) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

Exhibit 10, page 108

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
CASE NO. 19-CV-1859 CAB WVG

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2      A Limited Liability Partnership
       Including Professional Corporations
3  JOHN A. YACOVELLE, Cal. Bar No. 131781
4          jyacovelle@sheppardmullin.com
   MARISA B. MILLER, Cal. Bar No. 270860
5          mmiller@sheppardmullin.com
6  KRISTIN P. HOUSH, Cal. Bar No. 286651
7          khoush@sheppardmullin.com
   JESSE SALEN, Cal. Bar No. 292043
8          jsalen@sheppardmullin.com
   12275 El Camino Real, Suite 200
9  San Diego, California 92130-4092
   Telephone:   858.720.8900
10 Facsimile:   858.509.3691

11 Attorneys for Defendants/Counter-Claimant CALIFORNIA EXTRACTION
12 VENTURES, INC. and STEPHEN COREY
13

14     I declare under penalty of perjury under the laws of the State of California that

15 the above is true and correct.

16     Executed on March 25, 2020, at San Diego, California.

17

18 _____
                                  *Alex Miller*
19                        Alexander R. Miller

20 222446786

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

Exhibit 10, page 109

JAVO'S FIRST SET OF REQUESTS
FOR ADMISSION TO COREY
CASE NO. 19-CV-1859 CAB WVG