COOLEY LLP
Steven M. Strauss (99153) (sms@cooley.com)
Erin C. Trenda (277155) (etrenda@cooley.com)
Alexander R. Miller (294474) (amiller@cooley.com)
Joanna L. Hubberts (294230) (jhubberts@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

Jeffrey Karr (186372) (jkarr@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Eamonn Gardner (310834) (egardner@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

Attorneys for Plaintiff and Counterclaim-Defendant
Javo Beverage Co., Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, <br><br> Defendants. | Case No. 19-cv-01859 CAB WVG <br><br> **JAVO'S OPPOSITION TO DEFENDANTS CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY'S MOTION FOR ANTI-SUIT INJUNCTION TO ENJOIN ARBITRATION** <br><br> Date:  July 2, 2020 <br> Ctrm.: 4C (4th Floor) <br> Judge: Hon. Cathy Ann Bencivengo |
| CALIFORNIA EXTRACTION VENTURES, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> JAVO BEVERAGE CO., INC., <br><br> Counterclaim-Defendant. | Complaint Filed:  September 26, 2019 <br> Trial Date:  TBD <br><br> PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................................1

II. BACKGROUND ....................................................................................................1

III. LEGAL STANDARD ............................................................................................3

IV. ARGUMENT .........................................................................................................4

    A.  The FAA Requires Contractual Arbitration. ...............................................4

    B.  There is No Support for an Anti-Suit Injunction Here. ..............................5

    C.  Even if the Gallo Test Were to Apply, CEV and Corey Have Not Satisfied Their Burden. ...............................................................................7

        1.  The Issues Are Not Functionally the Same. ....................................7

        2.  Proceeding with Arbitration is Consistent with the Policy of the Court, Not in Frustration of It. ..........................................................8

        3.  The Comity Consideration is Not Applicable. ...............................10

V. CONCLUSION ....................................................................................................11

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

i

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Applied Medical Distrib. Corp. v. Surgical Co. BV,*
   587 F.3d 909, 913 (9th Cir. 2009) ..................................................................3, 6, 7

*BioMagic, Inc. v. Dutch Bros. Enterprises, LLC,*
   729 F. Supp. 2d 1140, 1143 (C.D. Cal. 2010) .....................................................0

*E. & J. Gallo Winery v. Andina Licores S.A.,*
   446 F.3d 984, 991, 994 (9th Cir. 2006).........................................................3, 4, 5

*Ferguson v. Corinthian Colleges, Inc.,*
   733 F.3d 928, 932 (9th Cir. 2013) .........................................................................4

*Henry Schein, Inc. v. Archer & White Sales, Inc.,*
   139 S. Ct. 524, 529 (2019).....................................................................................4

*Hofer v. Emley,* 2
   2019 WL 4575389, at *9 (N.D. Cal. Sept. 20, 2019).........................................10

*Mastronardi Int'l Ltd. v. SunSelect Produce (California), Inc.,*
   2020 WL 520167 (E.D. Cal. Jan. 31, 2020).....................................................6, 7

*McGovern v. U.S. Bank N.A.,*
   362 F. Supp. 3d 850 (S.D. Cal. 2019) ..............................................................4, 8

*Microsoft Corp. v. Motorola, Inc.,*
   696 F.3d 872, 881 (9th Cir. 2012) .......................................................................13

*Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,*
   460 U.S. 1 (1983)...................................................................................................9

*Oracle Am., Inc. v. Myriad Group AG,*
   2012 WL 146364 (N.D. Cal. Jan. 17, 2012) ....................................................5, 6

*Po-Hai Tang v. CS Clean Sys. AG,*
   2011 WL 4073653, at *2 (S.D. Cal. Sept. 13, 2011) ..........................................6

**Statutes**

Federal Arbitration Act ................................................................................*passim*

**Other Authorities**

AAA Rule 6 C.............................................................................................................5

Cooley LLP
Attorneys At Law
San Diego

ii

Javo's Opposition to Mot. for
Anti-Suit Injunction
Case No. 19-cv-1859 CAB WVG

## I. INTRODUCTION

Defendant Stephen Corey ("Corey") and Defendant/Counter-Claimant California Extraction Ventures, Inc.'s ("CEV") ask this Court to enjoin the pending arbitration between Corey and Javo Beverage Company ("Javo"). The injunction that CEV and Corey seek would deprive Javo of its bargained for right to arbitrate indisputably arbitrable claims. Months ago, Corey sought a stay of the arbitration from the arbitrator and lost. Not surprisingly, CEV and Corey cite no authority that supports the extraordinary injunctive relief they now seek, but instead rely on cases involving anti-suit injunctions to stop *foreign* proceedings on comity grounds. Those cases have no relevance to an arbitration between two California parties, involving conduct occurring in California, under a contract governed by California law and the established rules of the American Arbitration Association, pending in San Diego, California, and presided over by an experienced former magistrate judge from the Central District of California.

The uniform and unequivocal body of case law rejects CEV and Corey's arguments, and holds that, given the strong public policy in favor of arbitration, Courts *must* steadfastly protect a party's right to arbitrate. In short, CEV and Corey's motion is baseless and this Court should follow the lead of the duly appointed arbitrator. As the arbitrator found, Javo and Corey bargained for the right to arbitrate disputes between them, and the arbitration should proceed expeditiously to its conclusion, as scheduled, in December 2020.

## II. BACKGROUND

Javo filed a Motion to Stay Pending Arbitration on May 27, 2020. (Doc. 79 *et seq.* ("Motion to Stay").) Defendants filed for an anti-suit injunction to enjoin the arbitration the next day. (Doc. 80 *et seq.* (the "Motion").) Javo remains mindful of the volume of overlapping briefing being submitted to the Court on what are essentially cross-motions by the parties.[1] As a result, Javo provides a brief summary of the

---

[1] Given the overlap in what are essentially cross-motions by the parties, Javo had suggested the parties work to consolidate the briefing. Defendants declined. (Trenda

Cooley LLP
Attorneys At Law
San Diego

1.

Javo's Opposition to Mot. for
Anti-Suit Injunction
Case No. 19-cv-1859 CAB WVG

background facts here and respectfully incorporates by reference its briefing on Javo's Motion to Stay.

On September 26, 2019, Javo initiated this action against Corey and/or CEV for trade secret misappropriation, declaratory judgment of patent ownership, and intentional interference with contractual relations. (*See* Doc. No. 1.) As required by Javo's and Corey's agreement to arbitrate disputes relating to Corey's employment that arise under the EA and CIAA (*see* Doc. No. 1-2 at 15, EA ¶ 20.1), Javo separately initiated arbitration proceedings on its contractual claims against Corey before the American Arbitration Association on October 11, 2019. (*See* Doc. No. 80-2 at 6–24 (Ex. 1).) In the arbitration, Javo alleges that Corey materially breached his contractual obligation under the EA not to use or disclose any of Javo's confidential information, and his agreement under the CIAA to transfer and assign to Javo any discoveries or inventions conceived or learned of during his employment at Javo. (*Id.*) The same counsel at Sheppard Mullin represents Corey in the arbitration and represents CEV and Corey in this litigation. There are two proceedings because, consistent with the contracts, Javo and Corey need to arbitrate their breach of contract claims—which are broader than the trade secret claims against Corey and CEV. In the district court, Javo's claims against CEV for trade secret misappropriation also involve Corey because there is a complete unity of interest and conduct between Corey and his company with respect to the offending conduct. Indeed, it was Corey's own conduct on behalf of CEV that gives rise to the trade secrets claims.

Five months after Javo initiated the arbitration, Corey unsuccessfully moved to stay it. (Trenda Decl. ¶ 5.) At the time he denied Corey's request for a stay, Judge Gandhi also set an expedient schedule that will have the breach of contract claims heard in December 2020. (Doc. No. 79-2 at 19-26 (Exs. 5 and 6); Trenda Decl. ¶¶ 5-6.) Corey never disputed the arbitrability of the claims brought by Javo and, thus, long ago

---

Decl. ¶ 9.) Consistent with the Court's Civil Chambers Rule 2(D), Javo is not resubmitting copies of documents already contained on the electronic docket.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG

submitted to the jurisdiction of the Arbitrator. Indeed, Corey is actively participating in and taking advantage of the discovery opportunities in arbitration, which include document productions, written interrogatories, requests for admission and five depositions each. (Trenda Decl. ¶ 7.)

Javo strongly disagrees with CEV and Corey's assertion that the District Court action is far more advanced than the arbitration. Both parties have responded to written discovery requests in the arbitration and have started document productions. Moreover, to promote efficiency across both actions, Javo and Corey have entered a cross-use agreement in the arbitration, and Javo, Corey and CEV are planning to file a similar agreement in this Court. Such cross-use agreement will eliminate any need to duplicate efforts.

Even if CEV and Corey were right that the District Court action is more advanced, which is not correct, this would still be immaterial because the arbitration will proceed to conclusion long before this action will. All subpoena requests for third-party discovery must be submitted to the Arbitrator by the beginning of July, all documents must be produced by August 14, 2020, close of fact discovery is August 28, 2020, and the evidentiary hearing is scheduled for December 7 – December 11, 2020. (Doc. No. 79-2 at 23–26 (Ex. 6); Trenda Decl. ¶ 6.) Judge Gandhi has stated that these dates are "firm" and the parties should proceed accordingly. (Doc. No. 79-2 at 19–22 (Ex. 5); Trenda Decl. ¶ 5.) Thus, the arbitration will conclude before even fact discovery in this case closes.

## III.   LEGAL STANDARD

To obtain a federal anti-suit injunction, a party must establish that: (1) the parties and the issues are the same, and the first action is dispositive of the action to be enjoined; (2) the foreign litigation would frustrate a policy of the forum issuing the injunction; and (3) the impact on comity would be tolerable. *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 991, 994 (9th Cir. 2006); *Applied Medical Distrib. Corp. v. Surgical Co. BV*, 587 F.3d 909, 913 (9th Cir. 2009). The anti-suit injunction standard

Cooley LLP
Attorneys At Law
San Diego

3.

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG

applies to foreign, not domestic, litigation. *See, e.g.*, *Gallo*, 446 F.3d 984, 989 (9th Cir. 2006) ("A federal district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country, although the power should be used sparingly. The issue is not one of jurisdiction, but one of comity.").

## IV. ARGUMENT

Corey and CEV's motion to enjoin the arbitration is baseless. First, the FAA requires arbitration of Javo's indisputably arbitrable breach of contract claims. Second, the authority on which CEV and Corey relies in inapposite and is contrary to the strong policy favoring arbitration. Third, even if the Ninth Circuit's standard for enjoining a foreign proceeding applied, which it does not, CEV and Corey fail to carry their burden to show any entitlement to such relief.

### A. The FAA Requires Contractual Arbitration.

The FAA "reflects an emphatic federal policy in favor of arbitration," under which "agreements to arbitrate are valid, irrevocable, and enforceable." *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 932 (9th Cir. 2013). "Under the Act, arbitration is a matter of contract, and courts **must** enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019); *see* 9 U.S.C. § 2. Accordingly, "[t]he FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *McGovern v. U.S. Bank N.A.*, 362 F. Supp. 3d 850, 856 (S.D. Cal. 2019) (J. Bencivengo) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). To the extent litigation in a district court involves arbitrable issues, upon the motion of a party "the court must stay the case" pending arbitration. *Id.* at 864; *see* 9 U.S.C. § 3.

Here, Javo's breach of contract claims against Corey under the EA and CIAA are indisputably arbitrable. Under the applicable rules, Corey was required to dispute the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG

jurisdiction of the Arbitrator or the arbitrability of any claims in its answering statement. *See* AAA Employment Rule 6(c) ("A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection."). Corey did not then, and Corey and CEV still do not dispute the arbitrability of the breach of contract claims in their brief here. (*See* Trenda Decl. ¶ 3.)[2] The FAA mandates that the arbitration continue to proceed under these circumstances.

### B.     There is No Support for an Anti-Suit Injunction Here.

Corey and CEV ask the Court to deprive Javo (and Corey) of their contractual right and duty to arbitrate the breach of contract claims stemming from Corey's employment with Javo. There is no support for Defendants' exceptional invitation for the Court to split from the absolute uniformity in precedent upholding the FAA's strong policy favoring arbitration. Not surprisingly, Defendants cannot cite a single case that would support the Court favoring district court litigation over arbitration proceedings. Instead, Defendants attempt to shoehorn their improper request within the framework of an extra-territorial anti-suit injunction. But the Arbitration is not a foreign proceeding; it is pending right here in San Diego pursuant to California substantive law and under the rules and administration of the AAA is proceeding in California, not a foreign jurisdiction. The *Gallo* test Defendants advocate simply does not apply here.[3] *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 989 (9th Cir. 2006) ("A federal district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country, although the power should be used sparingly. The issue is not one of jurisdiction, but one of comity."). All of

---

[2] In the answer, Corey's only objection is his argument that the arbitrator lacks authority to grant certain relief that Corey claims would be inconsistent with CEV's alleged ownership of the patents and patent applications. (*See* Doc. No. 80-2 at 28 (Ex. 2, Affirmative Defenses).)

[3] Defendants concede as much in their Motion. (*See, e.g.*, Mot. at 8:25-27 (anti-suit injunction "allow[s] the court to restrain a party subject to its jurisdiction from proceeding ***in a foreign court*** in circumstances that are unjust.").

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG

Defendants' cases are inapplicable for this reason. *See Oracle Am., Inc. v. Myriad Group AG,* 2012 WL 146364 (N.D. Cal. Jan. 17, 2012) (seeking anti-suit injunction of London arbitration); *Mastronardi Int'l Ltd. v. SunSelect Produce (California), Inc.*, 2020 WL 520167, at *3 (E.D. Cal. Jan. 31, 2020) (seeking anti-suit injunction of Canadian arbitration); *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012) (seeking anti-suit injunction of German court action); *Po-Hai Tang v. CS Clean Sys. AG*, No. 11-CV-00212 BEN RBB, 2011 WL 4073653, at *2 (S.D. Cal. Sept. 13, 2011) (rejecting request for anti-suit injunction of German court action); *Applied Med. Distribution Corp. v. Surgical Co. BV*, 587 F.3d 909, 913 (9th Cir. 2009) (seeking anti-suit injunction of Belgian court action); *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 855 (9th Cir. 1981) (Canadian court action).

CEV/Corey rely heavily on the application of an anti-suit injunction to the *international* arbitration in *Oracle*, but the decision does not support Defendants and is distinguishable on multiple grounds. To start, *Oracle* applied the *Gallo* anti-injunction test because the competing arbitration was filed in London, which the Court noted did not appear proper under the applicable arbitration agreement. 2012 WL 146364, at *6. Moreover, the *Oracle* court had **already** ruled that the claims that Oracle sought to enjoin in arbitration were not arbitrable. *Id.* Thus, Myriad was trying to circumvent the court's prior decision by asking a foreign arbitrator to hear claims that the district court had already ruled were non-arbitrable. The *Oracle* court thus found that "Myriad's attempt to relitigate that determination before the arbitrator is improper and wasteful," and entered an anti-suit injunction. *Id.* In doing so, the court expressly declined to enjoin a separate breach of contract claim brought in the London arbitration because, as here, that claim was not before the court. *Oracle* is inapplicable under the facts of this case, and Defendants' attempts to stretch the court's holding to apply to a domestic arbitration of breach of contract claims that Corey does not dispute are arbitrable from proceeding under the FAA only confirms the futility of their Motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG

### C. Even if the Gallo Test Were to Apply, CEV and Corey Have Not Satisfied Their Burden.

#### 1. The Issues Are Not Functionally the Same.

As to the first requirement of the *Gallo* test, the Ninth Circuit has held that the issues need not be "identical," but must be "functionally the same." *Applied Medical*, 587 F.3d at 915. Defendants summarily argue that Javo's breach of contract claims are the same as its trade secret misappropriation claims against Corey (Doc. No. 80-1 at 12:3-11.) They are not.

Javo's claims in arbitration arise from Corey's breach of his EA and CIAA that extend well beyond Corey's and CEV's tortious misappropriation of Javo's trade secrets. For example, the arbitration includes a claim based on Corey's failure to assign certain inventions to Javo. Such contractual obligation is not limited to trade secret information. Similarly, Javo's claims include Corey's breach of his confidentiality obligations. Those obligations preclude Corey from disclosing both trade secret information, but also all Javo confidential information. As the claims in arbitration involve conduct that extends beyond the claims in this case, they are not "functionally the same." Moreover, the fact that the EA and CIAA require Javo to arbitrate the breach of contract claims (rather than bring them in court), means the claims cannot be considered "functionally the same" as the claims and issues here. *See, e.g., Mastronardi Int'l Ltd. v. SunSelect Produce (California), Inc.*, 2020 WL 520167, at *6 (E.D. Cal. Jan. 31, 2020) ("Again, the issues and claims in the arbitration are not (and contractually cannot be) based on PACA. Consequently, the issues in this lawsuit and the arbitration are not 'meaningfully the same' for purposes of an anti-suit injunction."); *Applied Medical*, 587 F.3d at 915 ("[T]he crux of the functional inquiry . . . is to determine whether the issues are the same in the sense that all the issues in the foreign action fall under the forum selection clause and can be resolved in the local action.").

Indeed, if Defendants' "functionally the same" argument were correct, which it is not, the appropriate relief is a mandatory stay of this litigation, not an injunction

Cooley LLP
Attorneys At Law
San Diego

7.

Javo's Opposition to Mot. for
Anti-Suit Injunction
Case No. 19-cv-1859 CAB WVG

prohibiting the arbitration. (*See, e.g.,* Mot. at 1:27-28, 10:4-6, 11:8-11, 12:3-5 *et seq.*) The FAA provides for a ***mandatory*** stay of the District Court litigation "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration[.]" 9 U.S.C. § 3; *McGovern*, 362 F. Supp. 3d at 863 ("A motion to stay, therefore, is mandatory and must be granted as to all matters within the scope of the arbitration agreement.").

### 2. Proceeding with Arbitration is Consistent with the Policy of the Court, Not in Frustration of It.

CEV and Corey's invitation for the court to eschew uniform legal authority favoring arbitration under the FAA in favor of district court litigation frustrates the policy of the Court and Javo's contractual rights. Javo and Corey bargained for the right to arbitrate their disputes. Javo has invoked the arbitration provision to resolve its dispute with Corey in a cheaper, faster proceeding that offers more immediate finality. Defendants' contention that Javo will not be prejudiced if it loses all of the benefits that arbitration has to offer is simply wrong. (Doc. No. 80-1 at 14:6-8.)

Similarly, protecting Javo's right to arbitrate does not frustrate the policy of this Court. In arguing otherwise, CEV and Corey cite: (1) a supposed risk of forum shopping and inconsistent rulings; (2) claimed inconvenience, expense, and duplication of efforts, despite the parties' agreement to a cross-use agreement and based on their (incorrect) representation that the district court action is further along than it actually is; and (3) the fact that CEV is not a party to the arbitration. None of the assertions that Defendants make are correct, and they certainly do not support an anti-suit injunction.

*First*, Javo did not forum shop. Javo filed the breach of contract claims against Corey in arbitration because it is required under the EA/CIAA and the FAA, and because of the benefits arbitration offers. Javo filed the companion district court case because CEV is not subject to arbitration and Javo is entitled to relief from CEV as well. Indeed, CEV and Corey's forum-shopping argument is nonsensical. According to CEV and Corey, Javo seeks to proceed in arbitration in order to avoid litigating in the very

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG

court where it filed the companion case.

*Second,* the arbitration does not create the risk of inconsistent rulings. Critically, Judge Gandhi already found that ensuring that Javo (and Corey) receive their bargained-for right to efficient resolution of their contract dispute in arbitration does not risk inconsistent judgments under the current schedules.[4] (Doc. No. 79-2 at 19–22 (Ex. 5); Trenda Decl. ¶ 5.) Judge Gandhi was correct. The arbitration hearing will occur before fact discovery closes in this case, and certainly long before any decision on the merits. To the extent Defendants purport to be concerned about a "race to judgement" in the arbitration (Doc. No. 80-1 at 13:10-12), Judge Gandhi is an experienced jurist capable of ensuring a full and fair hearing. In agreeing to binding arbitration, both Javo and Corey agreed to have their contractual disputes resolved both fully and efficiently.

*Third*, the fact that CEV is not a party to the arbitration is irrelevant, as even the United States Supreme Court recognizes. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983) ("[An] arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."). CEV's lack of direct participation in the Arbitration cannot somehow extinguish Javo's (and Corey's) bargained-for right to arbitration.

Further, CEV's assertion that it is fully insulated from any decision in the arbitration is incorrect. Corey's knowledge and wrongful actions are necessarily imputed to CEV because: (1) Corey co-founded CEV and currently serves as its President, Chief Technology Officer, and Director; (2) CEV and Corey are being represented by the same counsel in both actions; and (3) Corey and CEV share the same common interest in fully litigating the claims in both actions to protect CEV's ill-gotten patents.[5]

---

[4] Judge Gandhi is a former magistrate judge from the Central District of California, who is well-qualified to administer a fair proceeding and properly apply California law to determine the contractual issues surrounding Corey's employment with Javo.
[5] Consistent with this, CEV/Corey considered moving to stay either the district court

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG

*Fourth*, the Arbitration is proceeding expeditiously and will lead to clear efficiencies for both the parties and the Court because the arbitration will resolve threshold contractual issues concerning Corey's obligations to Javo. Such threshold issues must be decided and will inform and certainly resolve claims in the district court action. Any claims of inefficiency by Defendants ignore the cross-use agreements that the parties put in place to ensure discovery will be shared across the two actions. (Trenda Decl. ¶ 8.) Regardless, even where arbitration is less efficient, or involves parties or facts that overlap with a parallel litigation, the FAA does not permit a court to interfere with the parties' right to arbitrate but instead mandates the prioritization of a party's contractual right to arbitration. *See, e.g.*, *Hofer v. Emley*, 2019 WL 4575389, at *9 (N.D. Cal. Sept. 20, 2019) ("The FAA does not permit a court to decline to enforce a valid arbitration provision, even if some claims arising from the same transaction or occurrence cannot be compelled to arbitration. Under such circumstances the FAA requires piecemeal resolution when necessary to give effect to an arbitration agreement."); *BioMagic, Inc. v. Dutch Bros. Enterprises, LLC*, 729 F. Supp. 2d 1140, 1143 (C.D. Cal. 2010) ("Under the FAA, if there's a chance of conflicting rulings in an arbitration and litigation, the court may not stay the arbitration.").

As a final point, if Defendants truly believe the "issues presented in the Litigation and Arbitration are identical in all material respects" (Mot. at 1:27-28), then this mandates a stay of this action in favor of the arbitration under 9 U.S.C. § 3. (*See supra* at Section IV.C.1.)

### 3. The Comity Consideration is Not Applicable.

As Defendants recognize, there is no impact on "comity" here. (*See* Doc. No. 80-1 at 15.) Again, this is because there is no foreign proceeding, and the *Gallo* anti-suit injunction test is inapplicable. *Gallo*, 446 F.3d 984, 989 (9th Cir. 2006) ("A federal

---

action or the arbitration, and were noncommittal (at least toward Javo) on what action CEV/Corey wanted to stay until February 20, 2020. (Trenda Decl. Ex. 4; Doc. No. 79-2 at 7-16 (Exs. 1–3).)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG

district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country . . . [t]he issue is not one of jurisdiction, but one of comity."). Rather than support the extreme remedy Defendants request, this only confirms that the Motion should be denied.

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.

Dated:     June 18, 2020                                COOLEY LLP

By: */s/ Steven M. Strauss*
    Steven M. Strauss (99153)

Attorneys for Plaintiff and Counterclaim-Defendant Javo Beverage Co., Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

JAVO'S OPPOSITION TO MOT. FOR
ANTI-SUIT INJUNCTION
CASE NO. 19-CV-1859 CAB WVG