UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA EXTRACTION VENTURES, INC.; and STEPHEN COREY,<br><br>　　　　　　　　　　Defendants. | Case No.:  19-CV-1859-CAB-WVG<br><br>**ORDER ON JOINT MOTION FOR ENTRY OF STIPULATED CROSS USE AGREEMENT** |

　　　　On June 26, 2020, the Parties filed a Joint Motion for Entry of Stipulated Cross Use Agreement ("Joint Motion") for purposes of streamlining the discovery process between this Action and related arbitration proceedings. (Doc. No. 89.) Having reviewed and considered the Parties' submission and Exhibit A in support of same, the Court hereby GRANTS the Joint Motion and makes enforceable upon issuance of this Order the Parties' proposed language as follows:

　　　　Plaintiff and Counterclaim Defendant Javo Beverage Co., Inc. ("Javo"), Defendant and Counter-Claimant California Extraction Ventures, Inc. ("CEV"), and Defendant Stephen Corey ("Corey"), by and through their respective counsel, hereby stipulate and

agree to the following cross-use agreement to apply to discovery between the parties in the above-captioned action (the "District Court Action").

PURPOSE

In addition to the District Court Action, Javo and Corey are parties to an arbitration pending before the American Arbitration Association, captioned *Javo Beverage Co., Inc. v. Stephen Corey*, Case No. 01-19-0003-2445 (the "Arbitration"). CEV is a party to the District Court Action, but is not a party to the Arbitration.

Javo, CEV, and Corey agree that certain documents and information exchanged between Javo and Corey in discovery in the Arbitration will be relevant to the District Court Action. In addition, to the extent that Javo obtains discovery from CEV in the Arbitration pursuant to a subpoena, certain documents and information will be relevant to the District Court Action. To conserve resources and avoid unnecessary duplication, Javo, CEV, and Corey have agreed to the following terms of a cross-use agreement to govern the use of documents and information produced in the Arbitration in the District Court Action. Consistent with paragraphs 9 and 22 of the Protective Order entered at Docket No. 76 in the District Court Action, and the Stipulated Protective Order entered by the Arbitrator on May 26, 2020, Javo, CEV, and Corey hereby enter into the following cross-use agreement.

DEFINITIONS

1. "Party Documents and Discovery" produced by Javo or Corey in the Arbitration shall be deemed produced and usable in the District Court Action.

2. Party Documents and Discovery from Javo or Corey in the Arbitration shall be interpreted to include:

   a. all documents and things produced by Javo or Corey during the course of discovery;

   b. any written discovery responses by Javo or Corey, such as responses to interrogatories and requests for admission, including any documents cited in responses to interrogatories;

  c. all deposition transcripts and exhibits for depositions of Javo and its witnesses or Corey and his witnesses; and

  d. all witness testimony and related exhibits (whether by live testimony or declaration) proffered or taken by Javo or Corey.

3. "CEV Documents and Discovery" obtained from CEV in the Arbitration shall be deemed produced and usable in the District Court Action.

4. CEV Documents and Discovery means any testimonial or document evidence from CEV as the result of (a) service by Javo on CEV of a subpoena in the Arbitration,[1] or (b) approval from CEV, and shall be interpreted to include:

  a. all documents and things produced by CEV during the course of discovery;

  b. all deposition transcripts and exhibits for depositions of CEV and its witnesses;

  c. all witness testimony and related exhibits (whether by live testimony or declaration) from CEV and its witnesses; and

  d. all documents and discovery in CEV's possession, custody, and control that Corey relies on in responding to discovery requests or defending the claims in the Arbitration.

5. "Third-Party Documents and Discovery" obtained from a third party to the Arbitration other than CEV shall not be deemed produced and usable in the District Court Action absent (a) service of a subpoena in the District Court Action, or (b) approval by the third party.

/ / /

/ / /

---

[1] All references herein to any subpoena in the Arbitration refer to a subpoena issued by the Arbitrator in compliance with the procedures set forth in the Arbitrator's Scheduling Order No. 1, dated April 21, 2020.

## AGREEMENT

6. Javo, CEV, and Corey agree that Party Documents and Discovery and CEV Documents and Discovery (as defined above) shall be deemed produced and usable in the District Court Action, with the same level of confidentiality preserved, and subject to the same protections set forth in the Protective Order entered in the District Court Action, and in the Stipulated Protective Order entered in the Arbitration. Javo, CEV, and Corey further agree that all objections of the originally producing party are preserved (but not necessarily agreed with), and the production and usability of Party Documents and Discovery and CEV Documents and Discovery in the District Court Action remains subject to the rights of the parties to object on any available grounds to the admissibility of such Party Documents and Discovery and CEV Documents and Discovery in the District Court Action.

7. Javo, CEV, and Corey agree that Third-Party Documents and Discovery obtained from any third party to the Arbitration shall not be deemed produced and usable in the District Court Action absent service of a subpoena in the District Court Action, or approval from the third party.

8. Javo, CEV, and Corey agree that all Party, CEV, and Third-Party Documents and Discovery shall be subject to the applicable Protective Orders in each action, and that any Party, CEV, and Third-Party Documents and Discovery clawed-back on the basis of privilege in either action shall not be considered produced and useable in either the District Court Litigation or the Arbitration.

9. Nothing herein shall prevent any party or non-party from seeking additional protection for any produced documents or information, regardless of whether it was originally produced in the District Court Litigation or the Arbitration.

**IT IS SO ORDERED.**

Dated: June 26, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge