UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA EXTRACTION VENTURES, INC.; and STEPHEN COREY, <br><br> Defendants. | Case No.: 19-CV-1859-CAB-WVG <br><br> **ORDER ON DISCOVERY DISPUTE FOLLOWING PARTIES' SUPPLEMENTAL BRIEFING** |

On July 23, 2020 Plaintiff Javo Beverage Co., Inc. ("Javo") and Defendants California Extraction Ventures, Inc. ("CEV") and Stephen Corey ("Corey") (collectively, "Parties") filed supplemental briefing on the instant discovery dispute, pursuant to the Court's July 21, 2020 Order (Doc. No. 94). (Doc. Nos. 100; 99.) On July 24, 2020, the Court convened a video discovery conference on the matter. In short, Javo seeks CEV's production of certain documents CEV agreed to produce prior to the July 6, 2020 stay on this litigation pending arbitration between Javo and Corey. (Doc. No. 92.) Javo and CEV dispute the relevance of the documents to the arbitration. Javo argues the documents are relevant to both the arbitration and this litigation because CEV and Corey cannot be disentangled from one another for purposes of assessing liability and damages, regardless

1

of forum. CEV disagrees and adds that producing any CEV-held documents in arbitration proceedings that are exclusively between Javo and Corey would be premature, overly burdensome, and costly.

As noted in Exhibits A and B in support of the Declaration of Erin Trenda relating to Javo's Supplemental Briefing, Javo propounded RFPs 1-41 on Corey and CEV on March 25, 2020 (Doc. No. 100-1 at 2, 7-75; 83-128.) Initially, Corey and CEV lodged objections but, after meeting and conferring, the dispute was resolved and Corey and CEV agreed to produce the documents on a rolling basis. Javo did not object to this process. Indeed, CEV made at least some production of documents prior to the issuance of the Court's stay. (100-1, 6-128.) To that end, Judge Bencivengo made clear the extent of the stay during the July 6, 2020 hearing on that matter, noting: "this case is stayed except for any joint requests to make – or any requests you make to Judge Gallo regarding assistance with discovery that would be helpful in the arbitration or discovery you think you want to do to have it ready when you come back from arbitration." (Doc. No. 93: 19-23.) Further, the Parties have in place an enforceable Cross Use Agreement, to which the Parties stipulated, to facilitate the exchange of discovery between the arbitration and this litigation. (Doc. No. 89.)

In the arbitration proceeding between Javo and Corey, Javo has propounded discovery which includes, in part, some of the same RFPs as propounded by Javo in this litigation. The arbitrator, Judge Jay Gandhi, has set dates for fact and expert discovery along with other pre-arbitration hearing dates. August 14, 2020 is the deadline by which all factual discovery must be completed, with all fact witness depositions to be completed by August 28, 2020. Other than its relevance objection to Javo's discovery requests, Corey also objects to production of the disputed discovery on the grounds that it needs to focus its limited resources on producing the discovery specifically sought in the arbitration as time is of the essence. CEV also contends that producing discovery now that is only relevant to this litigation is premature and may be wholly unnecessary should Corey prevail in the arbitration proceeding. In other words, CEV contends that the outcome of the arbitration could be dispositive in resolving this litigation as well. Javo contends the

opposite and posits that, regardless of the arbitration's outcome, the litigation will continue because there will be unresolved patent claims still pending. It seems even Judge Bencivengo anticipated the stay being lifted when the arbitration has concluded. ("… discovery you think you want to do to have it ready when you come back from arbitration.") (Doc. No. 93: 19-23.)

CEV was unable to provide the Court with specific data about the number of documents to be produced other than it is generally voluminous. Moreover, CEV did not contend that producing the documents would be unduly burdensome unless it was ordered to do so while simultaneously producing discovery specifically at issue in the arbitration.

Accordingly, the Court sees no reason why CEV should not meet the discovery obligation to which it committed on May 11, 2020 in supplementing its responses to Javo's RFPs. Having reviewed and considered the Parties' supplemental briefing and the arguments made at the July 24, 2020 hearing, the Court agrees with Javo and hereby GRANTS IN PART AND DENIES IN PART its Motion to (Immediately) Produce. Accordingly, the Court ORDERS CEV to produce all outstanding documents in response to Javo's RFPs, namely responses to Javo's Requests for Production of Documents ("RFPs") 1 through 41 as issued prior to the July 6, 2020 stay of this litigation, **no later than September 14, 2020**. The timing of this deadline will allow Javo and Corey to concentrate on producing the discovery specifically propounded on each other in arbitration which is now currently due no later than August 14, 2020, and when that deadline has passed, for CEV to turn its attention to the production of discovery at issue here.

In so ordering, the Court refrains from making any determination as to the applicability and use of CEV's forthcoming document production(s) to any phase of the arbitration proceedings underway. Such matters are properly reserved to the discretion of

/ / /

/ / /

/ / /

1  Judge Gandhi.

2  **IT IS SO ORDERED.**

3  Dated: July 28, 2020

Hon. William V. Gallo
United States Magistrate Judge