COOLEY LLP
Steven M. Strauss (99153) (sms@cooley.com)
Erin C. Trenda (277155) (etrenda@cooley.com)
Alexander R. Miller (294474) (amiller@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

Jeffrey Karr (186372) (jkarr@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Plaintiff and Counterclaim-Defendant
Javo Beverage Co., Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVO BEVERAGE CO., INC., | Case No. 19-cv-01859 CAB WVG |
| Plaintiff, | **JAVO'S MOTION TO SEAL FULLY-UNREDACTED ARBITRATION INTERIM AWARD** |
| v. | |
| CALIFORNIA EXTRACTION VENTURES, INC. AND STEPHEN COREY, | Ctrm.:   4C (4th Floor) |
| Defendants. | The Hon. Cathy Ann Bencivengo |
| CALIFORNIA EXTRACTION VENTURES, INC., | Complaint Filed:   September 26, 2019 |
| Counter-Claimant, | Trial Date:          TBD |
| v. | |
| JAVO BEVERAGE CO., INC., | |
| Counterclaim-Defendant. | |

# I.   INTRODUCTION

Plaintiff and Counterclaim-Defendant Javo Beverage Co., Inc. ("Javo") recently filed a Status Report on the pending arbitration captioned *Javo Beverage Co., Inc. v. Stephen Corey*, AAA Case No. 01-19-0003-2445 (the "Arbitration").  (*See* Doc. No. 114.)  The filing included a redacted copy of the Interim Award recently issued by the Arbitrator, the Hon. Jay C. Gandhi (Ret), which Javo's counsel at Cooley prepared after meeting and conferring with counsel at Sheppard Mullin.  (*See* Doc. No. 114-1.)  In identifying material for redaction in the Interim Award, Javo was selective in redacting only that information which was truly confidential under the Protective Order (Doc. No. 76), and the disclosure of which would be prejudicial to Javo's business or operations.  In comparison, Defendant Stephen Corey ("Corey") and Defendant and Counterclaimant California Extraction Ventures, Inc. ("CEV") insisted on redacting additional information that Javo does not believe rises to the level of "Confidential Information" under the Protective Order, including certain non-confidential excerpts from CEV investor communications that CEV's own witnesses referred to as "puffery."

Accordingly, Javo now seeks leave to: (1) file a sealed fully-unredacted copy of the Interim Award for the Court's reference; and (2) file a revised redacted public copy of the Interim Award that removes unnecessary redactions.  In accordance with Chambers Rule V, a courtesy copy of this Motion and the unredacted highlighted version of the Interim Award will be provided to the Court.[1]  The courtesy copy will have Javo's redacted confidential information highlighted in yellow, Corey/CEV's redacted information highlighted in blue, and redacted information produced by non-party Carmen Vertullo highlighted in green.

# II.   LEGAL STANDARD

The Interim Award addresses Corey's liability to Javo for breach of his contractual obligations of confidentiality and invention assignment, which in turn

---

[1] The parties did not reach an impasse during the meet and confer on redactions with enough time to complete the Motion to Seal process in advance of the Status Report.

impacts the disputed claims in the stayed action before the Court.  Although currently attached to Javo's Status Report at Doc. No. 114, Javo anticipates that the Interim Award (along with the Final Award once it issues) will also be included as a part of future dispositive motion briefing once the stay is lifted.[2]  As a result, Javo sets forth both the "dispositive" and "nondispositive" standards for the Court's consideration of this Motion to Seal.

Motions can be "dispositive" or "nondispositive" depending on whether they are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  Requests to seal documents attached to non-dispositive motions need only meet the "good cause" showing under Federal Rule of Civil Procedure 26(c).  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Requests to seal documents attached to dispositive motions must show "compelling reasons" for doing so.  *Id.*  "Compelling reasons" to seal court records exist where they would "release trade secrets."  *Id.* at 1179.  "Compelling reasons" to seal court records also exist where they would release "confidential business information" or "information subject to confidentiality agreements." *Compal Elecs., Inc. v. Apple Inc.*, No. 17-cv-00108-GPC-MDD, 2017 WL 11423604, at *2 (S.D. Cal. Sept. 5, 2017); *see also Ctr. for Auto Safety*, 809 F.3d at 1097 (compelling reasons to seal include "business information that might harm a litigant's competitive standing"); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC-MDD, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019) (compelling reasons existed to seal "trade secrets, proprietary business records, discussions of internal strategy, company dealings, and materials designated as 'Highly Confidential'"); *XIFIN, Inc. v. Firefly Diagnostics, Inc.*, No. 17-cv-00742-BEN-KSC, 2018 WL 1244781, at *2 (S.D. Cal. Mar. 9, 2018) (compelling reasons existed to seal "commercially sensitive business information"); *In re BofI Holding, Inc. S'holder Litig.*, No. 15-cv-02722-GPC-KSC, 2017 WL 784118, at *21

---

[2] Javo respectfully submits that the Court's stay of this action should remain in place until the Arbitration is fully completed and there is a Final Award.

(S.D. Cal. Mar. 1, 2017) (compelling reasons to seal exist where disclosure "runs the risk of harming [a party's] competitive standing").

The decision to seal documents is ultimately "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

### III.   COMPELLING REASONS EXIST TO SEAL JAVO'S CONFIDENTIAL BUSINESS AND TRADE SECRET INFORMATION.

The Interim Award is dispositive on the issue of Corey's liability to Javo for beach of his contractual obligations of confidentiality and invention assignment. The Arbitrator found that "Javo has met its burden to prove that Corey improperly used Javo's proprietary information for the benefit of CEV," that "Corey disclosed Javo's proprietary process in his '497 patent application and related patents," and "that Corey breached his obligations under the CIAA by assigning the patents and claims relating to Javo's proprietary process to CEV." (Doc. No. 114-1 at 27, 29, 31.) The Arbitrator thus ruled that "Javo met its burden, by a preponderance, on its claims of breach of contract with respect to Corey's use and disclosure of Javo's proprietary process." (Doc. No. 114-1 at 35.) Given the Arbitrator's findings, the Interim Award is much more than "tangentially related to the underlying cause[s] of action" here for trade secret misappropriation, tortious interference, declaration of patent ownership and the patent infringement counterclaims. *See Ctr. for Auto Safety*, 809 F.3d at 1099.

Consistent with the Court's prior orders granting Javo's motions to seal (*see* Doc. Nos. 16, 43, 50), compelling reasons exist to seal certain of Javo's confidential business and trade secret information in the Interim Award because such information has properly been designated as Confidential and Outside Attorneys' Eyes Only, and the specific excerpts redacted by Javo disclose sensitive proprietary and/or commercial information, the public disclosure of which would cause Javo irreparable harm. Specifically, as the Arbitrator recently confirmed, both the steps of Javo's proprietary extraction process individually and the process as a whole are proprietary and

confidential.  (*See* Doc. No. 114-1 at 21-25.)  Additionally, Javo's confidential business information, including its financial performance and the valuation assigned by competitive buyers during Javo's efforts to sell the company, should continue be sealed because it is not in the public domain and would harm Javo's competitive standing if known.  (*See, e.g.*, Anderson Decl. ISO Mot. to Seal at Doc. No. 12-1 at 2.)  During the meet and confer process, Corey/CEV did not dispute that Javo's confidential information in the Interim Award has been properly redacted.  Thus, compelling reasons exist to seal this information, and the yellow highlighted portions of the Interim Award should remain redacted in any future public version.  *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("compelling reasons" existed to seal confidential commercial and trade secret information regarding "pricing terms, royalty rates, and guaranteed minimum payment terms" from license agreement); *Kamakana*, 447 F.3d at 1179 (protecting trade secrets generally constitutes "compelling reasons" for sealing); *Fed. Trade Comm'n v. DIRECTV, Inc.*, 2016 WL 5339797, at *2 (N.D. Cal. Sept. 23, 2016) (granting motion to seal "sensitive business information regarding . . . Defendant's development strategy and operations.").

## IV.   CERTAIN INFORMATION REDACTED ON BEHALF OF COREY/CEV AND THIRD PARTIES SHOULD NOT BE SEALED.

Javo does not object to the majority of the Green Highlighted information in the Interim Award remaining redacted, or the Blue Highlighted information to the extent Corey/CEV meet their burden to seal it.  But absent a showing otherwise by Corey/CEV, Javo calls the Court's attention to two categories of information that do not rise to the level of Confidential Information under the Protective Order, and is not otherwise appropriately sealed here.

First, Corey/CEV insisted that Javo redact various short, generic snippets from CEV communications with potential investors and/or investor materials that do not identify any specific investors, and in themselves do not contain any sensitive business information.  (*See* Red Brackets calling out the Blue Highlights in Interim Award at 12-

13, 25-27.)  At his deposition, Corey/CEV's own witness Kurt Toneys characterized this material as "puffery," and both his testimony and the documents reflect that most prospective investors were not under NDA.  This information would not "be prejudicial to the business or operations" of Corey/CEV if disclosed, let alone rise to the level of confidential information.  And the repeated statements by Corey/CEV that they tried to dismiss as "puffery" are essential to understanding the basis of the Interim Award. Accordingly, these excerpts are not properly designated as Confidential or Attorneys' Eyes Only under the Protective Order, and should be filed publicly.  (*See* Doc. No. 76 at ¶ 6(a) ("Any Producing Party may designate Confidential Information as 'CONFIDENTIAL' only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such Confidential Information could be potentially prejudicial to the business or operations of such party.").)

Second, while Javo believes that the majority of the Green Highlighted information produced by Javo's former vessel manufacturer Carmen Vertullo should remain redacted because it contains technical information from Javo or Corey/CEV of the type that the Court has sealed previously, other excerpts from information produced by Vertullo do not rise to the level of confidential information.  Specifically, the communications between Corey and Vertullo referenced on pages 25 and 31 of the Interim Award were included in productions made by Vertullo that were globally-designated as "Highly Confidential – Outside Attorneys' Eyes Only," but they merely reference Corey's work for ***Javo***, and were made by Corey at a time when Corey/CEV did not even have an NDA with Vertullo.  (*See* Red Brackets calling out the Green Highlights in Interim Award at 25 and 31.)  Javo is the only one with an actual claim to confidentiality over this type of information, and Javo does not believe it rises to a level justifying redaction.  Instead, these excerpts are key to understanding the Interim Award, and it would not "be prejudicial to the business or operations" of any party or non-party if this information were disclosed.  Accordingly, they should be filed publicly.

# V.   CONCLUSION

For the reasons set forth above, Javo respectfully requests that the Court seal and accept a fully-unredacted copy of the Interim Award for its own review and reference. Javo requests that the yellow highlighted portions of the Interim Award lodged with the Court be filed under seal and remain redacted on the public copy of the document. Javo does not object to the majority of the Green Highlighted information in the Interim Award being redacted, as it was designated by a non-party, and some of the material reflects Javo's confidential information that Corey disclosed to the non-party. To the extent the Court believes Corey/CEV have met their burden to justify sealing the Blue Highlighted information throughout the Interim Award, Javo also does not object to it remaining redacted. But absent a showing otherwise by Corey/CEV, Javo believes that the language identified with Red Brackets on the Blue Highlighted portions of pages 12-13 and 25-27 and the Green Highlighted portions of pages 25 and 31 of the Interim Award should be filed publicly, as the information contained therein does not rise to the level of Confidential Information under the Protective Order, and is not otherwise appropriately sealed here.

Dated:    July 21, 2021                COOLEY LLP

                                       By: /s/ Steven M. Strauss
                                           Steven M. Strauss (99153)

                                       Attorneys for Plaintiff and Counterclaim-
                                       Defendant Javo Beverage Co., Inc.

253712606